1 | JAMES C. STURDEVANT, State Bar No. 94551
(jsturdevant@sturdevantlaw.com)
2 | MONIQUE OLIVIER, State Bar No. 190385
(molivier@sturdevantlaw.com)
3 | WHITNEY B. HUSTON, State Bar No. 234863
(whuston@sturdevantlaw.com)
4 | THE STURDEVANT LAW FIRM
A Professional Corporation
5 | 475 Sansome Street, Suite 1750
San Francisco, California  94111
6 | Telephone:    (415) 477-2410
Facsimile:     (415) 477-2420
7 |
8 | ROBERT C. LAMAR (*Pro Hac Vice* application pending)
DAVID W. DAVENPORT (*Pro Hac Vice* application pending)
LAMAR ARCHER & COFRIN, LLP
9 | 50 Hurt Plaza, Suite 900
Atlanta, GA 30303
10 | Telephone:    (404) 577-1777
Facsimile:     (404) 577-9490
11 |
JOHN W. CRONGEYER, M.D. (*Pro Hac Vice* application pending)
12 | BRYAN A. VROON (*Pro Hac Vice* application pending)
VROON & CRONGEYER, LLP
13 | 1718 Peachtree Street, Suite 1088
Atlanta, GA 30309
14 | Telephone:    (404) 607-6710
Facsimile:     (404) 607-6711
15 |
16 | Attorneys for Plaintiff

17 | **IN THE UNITED STATES DISTRICT COURT**

18 | **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

19 | **SAN FRANCISCO/OAKLAND DIVISION**

20 |

21 | CITY OF OAKLAND, CALIFORNIA,

22 |           Plaintiff,          Case No.: C 07 3432 SBA

23 |           v.                  **COMPLAINT**

24 | HOTELS.COM, L.P.; HOTELS.COM GP, LLC; TRIP     **DEMAND FOR JURY TRIAL**
NETWORK, INC. (d/b/a CHEAP TICKETS, INC.);
25 | TRAVELPORT, INC. (f/k/a CENDANT TRAVEL
DISTRIBUTION SERVICES GROUP INC.);
26 | EXPEDIA, INC.; INTERNETWORK PUBLISHING
CORP. (d/b/a/ LODGING. COM); LOWEST
27 | FARE.COM INCORPORATED; MAUPINTOUR
HOLDING, LLC; ORBITZ, INC.; ORBITZ, LLC;
28 | PRICELINE.COM, INCORPORATED; SABRE

1

COMPLAINT

1  HOLDINGS CORPORATION; SITE 59.COM, LLC;
   TRAVELOCITY.COM, INC.;
2  TRAVELOCITY.COM, LP; TRAVELWEBLLC;
   TRAVELNOW.COM, INC. and DOES 1 THROUGH
3  1000, INCLUSIVE,

4              Defendants.

## INTRODUCTION

Plaintiff brings this action to remedy violations of state law in connection with Defendants' misconduct in the failure to collect and/or remit taxes to the City of Oakland and other political subdivisions of the City of Oakland.

## PARTIES

Plaintiff City of Oakland, California (hereafter "Oakland") is a municipal corporation.

1.      Defendant Hotels.Com, L.P. is a Delaware limited partnership with its principal place of business in Dallas, Texas.

2.      Defendant Hotels.Com GP, LLC is a Texas corporation with its principal place of business in Dallas, Texas.

3.      Defendant Trip Network, Inc. (d/b/a Cheap Tickets, Inc.) is a Delaware corporation with its principal place of business in Parsippany, New Jersey.

4.      Defendant Travelport, Inc. (f/k/a Cendant Travel Distribution Services Group Inc.) is a Delaware corporation with its principal place of business in Parsippany, New Jersey.

5.      Defendant Expedia, Inc. is a Washington corporation with its principal place of business in Bellevue, Washington.

