# Exhibit A

ORIGINAL FILED
JUL 2 7 2007
LOS ANGELES
SUPERIOR COURT

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| TRANSIENT OCCUPANCY TAX CASES<br><br>Included Actions:<br><br>*City of Los Angeles, California v. Hotels.com, L.P.*,<br>Los Angeles Superior Court,<br>Case No. BC 326693<br><br>*City of San Diego, California v. Hotels.com, L.P.*,<br>San Diego Superior Court,<br>Case No. GIC 861117 | Judicial Council Coordination Proceeding No. 4472<br><br>OPINION AND ORDER ON DEFENDANTS': (1) DEMURRER TO PLAINTIFF CITY OF LOS ANGELES' THIRD AMENDED COMPLAINT; AND (2) MOTION TO STRIKE CLASS ALLEGATIONS FROM THIRD AMENDED COMPLAINT |

On June 11, 2007, Defendants'[1] Demurrer to Plaintiff City of Los Angeles' Third Amended Complaint and Motion to Strike the Class Allegations from Plaintiff's Third Amended Complaint came on hearing before this court. This court has considered all of the briefs, objections and arguments presented on behalf of Plaintiff and Defendants. For the reasons stated in the following Opinion and Order, Defendants' Demurrer to Plaintiff City of Los Angeles' Third Amended Complaint is sustained with leave to amend. The case is stayed until such time as the City notifies the court that it has exhausted available

---

[1] The fifteen Defendants are: Priceline.com Inc.; Travelweb LLC; Lowestfare.com Inc.; Expedia, Inc.; Hotwire, Inc.; Travelnow.com; Hotels.com, L.P.; Hotels.com GP, LLC; Travelocity.com, L.P.; Travelocity.com, Inc.; Site59.com, Inc.; Orbitz, Inc.; Orbitz, LLC; Trip Network, Inc. (d/b/a Cheaptickets.com); and Internetwork Publishing Corp. (d/b/a lodging.com).

1

administrative remedies with respect to the taxes sought by way of this lawsuit. At that time, the court will set a date by which an amended complaint may be filed. Defendants' Motion to Strike Class Allegations from Plaintiff's Third Amended Complaint therefore is moot.

## I. FACTUAL AND PROCEDURAL SUMMARY

In 1963, the California State Legislature enacted a statute permitting California cities and counties to levy a tax on a hotel guest (or "transient") for the privilege of occupying a hotel room in the city or county. (See Cal. Rev. & Tax Code section 7280(a).[2]) In 1964, Plaintiff City of Los Angeles exercised this right conferred by the Legislature and enacted a transient occupancy tax ordinance. (See Los Angeles Municipal Code ("Municipal Code") §§ 21.7.1 – 21.7.13.[3])

In this action, Plaintiff City of Los Angeles ("City") alleges that the fifteen defendants (eleven online travel companies (or "OTC Defendants") and four of those companies' corporate parents or subsidiaries ("non-OTC Defendants")) owe back occupancy taxes to the City. The City asserts that the OTC Defendants act as agents to hotels conducting business in the City. (See Third Amended Complaint (TAC), ¶¶25, 28.)

---

[2] Section 7280 provides in relevant part: "(a) The legislative body of any city, county, or city and county may levy a tax on the privilege of occupying a room or rooms, or other living space, in a hotel, inn, tourist home or house, motel, or other lodging unless the occupancy is for a period of more than 30 days...."

[3] Specifically, Section 21.7.3 [Tax Imposed] of the Municipal Code provides in relevant part:
    For the privilege of occupancy in any hotel, each transient is subject to and shall pay a tax in the amount of four percent (4%) of the rent charged by the operator on or after August 1, 1964, to and including October 31, 1967...." This Section then outlines tax percentages that incrementally increase for different time periods. The Section continues by stating that "[s]aid tax constitutes a debt owed by the transient to the City which is extinguished by the payment to the operator or to the City. The transient shall pay the tax to the operator of the hotel at the time the rent is paid...."

As such, the City alleges that the OTC Defendants have a duty to collect and remit transient occupancy taxes to the City. (*Id.; see* Opposition Brief, p. 2.)

