# Exhibit B

ORIGINAL FILED

JUL 2 7 2007

LOS ANGELES
SUPERIOR COURT

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| TRANSIENT OCCUPANCY TAX CASES<br><br>Included Actions:<br><br>*City of Los Angeles, California v. Hotels.com, L.P.*,<br>Los Angeles Superior Court,<br>Case No. BC 326693<br><br>*City of San Diego, California v. Hotels.com, L.P.*,<br>San Diego Superior Court,<br>Case No. GIC 861117 | Judicial Council Coordination Proceeding No. 4472<br><br>OPINION AND ORDER ON DEFENDANTS' DEMURRER TO PLAINTIFF CITY OF SAN DIEGO'S FIRST AMENDED COMPLAINT |

On June 11, 2007, Defendants'[1] Demurrer to Plaintiff City of San Diego's First

Amended Complaint came on hearing before this court. This court has considered all of

the briefs, objections and arguments presented on behalf of Plaintiff and Defendants. For

the reasons stated in the following Opinion and Order, Defendants' Demurrer to Plaintiff

City of San Diego's First Amended Complaint is sustained with leave to amend. The case

is stayed until such time as the City of San Diego notifies the court that it has exhausted

---

[1] These are the same fifteen Defendants who have demurred to Plaintiff City of Los Angeles's Third Amended Complaint: Priceline.com Inc.; Travelweb LLC; Lowestfare.com Inc.; Expedia, Inc.; Hotwire, Inc.; Travelnow.com; Hotels.com, L.P.; Hotels.com GP, LLC; Travelocity.com, L.P.; Travelocity.com, Inc.; Site59.com, Inc.; Orbitz, Inc.; Orbitz, LLC; Trip Network, Inc. (d/b/a Cheaptickets.com); and Internetwork Publishing Corp. (d/b/a lodging.com).

1

available administrative remedies with respect to the taxes sought by way of this lawsuit. At that time, the court will set a date by which an amended complaint may be filed.

## I. FACTUAL AND PROCEDURAL SUMMARY

In 1963, the California State Legislature enacted a statute permitting California cities and counties to levy a tax on a hotel guest (or "transient") for the privilege of occupying a hotel room in that city or county. (See Cal. Rev. & Tax Code section 7280(a).) In 1964, Plaintiff City of San Diego exercised this right conferred by the Legislature and enacted a transient occupancy tax ordinance. (See San Diego Municipal Code ("Municipal Code") §§ 35.0101 – 35.0138.[2])

In this action, Plaintiff City of San Diego ("San Diego") alleges that the fifteen defendants owe back occupancy taxes to the city. San Diego's First Amended Complaint (FAC) is almost identical to Plaintiff City of Los Angeles' Third Amended Complaint. (Indeed, many of San Diego's allegations are contained in the same numerical paragraphs as the allegations made in Plaintiff City of Los Angeles' Third Amended Complaint.) The only major differences between the two complaints are that first, Plaintiff City of Los Angeles' Third Amended Complaint is a class action complaint while San Diego's FAC is not. Second, San Diego's FAC alleges Defendants violated the relevant San Diego ordinance, not the Los Angeles ordinance. Accordingly, much of the legal analysis provided in this Opinion and Order is an abbreviated discussion of the analysis provided

---

[2] Specifically, Section 35.0103 provides:

For the privilege of Occupancy in any Hotel located in The City of San Diego, each Transient is subject to and shall pay a tax in the amount of six percent (6%) of the Rent charged by the Operator.

Other sections in the Municipal Code impose additional taxes (which are added to the base tax percentage provided in Section 35.0103).

in the accompanying Opinion and Order on Defendants' Demurrer to Plaintiff City of Los Angeles' Third Amended Complaint.

San Diego's FAC alleges seven causes of action for: (1) violation of San Diego's transient occupancy tax ordinance; (2) violation of Business & Professions Code section 17200; (3) conversion; (4) violation of Civil Code section 2223; (5) violation of Civil Code section 2224; (6) imposition of constructive trust; and (7) declaratory judgment.

Defendants demur jointly and severally to San Diego's FAC on three grounds: (1) this court lacks jurisdiction because San Diego has failed to exhaust its administrative remedies (Code of Civil Procedure § 430.10(a)); (2) none of the seven causes of action state facts sufficient to state a claim (*id.* § 430.10(e)); and (3) each of the seven causes of action is uncertain (*id.* § 430.10(f)).

