# Exhibit C

Title 4 REVENUE AND FINANCE

## Chapter 4.24 TRANSIENT OCCUPANCY TAX

4.24.010 Title.

4.24.020 Definitions.

4.24.030 Tax imposed.

4.24.040 Exemptions.

4.24.050 Operator's duties.

4.24.060 Registrations.

4.24.070 Reporting and remitting.

4.24.080 Penalties and interest.

4.24.090 Failure to collect and report tax.

4.24.100 Appeals Board of Review.

4.24.110 Records.

4.24.120 Refunds.

4.24.130 Actions to collect transient occupancy tax a debt.

4.24.140 Notice of hearing on lien.

4.24.150 Collection of delinquent taxes by special tax roll assessment.

4.24.160 Recordation of lien for delinquent charges.

4.24.170 Violations, infraction.

### 4.24.010 Title.

This chapter shall be known as the uniform transient occupancy tax ordinance of the city. (Prior code § 5-20.01)

### 4.24.020 Definitions.

Except where the context otherwise requires, the definitions given in this section govern the construction of this chapter:

"Hotel" means any public or private space or structure for living therein, including but not limited to any: inn, hostelry, tourist home or house, motel rooming house, mobile home or other living place within the city, offering the right to use such space for sleeping or overnight accommodations wherein the owner or operator thereof as defined in

subsection (C) of this section, for compensation, furnishes such right of occupancy to any transient as defined in subsection (D) of this section.
"Occupancy" means the compensated use of, or the unexercised right to use, space in a hotel, as defined in subsection (A) of this section.
"Operator" means the person who is proprietor of a hotel whether in the capacity of owner, lessee, sublessee, mortgagee in possession, licensee, or any other possessory agent of any type or character other than an employee, the managing agent shall also be deemed an operator for the purposes of this chapter and shall have the same duties and liabilities as his principal. Compliance with the provisions of this chapter by either the principal or the managing agent shall however, be considered to be compliance by both.
"Permanent resident" means any person who, as of a given date, has occupied or has had the right to occupy a room or rooms in a particular hotel, as defined in subsection (A) of this section, for more than thirty consecutive days immediately preceding such date.
"Person" means any non-exempt individual, firm, partnership, joint venture, association, social club, fraternal organization, joint stock company, corporation, estate, trust, business trust, receiver, trustee, syndicate, or any other group or combination acting as a unit.
"Room rental" means the total charge made by a hotel as defined in subsection (A) of this section, for sleeping or overnight accommodations space furnished to a transient, as defined in subsection (C) of this section. If the charge made by such hotel to any transient includes a charge in addition to that for such occupancy or right to the use of such space for sleeping or overnight accommodations, then that portion of the total charge that represents only the sleeping or overnight accommodations shall be distinctly set out and billed to the transient as a separate item.
"Transient" means any person who, for any period of not more than thirty (30) consecutive days, either at his own expense or at the expense of another, obtains the right to use space for sleeping or overnight accommodations in any hotel as defined in subsection (A) of this section, for which a charge is made therefor. (Ord. 12061 2, 1998: prior code § 5-20.02)

### 4.24.030 Tax imposed.

For the privilege of occupancy in any hotel, each transient is subject to and shall pay a tax in the amount of eleven (11) percent of the rent charged by the operator. Said tax constitutes a debt owed by the transient to the city which is extinguished only by payment to the operator of the hotel at the time the rent is paid. If the rent is paid in installments, a proportionate share of the tax shall be due upon the transient's ceasing to occupy space in the hotel. If for any reason the tax due is not paid to the operator of the hotel, the Tax Administrator may require that such a tax shall be paid directly to the Tax Administrator. (Ord. 11629 1, 1993: prior code § 5-20.03)