6.      Defendant Internetwork Publishing Corp. (d/b/a Lodging.com) is a Florida corporation with its principal place of business in Boca Raton, Florida.

7.      Defendant Lowestfare.com Incorporated is a Delaware corporation with its principal place of business in Norwalk, Connecticut.

8.      Defendant Maupintour Holding, LLC is a Nevada corporation with its principal place of business in Las Vegas, Nevada.

9.      Defendant Orbitz, Inc. is a Delaware corporation with its principal place of business

1 in Chicago, Illinois.

2  10. Defendant Orbitz, LLC is a Delaware corporation with its principal place of business

3 in Chicago, Illinois.

4  11. Defendant Priceline.com Incorporated is a Delaware corporation with its principal

5 place of business in Norwalk, Connecticut.

6  12. Sabre Holdings Corporation is a Delaware corporation with its principal place of

7 business in Southlake, Texas.

8  13. Defendant Site59.com, LLC is a Delaware corporation with its principal place of

9 business in New York, New York.

10  14. Defendant Travelocity.com, Inc. is a Delaware corporation with its principal place of

11 business in Texas.

12  15. Defendant Travelocity.com, LP is a Delaware partnership with its principal place of

13 business in Texas.

14  16. Defendant TravelwebLLC is a Delaware corporation with its principal place of

15 business in Dallas, Texas.

16  17. Defendant, Travelnow.com, Inc. is a Delaware corporation with its principal place of

17 business in Springfield, Missouri.

18  18. The true names and capacities, whether individual, corporate, associate or otherwise,

19 of each of the Defendants designated herein as a DOE are unknown to Plaintiff at this time and

20 therefore said Defendants are sued by such fictitious names. Plaintiff will ask leave of the Court

21 to amend this Complaint to show their true names and capacities when the same have been

22 ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants

23 designated herein as a DOE is legally responsible in some manner and liable for the events and

24 happenings herein alleged and in such manner, proximately caused damages to Plaintiff as

25 hereinafter further alleged.

26  19. Plaintiff is informed and believes, and thereon alleges, that some of the Defendants,

27 including some or all DOE defendants, at all times herein mentioned, were acting as the agent,

28 servant and employee of some or all of the other Defendants and within the scope of said agency

1   and employment (collectively the "Agent Defendants"). Plaintiff is further informed and

2   believes, and thereon alleges, that at the time and place of the matters described, each of the

3   Agent Defendants, their agents, servants and/or employees became liable to Plaintiff for one or

4   more of the reasons described herein.

**JURISDICTION AND VENUE**

6   20.   All Defendants regularly transact business within the State of California and the

7   claims asserted herein arise from their business conducted within this State. Defendants are thus

8   subject to the jurisdiction of this Court.

9   21.   This Court possesses subject matter jurisdiction of the claims asserted herein Pursuant

10  to 28 U.S.C. §1332 in that there is complete diversity of citizenship between Plaintiff and

11  Defendants and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest

12  and costs.

13  22.   Venue is proper in this Court pursuant to U.S.C. §1391.

**INTRADISTRICT ASSIGNMENT**

15  23.   Pursuant to Local Rules 3-5(b) and 3-2(c) this action should be assigned to the San

16  Francisco/Oakland Division based on plaintiff's location in the County of Alameda.

**FACTUAL ALLEGATIONS**

18  24.   Defendants, each of them, are online sellers and/or online resellers of hotel rooms to

19  the general public. Defendants sold and/or provided hotel rooms to the public, but failed to pay

20  taxes due and owing to the Plaintiff on these transactions.

21  25.   Plaintiff's "Transient Occupancy Tax" Ordinance requires Defendants to collect and

22  remit taxes on behalf of the city. Oakland Uniform Transient Occupancy Tax Chapter 4.24 (said

23  taxes hereinafter referred to as "Transient Taxes"). For the privilege of occupancy of any hotel,

24  each transient is subject to and shall pay a tax in the amount of eleven (11) percent of the rent

25  charged by the operator. Chapter 4.24.030. Each Operator shall collect the tax imposed by this

26  chapter to the same extent and at the same time as the rent is collected from every transient.