The City alleges that the OTC Defendants contract with local hotels for the right to purchase rooms at a discounted "wholesale" price, and sell the rooms to the public at a marked-up "retail" price, plus a surcharge for "tax recovery charges and fees." (TAC, ¶22.) The City alleges that the OTC Defendants collect occupancy taxes based on the higher "retail" price, but then remit to the hotels (who in turn pay the taxing authority) occupancy taxes based on the lower "wholesale" price. (See TAC, ¶23; see also Reporter's Transcript of June 11, 2007 Hearing, pp. 3-6.) The City alleges that the OTC Defendants owe the City transient occupancy taxes based on the price differential.

The Third Amended Complaint alleges seven causes of action for: (1) violation of transient occupancy tax ordinances; (2) violation of Business & Professions Code section 17200; (3) conversion; (4) violation of Civil Code section 2223; (5) violation of Civil Code section 2224; (6) imposition of constructive trust; and (7) declaratory judgment.

The City also purports to represent a class comprised of "[a]ll California cities with a transient occupancy tax ordinance in which the Defendants have sold or booked a hotel room located in that city prior to the filing of the complaint in this action." (TAC, ¶43.) The City of Los Angeles alleges that Defendants' conduct arises out of the same series of transactions or occurrences and involves common questions of law or fact making class treatment appropriate. (See TAC, ¶¶39, 43-47.)

Defendants demur jointly and severally to Plaintiff's Third Amended Complaint on three grounds: (1) this court lacks jurisdiction because Plaintiff City of Los Angeles has failed to exhaust its administrative remedies (Code of Civil Procedure §430.10(a));

(2) none of the seven causes of action states facts sufficient to state a claim (*id.* §430.10(e)); and (3) each of the seven causes of action is uncertain (*id.* §430.10(f)).

In the alternative, Defendants move to strike the class allegations of the Third Amended Complaint pursuant to Code of Civil Procedure sections 435 and 436 on the grounds that common questions do not predominate over individual issues, class treatment would not provide substantial benefits to the litigants and to the courts, and the proposed class is not ascertainable.

## II. LEGAL ANALYSIS

Code of Civil Procedure section 430.10 provides in relevant part that "[t]he party against whom a complaint or cross-complaint has been filed may object, by demurrer or answer as provided in Section 430.30, to the pleading on any one or more of the following grounds: (a) The court has no jurisdiction of the subject of the cause of action alleged in the pleading . . . ."

Upon reviewing the Third Amended Complaint and the applicable provisions of the Los Angeles Municipal Code, this court has determined that it lacks subject matter jurisdiction over this matter. Plaintiff must exhaust the administrative remedies provided in the Municipal Code before turning to this court for relief.

The City's Municipal Code, in section 21.16, provides that if the City of Los Angeles' Director of Finance ("Director") "determines that any tax is due or may be due to the City of Los Angeles under the provisions under this chapter, he may make and give notice of an assessment of such tax." (Municipal Code §21.16(a).) The notice of assessment is to "set forth the amount of any tax known by the [Director] to be due or estimated by the [Director], after full consideration of all information within his

knowledge concerning the business and activities of the person assessed, to be due . . . ." (*Id.*) The Director is required to serve the notice of assessment on the asserted taxpayer. (*Id.* §21.16(b).)

The asserted taxpayer may request a hearing on the assessment or may request that the hearing be waived. (*Id.*) If the person assessed does not request either a hearing or a waiver within 15 days, "the amount of the assessment shall be final and the amount thereof shall immediately be due and owing to the City of Los Angeles . . . ." (*Id.*) If the asserted taxpayer requests that the hearing be waived (and the Director grants the request for waiver), the administrative proceedings provided for in Section 21.16 are "deemed exhausted." (*Id.* §21.16(c).) The City then has "the right to bring an action in any court of competent jurisdiction to collect the amount of the assessment, plus such penalties and interest as may have accrued . . . ." (*Id.*)

If the asserted taxpayer requests a hearing on the assessment (or if the Director denies the asserted taxpayer's request for waiver), the Director is to set the matter for hearing before an Assessment Review Officer. (*Id.* §21.16(d).) At this hearing, the asserted taxpayer and the Director may submit evidence in support of their respective positions. (*Id.* §21.16(e).) Upon completion of the hearing, the Assessment Review Officer may affirm, increase, or decrease the assessment, "as the evidence may require." (*Id.* §21.16(f).) Municipal Code section 21.16 also provides for an optional administrative appeal process. (*Id.* §21.16(g)-(i).)