## II. LEGAL ANALYSIS

Code of Civil Procedure section 430.10 provides in relevant part that "[t]he party against whom a complaint or cross-complaint has been filed may object, by demurrer or answer as provided in Section 430.30, to the pleading on any one or more of the following grounds: (a) The court has no jurisdiction of the subject of the cause of action alleged in the pleading . . . ."

Upon reviewing the First Amended Complaint and the applicable provisions of the San Diego Municipal Code, this court has determined that it lacks subject matter jurisdiction over this matter. Plaintiff must exhaust the extensive administrative remedies provided in the Municipal Code before turning to this court for relief.

The City of San Diego's Municipal Code provides that if any operator fails to collect and remit a tax, or if the operator maintains records which are inadequate to show

3

the amount of tax due, "the City Treasurer *shall* forthwith assess the tax and penalties provided for by this Article against the operator." (Municipal Code § 35.0117(a) (emphasis added).) The City Treasurer then shall deliver notice of the assessment to the operator. (*Id.* § 35.0117(c).)

The operator may then request a hearing on the amount assessed by the City Treasurer. If a timely request for hearing is not made, the amount assessed by the City Treasurer shall become final, conclusive and immediately due. (*Id.* § 35.0118(a).) If a timely application is made, a hearing is initiated before a Board (consisting of the City Treasurer, City Auditor and Comptroller and Financial Management Director or the duly appointed deputy of each). (*Id.*) "At the hearing, the operator may appear and offer evidence why the specified tax and penalties should not be fixed." (*Id.*) The Board "shall consider all evidence produced and shall determine the proper tax to be remitted." (*Id.*)

If the amount which the Board deems is owed does not exceed $750.00, the Board's decision shall be final and conclusive and shall constitute an exhaustion of the operator's administrative remedies. (*Id.*) If the amount which the Board deems is owed exceeds $750.00 and an appeal is filed by the operator, the City Manager shall cause the appeal to be assigned to a Hearing Officer who shall schedule a hearing to be heard within a reasonable time thereafter. (*Id.* § 35.0118(b).)

As discussed in the accompanying Opinion and Order re Defendants' Demurrer to Plaintiff City of Los Angeles' Third Amended Complaint, in *City of Los Angeles v. Centex Telemanagement, Inc.* (1994) 29 Cal.App.4th 1384, the appellate court noted that the rule of exhaustion requires that when "an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted

before the courts will act." (*Id.* at 1387 (citation omitted).) "When administrative machinery exists for the resolution of differences, the courts will not act until such administrative procedures are fully utilized and exhausted. To do so would be in excess of their jurisdiction." (*Id.* at 1387-88 (citation omitted).) The *Centex* court found that "[t]he administrative remedy must be pursued as a condition precedent" to filing a lawsuit and that it is "well established" that the rule of exhaustion of administrative remedies "is applicable to tax matters." (*Id.* at 1388 (citations omitted).) The Court of Appeal also rejected the taxpayer's argument that the doctrine of exhaustion is not applicable when the taxing entity, rather than the taxpayer, brings the legal action. (*See id.*)

Here, it is undisputed that San Diego did not initiate the assessment scheme provided by its Municipal Code (sections 35.0117 and 35.0118), let alone exhaust its administrative remedies, before filing the instant action. San Diego presents the same arguments made by Plaintiff City of Los Angeles as to why it is not required to exhaust its administrative remedies prior to filing suit. These arguments are not persuasive for the same reasons discussed in the accompanying Opinion and Order on Defendants' Demurrer to Plaintiff City of Los Angeles' Third Amended Complaint.

## ORDER

For the reasons set forth above, Defendants' Demurrer to Plaintiff City of San Diego's First Amended Complaint is sustained with leave to amend should Plaintiff City of San Diego be able to allege that available administrative remedies have been exhausted with respect to the taxes sought by way of this lawsuit. The case is stayed pending completion of the administrative process. Plaintiff may notify the court and

request a status conference when San Diego has exhausted the administrative process.  At

that time the court will set a date by which an amended complaint may be filed.  Plaintiff

is ordered to file a status report on January 18, 2008.  A non-appearance case review is

set for January 18, 2008.

Dated: July 26, 2007

Carolyn B. Kuhl
Judge of the Superior Court

6