### 4.24.040 Exemptions.

No tax shall be imposed upon:
A. Any transient as to whom, or any occupancy as to which, it is beyond the power of the city to impose the tax herein provided; or
B. Any officer or employee of a foreign or domestic government or domestic corporation who is exempt by reason of express provision of federal law or international treaty, provided billing is made directly to and payment is received from the governmental agency qualifying for this exemption.
No exemption shall be granted except upon a claim therefor made at the time rent is collected and under penalty of perjury upon a form prescribed by Tax Administrator.
C. Whenever an operator charges a transient rent, and such charges prove to be uncollectible, those amounts are not subject to the tax. However, if these amounts are subsequently collected, the amount of tax shall be included in the amount paid to the city when filing the next return. (Prior code § 5-20.04)

### 4.24.050 Operator's duties.

Each operator shall collect the tax imposed by this chapter to the same extent and at the same time as the rent is collected from every transient. The amount of tax shall be separately stated from the amount of the rent charged, and each transient shall receive a receipt for payment from the operator. No operator of a hotel shall advertise or state in any manner, whether directly or indirectly, that the tax or any part thereof will be assumed or absorbed by the operator, or that it will not be added to the rent, or that, if added, any part will be refunded except in the manner hereinafter provided. (Prior code § 5-20.05)

### 4.24.060 Registrations.

Within thirty (30) days after the effective date of this chapter, as to the hotel operators then doing business, and before commencing business, as to hotel operators commencing business after the effective date of this chapter, each operator of any hotel renting occupancy to transients shall register said hotel with the Tax Administrator and obtain from him a "Transient Occupancy Registration Certificate" to be at all times posted in a conspicuous place on the premises. Said certificate shall, among other things, state the following:
A. The name of the operator;
B. The address of the hotel;
C. The date upon which the certificate was issued;
D. "This Transient Occupancy Registration Certificate signifies that the person named on the face hereof has fulfilled the requirements of the Uniform Transient Occupancy Tax Ordinance by registering with the Tax Administrator for the purpose of collecting from transients the Transient Occupancy Tax and remitting said tax to the Tax Administrator. This certificate does not authorize any person to conduct any unlawful business or to conduct any lawful business in an unlawful manner, nor to operate a hotel without strictly complying with all local applicable laws, including but not limited to those requiring a permit from any board, commission, department or office of this City. This certificate does not constitute a permit." (Prior code § 5-20.06)

### 4.24.070 Reporting and remitting.

A. Each operator who received over one hundred thousand dollars ($100,000.00) in gross receipts during the previous calendar year shall on or before the tenth day following each month make a return to the Business Tax Division on forms provided of the total rents charged and submit the amount of tax collected for transient occupancies.
B. Each operator who received between five thousand dollars ($5,000.00) and ninety-nine thousand nine hundred ninety-nine dollars ($99,999.00) in gross receipts during the previous calendar year shall on or before the last day of the month following the close of each calendar quarter make a return to the Business Tax Division on the forms provided of the total rents charged and submit the amount of tax collected for transient occupancies.
C. Each operator who received under five thousand dollars ($5,000.00) in gross receipts during the previous calendar year shall, on or before January 31st of each year, make a return to the Business Tax Division on forms provided of the total rents collected and its amount of tax collected for transient occupancies for the preceding year. (Prior code § 5-20.07)

### 4.24.080 Penalties and interest.

A. Original Delinquency. Any operator who fails to remit any tax imposed by this chapter within the time required shall pay a penalty of twenty-five (25) percent of the amount of the tax in addition to the amount of the tax.
B. Fraud. If the Tax Administrator determines that the nonpayment of any remittance due under this chapter is due to fraud, a penalty of fifty (50) percent of the amount of the tax shall be added thereto in addition to the penalties stated in subsection A of this section.
C. Interest. In addition to the penalties imposed, any operator who fails to remit any tax imposed by this chapter shall pay interest at the rate of one percent per month or fraction thereof on the amount of the tax, inclusive of penalties, from the date on which the remittance first became delinquent until paid.
D. Penalties Merged With Tax. Every penalty imposed and such interest as accrues under the provisions of this section shall become a part of the tax herein required to be paid. (Prior code § 5-20.08)