27  Chapter 4.24.050. Each Operator who received over five thousand dollars ($5,000.00) in gross

28  receipts shall make a return to the Business Tax Division of the total rents charged and submit

4

COMPLAINT

the amount of tax collected for transient occupancies. Each Operator who received under five thousand dollars ($5,000.00) in gross receipts shall make a return to the Business Tax Division of the total rents collected and its amount of tax collected for transient occupancies. Chapter 4.24.070.

26.    The amount of the transient occupancy tax is correctly calculated as a percentage of the price each consumer occupant pays each Defendant operator for a hotel room. That is the amount each Defendant is required to remit to Plaintiff.

27.    Defendants are liable to the Plaintiff for said Transient Taxes whether they charge and collect said taxes from the ultimate occupier of the hotel rooms or not. In addition to the rental price of the hotel rooms, all occupants (except for enumerated exceptions) are also required to pay a tax. Said Transient Tax constitutes "a debt owed by the transient to the city which is extinguished only by payment to the operator of the hotel at the time the rent is paid." Chapter 4.24.030.

28.    Defendants are charging and collecting Transient Taxes from consumers that are not being remitted to the City of Oakland. The tax is paid by the consumer occupants to Defendants and collected on behalf of Plaintiff by the Defendants.

29.    Defendants contract with hotels for rooms at negotiated discounted room rates. Defendants then mark up their inventory of rooms and sell the rooms to members of the public, who actually occupy the rooms. Defendants charge and "actually collect" taxes from occupants based on the marked up room rates, but Plaintiff only receives tax amounts based on the lower, negotiated room rates. Each Defendant then pockets the difference.

30.    For example, if a consumer pays Expedia.com $100.00 for a room in a hotel located in Oakland, California, Expedia.com calculates the tax rate the consumer pays on that "gross" amount ($100.00). Expedia.com, however, obtains that room at a lower "net" rate, for instance, $60.00. The amount of tax due is 11% of $100, which is $11.00. However, the amount of Transient Tax remitted to the City of Oakland has been based on the lower "net" rate. In this example, the City of Oakland would only receive $6.60 (11% of $60.00), an underpayment of the tax liability by $4.40. Thus, in this single example transaction, the City of Oakland's

1  collected tax would be 40% less than the collected and the proper Transient Tax.

2      31.     Defendants failed to collect and/or remit the Transient Taxes due and owing to the

3  Plaintiff.

4      32.     Defendants' business practices include charging the general public a "taxes and

5  services" fee on the sale of each hotel room.  The general public is led to believe Defendants are

6  remitting the correct amount of Transient Tax to the Plaintiff.  Defendants, however, are

7  calculating the tax liability of the general public (and Defendants) based upon the price

8  Defendants paid the hotel for the room, not upon the price the general public paid Defendants.

9  As a result, the Transient Tax liabilities paid by the general public and owed to Plaintiff are

10  underpaid/unpaid by the Defendants and Defendants unlawfully pocket the difference, which

11  deprives the Plaintiff the amount due and owing to it from the sale of each hotel room.  In short,

12  Defendants collect a greater amount in Transient Taxes from the general public than is remitted

13  to the Plaintiff.

14      33.     In addition to failing to properly pay collected taxes, Defendants do not delineate to

15  the general public the amounts being paid for each specific tax and the amounts, if any, being

16  paid separately as "service fees."  Defendants require that the hotels not reveal to the general

17  public what Defendants paid for the hotel room.  Likewise, the hotels do not know what the

18  general public paid Defendants for the hotel room.

19  <u>**FIRST CAUSE OF ACTION FOR DAMAGES**</u>
**(Violation of the City of Oakland's Transient Tax Ordinance**

20  **on Rooms, Lodgings, and Accommodations)**

21      34.     Plaintiff incorporates each of the above allegations by reference as if fully rewritten

22  herein.