The Defendants argue that the City was required to make a transient occupancy tax assessment against them and allow them the benefits of the administrative remedy provided by Municipal Code section 21.16 before the City may apply to the court for the

5

relief requested in this case. They contend that exhaustion of this administrative remedy is mandatory, and that the court has no jurisdiction to adjudicate the claims in this case prior to such exhaustion.

The administrative remedies provided by Los Angeles Municipal Code section 21.16 were interpreted in *City of Los Angeles v. Centex Telemanagement, Inc.* (1994) 29 Cal.App.4th 1384. In that case, the City of Los Angeles brought suit against a taxpayer for business taxes allegedly owed. The taxpayer argued that the statute of limitations had run because the City could have brought suit during the pendency of the administrative process provided for by Municipal Code section 21.16. The Court of Appeal held that the statute of limitations was tolled during the pendency of the administrative process, because the City could not have brought an action against the taxpayer in court until the administrative process was exhausted. (*Centex, supra,* 29 Cal.App.4th at 1388-1389.)

Interpreting Municipal Code section 21.16, the *Centex* Court held that principles of administrative law require that a taxpayer be permitted to exhaust the available administrative remedies before the City of Los Angeles may sue for recovery of a tax in court. When "an administrative remedy is provided by statute, relief *must* be sought from the administrative body and this remedy exhausted before the courts will act." (*Centex, supra,* 29 Cal.App.4th at 1387, citing *Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 292 (emphasis added).) "When administrative machinery exists for the resolution of differences, the courts will not act until such administrative procedures are fully utilized and exhausted. To do so would be in excess of their jurisdiction." (*Id.* at 1387-88, *citing Horack v. Franchise Tax Board* (1971) 18 Cal.App.3d 363, 368.) The *Centex* court stated that it is "well established" that the rule of exhaustion of

6

administrative remedies "is applicable to tax matters." (*Id., citing People v. Sonleitner* (1960) 185 Cal.App.2d 350, 361.)

Reviewing the provisions of Municipal Code section 21.16, the Court of Appeal found that the administrative process is not exhausted until the taxpayer has an opportunity to request a hearing. (*Centex, supra,* 29 Cal.App.4th at 1388.) The Court stated that "it would be pointless" for the City to be permitted to bring a collection action when the amount of the tax owed might be reduced or eliminated in the administrative process. (*Id., citing* Municipal Code §21.16(f).) Therefore, the Court concluded, "[i]t is clear to us from these provisions that the doctrine of exhaustion applies in this case and pending such exhaustion the City was not authorized to begin legal action." (*Id.*)

Municipal Code section 21.7.13 states: "Any person owing money to the City under the provisions of this article shall be liable to an action brought in the name of the City for the recovery of such amount." The City argues that this language allows it to proceed directly to court without permitting the asserted taxpayer access to administrative remedies. The *Centex* decision, however, rejected an analogous argument.

In that case, the taxpayer referenced Municipal Code section 21.19, which allowed the City to bring a lawsuit against a person "owing any tax due" under the provisions for assessment of business taxes. (*Centex, supra,* 29 Cal.App.4th at 1389.)[4] The Court held that this section, authorizing suit, could not be read in isolation from the

---

[4] Section 21.19 of the Municipal Code provides:

> Any tax required to be paid under the provisions of this article or Article 1.5, shall be deemed a debt owed to the City. Any person engaging in a business required to obtain a registration certificate and pay a business tax without obtaining the certificate and paying the tax, and any person owing any tax due under the provisions of this article or Article 1.5, shall be liable to an action brought in the name of The City of Los Angeles in any court of competent jurisdiction for recovery of any such amount.

administrative remedy the Municipal Code also specifies. Statutes must be construed so that all parts can be harmonized. (*Id.*) The argument that a statutory provision authorizing lawsuits to collect taxes nullifies administrative exhaustion provisions found in the same Code, is "unpersuasive." (*See, id; see also Dix v. Superior Court* (1991) 53 Cal.3d 442, 459 ("Where reasonably possible, we avoid statutory constructions that render particular provisions superfluous or unnecessary." (citations omitted)).)

The City's argument that an assessment is optional and that the City may bring an action for recovery of taxes without making an assessment is similarly flawed. The City seizes on the word "may" in Municipal Code section 21.16(a), which states that when the Director determines a tax is or may be due, the Director "may make and give notice of an assessment of such tax." Read in context, the term "may" merely recognizes the discretion inherent in the enforcement authority of the Director. If "may" is read to allow the Director to proceed directly to court, subpart (a) of section 21.16 would nullify the administrative remedies provided to the asserted taxpayer by subparts (b) through (j) of section 21.16. As the Court of Appeal held in *Centex*, a proposed statutory construction that brings one part of the statute in conflict with others is "unpersuasive." (*Centex, supra,* 29 Cal.App.4th at 1389.)