### 4.24.090 Failure to collect and report tax.

A. Determination of Tax by Tax Administrator. If any operator shall fail or refuse to collect said tax and to make, within the time provided in this chapter, any report and remittance of said tax or any portion thereof required by this chapter, the Tax Administrator shall proceed in such manner as he or she may deem best to obtain facts and information on which to base his or her estimate of the tax due. As soon as the Tax Administrator has procured such facts and information as he or she is able to obtain upon which to base the assessment of any tax imposed by this chapter and payable by any operator who has failed or refused to collect the same and to make such report and remittance, he or she shall proceed to determine and assess against such operator the tax, interest and penalties

provided for by this chapter. In case such determination is made, the Tax Administrator shall give a notice of the amount so assessed by serving it personally or by depositing it in the United States mail, postage prepaid, addressed to the operator so assessed at his or her last known place of address. Such operator may, within twenty (20) days after the serving or mailing of such notice, make application in writing to the Tax Administrator for a hearing on the amount assessed. If application by the operator for a hearing is not made within the time prescribed, the tax, interest and penalties, if any, determined by the Tax Administrator shall become final and conclusive and immediately due and payable. If such application is made the Tax Administrator shall give not less than ten days' written notice in the manner prescribed herein to the operator to show cause at the time and place fixed in said notice why said amount specified therein should not be fixed for such tax, interest and penalties. At such hearing the operator may appear and offer evidence why such specified tax, interest and penalties should not be so fixed.

After such hearing the Tax Administrator shall determine the proper tax to be remitted and shall thereafter give written notice to the person in the manner prescribed herein of such determination and the amount of such tax, interest and penalties. The amount determined to be due shall be payable after fifteen (15) days unless an appeal is taken as provided in Section 4.24.100.

B. Security for Collection of Tax. Whenever any operator has failed to report or remit the transient occupancy tax as required by Section 4.24.070, and such failure results in a continued delinquency as defined under Section 4.24.080B, the Tax Administrator may require such operator to deposit with him or her forthwith such security in the form of cash, bond, or other security as the Tax Administrator may determine. The amount of the security shall be fixed by the Tax Administrator, but for the reporting period applicable to the operator. The estimated average liability shall be determined in the same manner as required under subsection A of this section.

The Tax Administrator shall receive the security required by him or her and shall cause the same to be placed in the City Treasury in a special trust fund to be known as the "Transient Occupancy Tax Security Deposit Fund," which fund is established.

C. Withdrawals from Security Deposit. Whenever any operator fails to remit any delinquent remittance due under this chapter on or before the period designated in subsection A of this section, the Tax Administrator may notify the operator that the amount due and owing to the city from said operator for the tax, interest and penalty as imposed by this chapter, or any portion of them, shall be transferred for use as provided under this chapter.

The Tax Administrator may notify the operator that he or she is required to redeposit forthwith the amount deducted from the deposit. (Amended during 1997 codification; prior code § 5-20.09)

### 4.24.100 Appeals Board of Review.

Any operator aggrieved by any decision of the Tax Administrator with respect to the amount of such tax, interest and penalties, if any, may appeal to the Oakland Taxation and Assessment Board of Review ("Board of Review") by filing a notice of appeal with the Secretary of the Board of Review within fifteen (15) days of the serving or mailing of the determination of tax due. The Board of Review shall fix a time and place for hearing such appeal, and the Secretary to the Board of Review shall give notice in writing to such operator at his or her last known place of address. The findings of the Board of Review shall be served upon the appellant in the manner prescribed above for service of notice of hearing. Any amount found to be due shall be immediately due and payable upon the service of notice.