23  ***Failure to Collect and/or Remit Taxes***

24      35.     Plaintiff is authorized to levy certain Transient Taxes and to pursue the collection of

25  such taxes pursuant to Chapter 4.24.

26      36.     Chapter 4.24.030 of the City of Oakland Ordinances imposes a tax of "eleven percent

27  of the rent charged by the operator.  Said tax constitutes a debt owed by the transient to the

28  city..."

6
COMPLAINT

1    37.    Chapter 4.24.020 defines "Room rental" as "the total charge made by a hotel …for

2  sleeping or overnight accommodations space furnished to a transient…If the charge made by

3  such hotel to any transient includes a charge in addition to that for such occupancy or right to the

4  use of such space for sleeping or overnight accommodations, then that portion of the total charge

5  that represents only the sleeping or overnight accommodations shall be distinctly set out and

6  billed to the transient as a separate item."

7    38.    Chapter 4.24.050 further provides that "Each operator shall collect the tax imposed by

8  this chapter to the same extent and at the same time as the rent is collected from every transient.

9  The amount of tax shall be separately stated from the amount of the rent charged, and each

10  transient shall receive a receipt for payment from the operator.  No operator of a hotel shall

11  advertise or state in any manner, whether directly or indirectly, that the tax or any part thereof

12  will be assumed or absorbed by the operator, or that it will not be added to the rent or that, if

13  added, any part will be refunded except in the manner hereinafter provided."

14    39.    Chapter 4.24.080 provides for penalties and interest for failure to remit the tax.

15  Specifically, Chapter 4.24.080 provides, (A) Original Delinquency. Any operator who fails to

16  remit any tax imposed by this chapter within the time required shall pay a penalty of twenty-five

17  (25) percent of the amount of the tax in addition to the amount of the tax; (B) Fraud. If the Tax

18  Administrator determines that the nonpayment of any remittance due under this chapter is due to

19  fraud, a penalty of fifty (50) percent of the amount of tax shall be added thereto in addition to the

20  penalties stated in subsection A of this section; (C) Interest.  In addition to the penalties imposed,

21  any operator who fails to remit any tax imposed by this chapter shall pay interest at the rate of

22  one percent per month or fraction thereof on the amount of the tax, inclusive of penalties, from

23  the date on which the remittance first became delinquent until paid; (D) Penalties Merged with

24  Tax.  Every Penalty imposed and such interest accrues under the provisions of this section shall

25  become a part of the tax herein required to be paid.

26    40.    Defendants have failed to collect and remit to Plaintiff the amounts due and owing to

27  it. Pursuant to Chapter 4.24.080 of the City of Oakland's Transient Occupancy Tax Ordinance,

28  Plaintiff is entitled to collect from Defendants the Transient Taxes owed and penalties and

1   interest to be determined by and in accordance with this city ordinance.

2   ***Failure to properly identify and categorize taxes being paid***

3      41.    Defendants have further violated the City of Oakland ordinances by failing to

4   properly identify, categorize, and quantify the taxes actually due and/or being paid by the

5   occupant during hotel purchasing transactions. Chapter 4.24.050 further provides that "Each

6   operator shall collect the tax imposed by this chapter to the same extent and at the same time as

7   the rent is collected from every transient. The amount of tax shall be separately stated from the

8   amount of the rent charged, and each transient shall receive a receipt for payment from the

9   operator. No operator of a hotel shall advertise or state in any manner, whether directly or

10  indirectly, that the tax or any part thereof will be assumed or absorbed by the operator, or that it

11  will not be added to the rent or that, if added, any part will be refunded except in the manner

12  hereinafter provided."