The City also argues that it is not possible to make a tax assessment in this case because the Director lacks sufficient factual data to calculate the taxed owed. No doubt in many instances in which the Director suspects that a hotel is evading payment of transient occupancy taxes, the City lacks the data necessary to calculate or even estimate the tax due. (*See* Municipal Code §21.16(a) (allowing an assessment to be made based on the estimated amount of taxes due).) However, the Municipal Code gives the City the

power to conduct "discovery" in order to be able to calculate the amount of occupancy taxes owed. Municipal Code section 21.7.11 requires "every operator" (as defined in section 21.7.2(f)) to preserve for three years all records necessary to determine the amount of taxes that were required to be collected and paid to the City. (Municipal Code §21.7.11.) The Office of Finance has the right to inspect these records "at all reasonable times." (*Id.*)

The City argues that this right to discovery by way of inspection of documents is illusory, because the OTC Defendants contend they are not "operators" within the meaning of the Municipal Code. However, all Defendants have joined in the argument that the City is required to exhaust administrative remedies. The Court interprets Defendants' position as an implicit representation that they will participate in the administrative process, including cooperation in making their records available pursuant to section 21.7.11.[5] At oral argument, counsel for Priceline.com, Inc. expressly represented that his client was willing to permit the City to review its records pursuant to Municipal Code section 21.7.11 for purposes of determining whether to make an assessment, and in what amount. (Reporter's Transcript of June 11, 2007 Hearing, pp. 10-14.)

If a Defendant does refuse to participate in the administrative process, the City may well have a persuasive argument that the court should deem the administrative process to have been exhausted. Alternatively, the City may have the right to seek an injunction requiring a Defendant to comply with section 21.7.11. However, a party's request to be permitted to take advantage of an available administrative remedy should

---

[5] The court assumes that Defendants will reserve their right to argue that they are not "operators" within the meaning of the Municipal Code while furnishing documents pursuant to request under Municipal Code section 21.7.11.

9

not be denied on the basis of speculation that the party later may refuse to participate in the administrative process.

The City also argues that the Municipal Code's "investigation and assessment procedures, fairly read, contemplate 'brick-and-mortar' hotel facilities with records maintained in the City, so the City can access and review those records." (See Plaintiff's Opposition Brief, p. 25.) Given that Defendants are not local businesses, Plaintiff asserts that their records are not readily available for audit and review and that the assessment scheme is futile. (*See id.*) Plaintiff's argument is not convincing for several reasons. First, nothing in the Municipal Code limits the assessment scheme's applicability to local businesses who maintain records within the City of Los Angeles. The maintenance of records requirement applies to persons "liable for the collection and payment [of transient occupancy taxes] to the City . . . ." (Municipal Code §21.7.11.) Second, the City's argument is illogical given that many hotels operating in Los Angeles are parts of national entities that may not maintain relevant records within the actual confines of the hotel. The records of national hotel chains may be kept at a corporate office or a data facility not located in Los Angeles. Nevertheless, the City certainly would contend that section 21.7.11 allows it access to such records. Third, as noted above, Defendants have implicitly (and, in the case of one Defendant, explicitly) represented that the Director of Finance should have access to discover Defendants' records.

Because Plaintiff City of Los Angeles has failed to exhaust available administrative remedies, it may not have access to the court to adjudicate Defendants' liability for the taxes claimed in this case.

## ORDER

For the reasons set forth above, Defendants' Demurrer to Plaintiff City of Los Angeles' Third Amended Complaint is sustained with leave to amend should Plaintiff City of Los Angeles be able to allege that available administrative remedies have been exhausted with respect to the taxes sought by way of this lawsuit. The case is stayed pending completion of the administrative process. Plaintiff may notify the court and request a status conference when the City has exhausted the administrative process. At that time the court will set a date by which an amended complaint may be filed. Plaintiff is ordered to file a status report on January 18, 2008. A non-appearance case review is set for January 18, 2008.

Dated: July 26, 2007

_____
Carolyn B. Kuhl
Judge of the Superior Court