A. Composition. A Board of Review consisting of the City Manager, the City Auditor, the City Attorney or their designees and two community members nominated by the Mayor and appointed by the Council shall hear and determine appeals of order or decisions of the Tax Administrator.

B. Appeals. Any person whose rights or interests have been directly and adversely affected by a transient occupancy tax ruling or finding of fact made by the Tax Administrator under the authority of this chapter may appeal therefrom in writing to the Board of Review within twenty (20) calendar days from the date of notification of such ruling or finding. The Board of Review in individual cases may, in its exercise of reasonable discretion in administrating the provisions of this chapter, enlarge the twenty (20) calendar day period in which to file an appeal.

The Board shall make findings of fact in support of its decision on appeal. The Board shall exercise its reasonable discretion in administering the provisions of this chapter in rendering a decision on appealed rulings and findings. Any tax, penalty, or interest found to be owing is due and payable at the time the Board of Review decision thereon becomes final.

C. Extension of Time for Filing and Payment. On written application showing good cause, the Board of Review or its chairperson may, with or without hearing, by written order filed with the Tax Administrator, extend for more than twenty (20) calendar days the time period in this chapter for filing of any transient occupancy tax return or making any payment. For the period of such extension the penalty in regard thereto shall be waived.

D. Exhaustion of Remedies. Any person whose case may be resolved by employing the administrative remedies provided by this section must exhaust those remedies before filing suit for refund, rebate, exemption, cancellation,

amendment, adjustment, or modification of tax, interest or penalty.
E. Review of Transient Occupancy Tax Ruling. The Board of Review may, on motion of any one of its members, hold a hearing to ascertain its position regarding any transient occupancy tax ruling. The Board may affirm, modify, or reverse such ruling as necessary or advisable to effectuate the purposes of this chapter. The Board of Review's decision on such ruling shall have only prospective effect. (Prior code § 5-20.10)

### 4.24.110 Records.

It shall be the duty of every operator liable for the collection and payment to the city of any tax imposed by this chapter to keep and preserve, for a period of four years, all records as may be necessary to determine the amount of such tax as he or she may have been liable for the collection of and payment to the city, which records the Tax Administrator shall have the right to inspect upon issuance of a subpoena therefor pursuant to Oakland Municipal Code Section 5.34.050. (Ord. 12061 § 3, 1998: prior code § 5-20.11)

### 4.24.120 Refunds.

A. Whenever the amount of any tax, interest or penalty has been overpaid or paid more than once or has been erroneously or illegally collected or received by the city under this chapter, it may be refunded as provided in subsections B and C of this section, provided a claim in writing therefor, stating under penalty of perjury the specific grounds upon which the claim is founded, is filed with the Tax Administrator within three years of the date of payment. The claim shall be on forms furnished by the Tax Administrator.
B. An operator may claim a refund or take as credit against taxes collected and remitted the amount overpaid, or erroneously or illegally collected or received; provided, however, that neither a refund nor a credit shall be allowed unless the amount of the tax so collected has either been refunded to the transient or credited to rent subsequently payable by the transient to the operator.
C. A transient may obtain a refund of taxes overpaid or erroneously or illegally collected or received by the city by filing a claim in the manner provided in subsection A of this section, but only when the tax was paid by the transient directly to the Tax Administrator, or when the transient, having paid the tax to the operator, establishes to the satisfaction of the Tax Administrator that the transient cannot obtain a refund from the operator who collected the tax and remitted it to the city.
D. No refund shall be paid under the provisions of this section unless the claimant establishes to the satisfaction of the Tax Administrator his or her right thereto by written records showing entitlement thereto. (Prior code § 5-20.12)