13     42.    In direct violation of this City of Oakland Ordinance, Defendants do not break down

14  the taxes being paid by category. Instead, Defendants charge the consumer un-itemized "taxes

15  and service fees" and the like. Such practices obscure the intended transparency of the taxes

16  being paid by consumers and have allowed Defendants to hide the discrepancy between the taxes

17  being paid and those actually being remitted to the City of Oakland. By failing to provide an

18  accounting of the taxes actually being paid, Defendants have attempted to evade and defraud the

19  City of Oakland. Such attempts to evade and defraud entitle Plaintiff to additional penalties and

20  interest, above and beyond the amount of the tax deficiency.

21  ***Failure to remit "excess taxes" to the extent any such "excess taxes" have been collected***

22     43.    Defendants have further violated the City of Oakland Ordinance by making

23  only partial payments of the taxes owed to Plaintiff.

24     44.    While Defendants have publicly attempted to justify remitting a reduced

25  amount of taxes based upon the wholesale rates they pay for hotel rooms, their practices

26  are in clear violation of the City of Oakland Ordinance. The City of Oakland Ordinance

27  expressly requires that taxes be paid based upon "the total rents charged" and "submit the

28  amount of tax collected for transient occupancies." Chapter 4.24.070.

## SECOND CAUSE OF ACTION FOR RESTITUTION AND INJUNCTIVE RELIEF
### (Violation of California Business and Professions Code §§ 17200, *et seq.*)

45.     Plaintiff incorporates each of the above allegations by reference as if set forth herein at length.

46.     California's Unfair Competition Law, Business and Professions Code §§ 17200 *et seq.*, ("UCL"), defines unfair competition to include any unlawful, unfair or fraudulent business act or practice.  The UCL provides that a Court may order injunctive relief and restitution as remedies for any violation of the UCL.

47.     The business acts and practices of Defendants, as herein and hereinafter described constitute an unlawful business practice in violation of the UCL for the reasons set forth below, without limitation:

   a.   The acts and practices violate Chapter 4.24.080 of the City of Oakland's Transient Occupancy Tax Ordinance for the reasons set forth in the First Cause of Action.

   b.   The acts and practices violate Chapter 4.24.050 of the City of Oakland's Transient Occupancy Tax Ordinance for the reasons set forth in the First Cause of Action.

   c.   The acts and practices violate Chapter 4.24.070 of the City of Oakland's Transient Occupancy Tax Ordinance for the reasons set forth in the First Cause of Action.

48.     The business acts and practices of Defendants as described herein constitute a fraudulent business practice in violation of the UCL in that such acts and practices are intended, and likely, to deceive Oakland as to its legal rights with respect to the payment of transient taxes.

49.     In addition, the business acts and practices of Defendants as described herein also constitute an unfair business practice in violation of the UCL in that such acts and practices are substantially injurious to Oakland.

50.     Pursuant to California Business and Professions Code section 17203, Plaintiff seeks to enjoin these acts and practices and to obtain restitution of all funds seized from Plaintiff by reason of and through the use of such unlawful, unfair and fraudulent acts and practices. Pursuant to California Business and Professions Code section 17203, Plaintiff hereby requests preliminary and permanent injunctive relief prohibiting such practices in the future, and such

other orders as may be necessary to restore Oakland any money which it has been deprived of by means of such unlawful, unfair and fraudulent business practices, and to disgorge all profits Defendants have earned thereby.

### THIRD CAUSE OF ACTION FOR DAMAGES AND PUNITIVE DAMAGES
#### (Conversion)

51.    Plaintiff incorporates each of the above allegations by reference as if fully rewritten herein.

52.    At all times alleged herein, Plaintiff was and is the sole rightful owners of the taxes due and owing to it under the City of Oakland Transient Tax Ordinances, related code sections, subsections, and city ordinances promulgated thereunder.

53.    At all times alleged herein, the monies due and owing to Plaintiff were in the possession and under the control of Defendants.  Defendants have taken these monies for their own use and benefit, thereby permanently depriving Plaintiff of the use and benefit thereof.