### 4.24.130 Actions to collect transient occupancy tax a debt.

Any tax required to be paid by any transient under the provisions of this chapter shall be deemed a debt owed by the transient to the city. Any such tax collected by an operator which has not been paid to the city shall be deemed a debt owed by the operator to the city. Any person owing money to the city under provisions of this chapter shall be liable to an action brought in the name of the city for the recovery of such amount.
An action to collect the transient occupancy tax must be commenced within three years of the date the transient occupancy tax becomes delinquent. An action to collect the penalty for nonpayment of the transient occupancy tax must be commenced within three years of the date the penalty accrues.
The amount of transient occupancy tax, penalty and interest imposed under the provisions of this chapter is assessed against the business property on which the tax is imposed in those instances where the owner/operator of the business property are one and the same. If the taxes are not paid when due, such tax, penalty and interest shall constitute a special assessment against such business property and shall be a lien on the property for the amount thereof, which lien shall continue until the amount thereof including all penalties and interest are paid, or until it is discharged of record. (Prior code § 5-20.13)

### 4.24.140 Notice of hearing on lien.

The Tax Administrator shall file with the City Manager a written notice of those persons against whose property the city will file liens. Upon receipt of such notice the City Manager shall present same to the City Council, and the City Council shall forthwith, by resolution, fix a time and place for a public hearing on such notice.
The Tax Administrator shall cause a copy of such notice to be served upon the owner of the business/business

property not less than ten days prior to the time fixed for such hearing. Mailing a copy of such notice to the owner of the business/business property at the address listed in the most recent property ownership records provided to the City by the County Assessor as of the date that the Tax Administrator causes notice to be mailed shall comprise proper service. Service shall be deemed complete at the time of deposit in the United States mail. (Prior code § 5-20.13(a))

### 4.24.150 Collection of delinquent taxes by special tax roll assessment.

With the confirmation of the report by the City Council, the delinquent transient tax charges contained therein which remain unpaid by the owner/operator of the business/business property shall constitute a special assessment against said business property and shall be collected at such time as is established by the County Assessor for inclusion in the next property tax assessment.

The Tax Administrator shall turn over to the County Assessor for inclusion in the next property tax assessment the total sum of unpaid delinquent transient occupancy tax charges consisting of the delinquent occupancy taxes, penalties, interest at the rate of twelve (12) percent per annum from the date of recordation to the date of lien, an administrative charge of fifty dollars ($50.00) and a release of lien filing fee in amount equal to the amount charged by the Alameda County Recorder's Office.

Thereafter, said assessment may be collected at the same time and in the same manner as ordinary municipal taxes are collected, and shall be subject to the same penalties and the same procedure of sale as provided for delinquent ordinary municipal taxes. The assessment liens shall be subordinate to liens except for those of state, county and municipal taxes with which it shall be upon parity. The lien shall continue until the assessment and all interest and charges due and payable thereon are paid. All laws applicable to the levy, collection and enforcement of municipal taxes shall be applicable to said special assessments. (Prior code § 5-20.13(b))

### 4.24.160 Recordation of lien for delinquent charges.

Upon confirmation of the report of delinquent transient occupancy tax charges by the City Council, a lien on the real property for delinquent transient occupancy tax charges which were assessed will be recorded with the Recorder of the county of Alameda. (Prior code § 5-20.13(c))

### 4.24.170 Violations, infraction.

Any owner, operator or other person who fails or refuses to register as required herein, or to furnish any return required to be made or who fails or refuses to furnish a supplemental return or other data required by the Tax Administrator, or who renders a false or fraudulent return or claim, or who fails to meet the substantive requirements of any other provision of this chapter may be charged with a civil penalty or an infraction, and the use of the property may be encumbered, as authorized by the Oakland Municipal Code, Chapters 1.08, 1.12 and 1.16. Enforcement action specifically authorized by this chapter may be utilized in conjunction with, or in addition to, any other provision of this chapter, and any other statutory, code, administrative or regulatory procedure applicable to the regulation of buildings, structures, or property. In addition, nothing in this chapter shall be interpreted to preclude or limit the city from seeking injunctive or other judicial relief. (Ord. 12019 § 2, 1997; prior code § 5-20.15)

<< previous | next >>