54.    At all times alleged herein, Defendants acted willfully, wantonly, with oppression, and with a conscious disregard of the rights of Plaintiff, such that Plaintiff requests that the trier of fact, in the exercise of sounds discretion, award Plaintiff additional damages for the sake of example and in sufficient amount to punish Defendants for their conduct.

55.    As a direct and proximate result of defendants' conduct, Plaintiff has, and will continue to, suffer damage in an amount to be determined according to proof at the time of trial.

### FOURTH CAUSE OF ACTION FOR DISGORGEMENT
#### (Unjust Enrichment)

56.    Plaintiff incorporates each of the above allegations by reference as if fully rewritten herein.

57.    By collecting taxes on the basis and upon the representation that said taxes are required by and for the benefit of Plaintiff but not remitting same to Plaintiff, Defendants have been unjustly enriched.  Under the principles of equity, Defendants must be disgorged of said collected but un-remitted taxes and said taxes paid to Plaintiff.

## FIFTH CAUSE OF ACTION
### (Imposition of a Constructive Trust)

58.    Plaintiff incorporates each of the above allegations by reference as if fully rewritten herein.

59.    At all times alleged herein, Plaintiff's monies were in the possession and under the control of Defendants.  Defendants have taken this property for their own use and benefit, thereby depriving Plaintiff of the use and benefit thereof.  Plaintiff has been damaged by its failure to receive the monies.

60.    By virtue of Defendants' actions, Defendants hold these funds as constructive trustee for the benefit of the Plaintiff.  Plaintiff requests an order that Defendants be directed to give possession thereof to the Plaintiff.

## SIXTH CAUSE OF ACTION
### (Declaratory Judgment)

61.    Plaintiff incorporates each of the above allegations by reference as if fully rewritten herein.

62.    Defendants engaged in deceptive, unfair, unlawful, and fraudulent business acts and practices, by failing to remit taxes due and owing to the Plaintiff and by creating the likelihood of confusion and misunderstanding by unlawfully failing to identify and categorize the specific taxes being collected and paid.

63.    Plaintiff seeks a declaratory judgment against all Defendants finding Defendants' business practices unlawful and deceptive in violation of California laws.

64.    Further, Plaintiff seeks a declaratory judgment from the Court asking it to declare the rights and obligations of the Defendants with respect to the Plaintiff relating to their tax obligations under the California Code Sections cited herein and under related city ordinances.

65.    A justiciable controversy is stated herein concerning hotel and motel tax liability.

66.    Such a declaratory judgment is proper under California law and 28 U.S.C. §2201.

///

///

COMPLAINT

**PRAYERS FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following judgment in its favor against Defendants:

    i.    For judgment against Defendants and in favor of Plaintiff on all claims asserted in this Complaint;

    ii.    For disgorgement and restitution plus interest due thereon at the legal rate and/or as established by the City of Oakland's Transient Taxes;

    iii.    For declaratory judgment determining Defendants' business practices to be illegal, deceptive, unfair, and unlawful business practices;

    iv.    For injunctive relief requiring Defendants' future compliance with the Transient Tax laws.  Specifically, Plaintiff requests that the Court enjoin Defendants from further, future violations of the applicable Transient Tax laws and that Defendants be ordered to: (1) collect said taxes from the public to whom they sell rooms; (2) identify, categorize and quantify to the City of Oakland the taxes due and being paid (3) and remit the taxes due to Plaintiff

    v.    For costs of suit incurred herein:

    vi.    For prejudgment interest to the extent allowed by law;

    vii.    For penalties as allowed by law; and

    viii.    For such other and further relief as this Court may deem appropriate.

Dated: June 29, 2007

                              THE STURDEVANT LAW FIRM
                              A Professional Corporation

                              LAMAR, ARCHER, & COFRIN, LLP

                              VROON & CRONGEYER, LLP

                              By: _____
                                    James C. Sturdevant
                                    Attorneys for Plaintiff

COMPLAINT