# Exhibit E

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
COUNTY OF NASSAU, NEW YORK, on behalf
of itself and all others similarly situated,

                    Plaintiffs,

        -against-

HOTELS.COM, LP; HOTELS.COM GP, LLC;
HOTWIRE, INC.; TRIP NETWORK, INC. (D/B/A
CHEAPTICKETS.COM); CENDANT TRAVEL
DISTRIBUTION SERVICES GROUP, INC.;
EXPEDIA, INC.; INTERNETWORK
PUBLISHING CORP. (D/B/A LODGING.COM);
LOWESTFARE.COM, INC.; MAUPINTOUR
HOLDING, LLC; ORBITS, INC.; ORBITS, LLC;
PRICELINE.COM, INC.; SITE59.COM, LLC;
TRAVELOCITY.COM, INC.;
TRAVELOCITY.COM, LP; TRAVELWEB, LLC;
AND TRAVELNOW.COM, INC.,

                    Defendants.
----------------------------------------------------------X

**MEMORANDUM OF DECISION AND ORDER**
06 CV 5724 (ADS) (WDW)

**APPEARANCES:**

ZWERLING, SCHACHTER & ZWERLING, LLP
Attorneys for the Plaintiff
41 Madison Avenue, 32nd Floor
New York, New York 10010
    By:   Robert S. Schachter, Esq.
           Joseph Lipofsky, Esq.
           Paul Kleidman, Esq., of Counsel

**LORNA GOODMAN**
**NASSAU COUNTY ATTORNEY**
Office of the Nassau County Attorney
1 West Street
Mineola, New York 11501

**MORRISON & FOERSTER LLP**
Attorneys for the Defendants Site59.com, LLC, Travelocity.com, Inc.,
Travelocity.com LP; Orbitz, Inc., Orbitz, LLC; Internetwork
Publishing Corp. (d/b/a Lodging.com), Trip Network, Inc.
(d/b/a Cheap Tickets.Com), Travelport Inc. (f/k/a Cendant Travel
Distribution Services Group, Inc.), Hotels.com, L.P., Hotels.com GP, LLC,
Hotwire, Inc., Expedia, Inc., TravelNow.com, Inc., and Maupintour Holding, LLC
1290 Avenue of the Americas
New York, New York 10104-0050
  By: Matthew D'Amore, Esq., of Counsel

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
Attorneys for Defendants Priceline.com Incorporated, Lowestfare.com
Incorporated, and Travelweb LLC
4 Times Square
New York, New York 10036-6522
  By: Susan L. Saltzstein, Esq., of Counsel

**SPATT, District J.**

  This putative class-action lawsuit arises out of claims by the County of Nassau, New York (the "plaintiff" or the "County"), on behalf of itself and all other similarly situated Counties in the State of New York, that the seventeen defendants failed to fully remit to the plaintiff hotel taxes that they collected on rooms sold to the public. Presently before the Court is a motion by the defendants to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") for failure to state a claim or, in the alternative, to strike certain allegations in the complaint pursuant to Fed. R. Civ. P. 12(f).

I. **BACKGROUND**

The following facts are derived from the complaint, and are taken as true for the purpose of this motion.

The plaintiff alleges that Hotels.com, LP, Hotels.com GP, LLC, Hotwire, Inc., Trip Network, Inc. d/b/a Cheaptickets.com, Cendant Travel Distribution Services Group, Inc., Expedia, Inc., Internetwork Publishing Corp. d/b/a Lodging.com, Lowestfare.com, Inc., Maupintour Holding, LLC, Orbits, Inc., Orbits, LLC, Priceline.com, Inc., Site59.com, LLC, Travelocity.com, Inc., Travelocity.com, LP, Travelweb, LLC, and Travelnow.com, Inc. (collectively, the "defendants") are online sellers and/or resellers of hotel rooms to the general public. The defendants contract with hotels for rooms at negotiated discount room rates, then resell those rooms to members of the public at an increased rate.

Section 1202-q(1) of the New York State Tax law authorizes the County of Nassau to impose a tax "upon persons occupying hotel or motel rooms in such county. . . . The rates of such tax shall not exceed three percent of the per diem rental rate for each room." N.Y. Tax Law § 1202-q(1). The tax shall not be applied to "permanent residents" of a hotel or motel, who are those persons who occupy a room for at least thirty consecutive days. Id.

The New York State law further provides that:

> Such local laws may provide that any tax imposed shall be paid by the person liable therefor to the owner of the hotel or motel room

3

> occupied or to the person entitled to be paid the rent or charge for the hotel or motel room occupied for and on account of the county of Nassau imposing the tax and that such owner or person entitled to be paid the rent or charge shall be liable for the collection and payment of the tax.

Id. § 1202-q(3).

Consistent with N.Y. Tax Law § 1202-q, the plaintiff enacted the Nassau County Hotel and Motel Occupancy Tax (the "Nassau County Hotel Tax Law") appearing at Title 24 of the Miscellaneous Laws of Nassau County (Dec. 31, 2006), *available at* http://www.nassaucountyny.gov/website/GenericServices/docs/NassauCountyMiscLaws_Dec06.pdf ("Nassau Misc. Laws"). The Nassau County Hotel Tax Law imposes "a hotel and motel occupancy tax in the County of Nassau at a rate of three percent of the per diem rental rate for each room, provided, however, that such tax shall not be applicable to a permanent resident of such hotel and motel." Nassau County Hotel Tax Law § 3(A).

With respect to the collection of the tax, the Nassau County Hotel Tax Law provides that:

> Such tax shall be paid by the person liable therefor to the owner of the hotel or motel room occupied or to the person entitled to be paid the rent or charge for the hotel or motel room occupied for and on account of the County of Nassau imposing the tax and that such owner or person entitled to be paid the rent or charge shall be liable for the collection and payment of the tax.

Nassau County Hotel Tax Law § 3(D).

4

The plaintiff alleges that pursuant to these laws, the amount of the hotel tax is correctly calculated as a percentage of the price each occupant pays each defendant for a hotel room, and that the defendants are required to remit that amount to the County. The plaintiff alleges further that the defendants failed to remit the proper tax amounts, underpaying the County as to the taxes that they owe.

As noted above, the plaintiff alleges that the defendants contract with hotels for rooms at a negotiated discount rate, and resell those rooms to the public at a increased price. The plaintiff contends that although the defendants charge and collect taxes from occupants based on their marked-up room rates, they only remit taxes to the County based on the lower, negotiated discount room rate and keep the difference. In the complaint, the plaintiff provides an example of the allegedly unlawful conduct:

> For example, if a consumer pays Hotels.com $100.00 for a hotel room in Nassau County, Hotels.com calculates the hotel tax the consumer pays on that "gross" amount ($100.00). Thus, the amount of tax collected by Hotels.com and due to the County is three percent of $100 ($3.00). However, the amount remitted to the County has been based on the lower "net" rate at which Hotels.com obtains the room, for instance $60. In this illustration, Hotels.com would only remit $1.80 (3% of $60.00) instead of the $3.00 it actually owed the County (3% of $100.00). Hotels.com, therefore, keeps a hidden and unlawfully retained profit of $1.20, thereby depriving Plaintiff of over 40% of the taxes due on that transaction.

(Compl. ¶ 32.)

The plaintiff alleges four causes of action based on the conduct alleged in the complaint: (1) violation of the Hotel Tax Laws; (2) Conversion; (3) Unjust

5

Enrichment; and (4) Imposition of a Constructive Trust. The plaintiff seeks "restitution and disgorgement of the monies due and owing to Plaintiff and the Class plus interest due thereon at the legal rate and/or as established by each Class member's Hotel Tax Law," costs, and attorneys fees.

Federal subject matter jurisdiction in this case is premised on the provisions of the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 ("CAFA") and 28 U.S.C. § 1332(d) (as amended by CAFA), because the matter in controversy exceeds the sum of $5,000,000 and because the action was commenced as a class action in which certain defendants, and none of the members of the putative class, are not citizens of the State of New York. The defendants apparently concede that CAFA applies and do not object to jurisdiction under the provisions of that statute.

## II. DISCUSSION

The defendants contend that the complaint should be dismissed for the following reasons: (1) jurisdiction is lacking because the County failed to exhaust its mandatory administrative processes for assessing and collecting local taxes; (2) the defendants are not subject to the Nassau County Hotel Tax; and (3) the plaintiff failed to state a claim for conversion, unjust enrichment, or for a constructive trust. The defendants also argue that the plaintiff's allegations seeking to toll any applicable statute of limitations on the basis of fraudulent concealment should be stricken because the plaintiff failed to plead fraud with the particularity required by Fed. R.

Civ. P. 9(b). Although the defendants' exhaustion argument is made pursuant to Fed. R. Civ. P. 12(b)(6), a motion to dismiss for lack of subject matter jurisdiction is properly brought under Fed. R. Civ. P. 12(b)(1). For the reasons stated below, the Court agrees that it lacks jurisdiction to determine this dispute. Thus, only the jurisdictional arguments are discussed in this opinion.

### A.     Legal Standard

When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the Court may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional question. See Robinson v. Gov't of Malaysia, 269 F.3d 133, 141 n.6 (2d Cir. 2001); Antares Aircraft, L.P. v. Fed. Rep. of Nigeria, 948 F.2d 90, 96 (2d Cir. 1991), vacated on other grounds, 505 U.S. 1215, 112 S. Ct. 3020, 120 L. Ed. 2d 892 (1992); Exch. Nat'l Bank of Chicago v. Touche Ross & Co., 544 F.2d 1126, 1130 (2d Cir. 1976). Under Rule 12(b)(1), the court must accept as true all material factual allegations in the complaint but will not draw inferences favorable to the party asserting jurisdiction. See Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998); Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir. 1992).

### B.     As to Subject Matter Jurisdiction

The defendants argue that the County failed to exhaust its own mandatory administrative procedures for assessing and collecting local taxes and that this failure

is a jurisdictional defect requiring dismissal of the complaint. According to the defendants, Nassau County's tax collection procedures require that the County first make an assessment that taxes are owed, and the amount; and also provide notice of that determination and the opportunity for an administrative hearing before the County Treasurer. The plaintiff denies that any such requirements apply to it.

### 1.     Statutory Framework

As noted above, the Nassau County Hotel Tax was enacted pursuant to the authority granted by section 1202-q of the New York State Tax Law. See N.Y. Tax Law § 1202-q. That statute provides that the Hotel Tax Law "may be collected and administered by the county treasurer or other fiscal officers of Nassau County by such means and in such manner as other taxes which are now collected and administered by such officers or as otherwise may be provided by local law." Id. § 1202-q(2). Pursuant to this direction, the Nassau County Hotel Tax Law provides that the tax "shall be collected and administered by the County Treasurer by such means and in such manner as other taxes which are now collected and administered." Nassau County Hotel Tax Law § 3(B). Thus, the Court must look to other sources of County law to determine how other taxes are collected and administered in Nassau County.

### a.     The Nassau County Charter

Insofar as the Court can ascertain, the Nassau County Charter does not contain provisions regarding the collection, administration, or enforcement of taxes.

### b. The Nassau County Administrative Code

The Nassau County Administrative Code contains several taxation provisions.

### i. The Harness Horse Racing Admissions Tax

Chapter IV, Title B of the Administrative Code establishes a "Harness Horse Racing Admissions Tax." Section 4-2.1 of the Code provides the following

> A tax is hereby imposed on all admissions to harness horse race meetings conducted at race meeting ground or enclosures located within the County of Nassau at the rate of thirty per centum of the admission price. The racing association or corporation conducting a harness horse race meeting shall, in addition to the admissions price, collect such tax on all tickets sold or otherwise disposed of to patrons for admission with the sole exception of those issued free passes, cards or badges. In accordance with the specific authority of the laws of the State of New York, in case of failure to collect such tax the tax shall be imposed on the racing corporation or association conducting such meeting.

Nassau Cty. Admin. Code §§ 4-2.1.

The administration and collection provisions for the Harness Horse Racing Admissions Tax are set forth in sections 4-2.2 through 4-2.14 of the Administrative Code. Pursuant to these provisions, every "racing corporation or association" subject to the tax is required to collect the tax from patrons in the form of an additional fee included in the price of the admissions ticket. The taxes are to be held in trust for the benefit of the County, and at times provided for in the statute the racing corporation or association is required to file a return with the Nassau County Comptroller showing the taxes that were collected. Nassau Cty. Admin. Code §§ 4-2.1, 4-2.2.

9

If no return is filed, or if the return is incorrect or insufficient, the Comptroller is required to determine or estimate the amount of the tax that is due, based on "such information as may be obtainable." Id. § 4-2.4. The law requires that notice of the Comptroller's determination of the amount of the tax due "be given to the person liable for the collection and payment of the tax." Also, the party against whom the tax is assessed may apply to the Comptroller for a hearing within thirty days of the determination. After the hearing, if one is held, the Comptroller shall give notice of his determination to the person liable for the tax, and this determination is subject to review for error, illegality, unconstitutionality, "or any other reason whatsoever" in an Article 78 proceeding. Finally, the law provides that if a party fails to collect or pay the tax "imposed by this title as therein provided," at the request of the Comptroller the County Attorney may commence an action to enforce the payment of the taxes in any New York State court or federal court. Id. §§ 4-2.4, 4-2.8.

### ii. The Entertainment Surcharge

Other taxation provisions appear in Chapter 5, Articles 3 and 3a of the Administrative Code. Article 3 imposes an "Entertainment Surcharge" to be paid by the owners of facilities hosting commercial and professional entertainment such as concerts and professional athletic events. Article 3a contains regulations for the implementation of the Entertainment Surcharge which were prepared by the Nassau County Treasurer.

Similar to the Harness Horse Racing Admissions Tax, the Entertainment Surcharge requires that operators of entertainment events collect a certain sum in addition to the ticket price, and to file a return. However, with regard to the Entertainment Surcharge, those entities subject to the tax are required file a return with the Treasurer instead of the Comptroller. Nassau Cty. Admin. Code § 5-94.0.

The Entertainment Surcharge is also similar to the Harness Horse Racing Admissions Tax in the event of non-payment of the tax. Section 5-98.0 of the Code provides that if a person fails to pay the tax or to file a return, the Treasurer "shall" determine the amount of the tax due based on available information. The Treasurer "shall" provide notice of his or her determination to the person liable for the payment of the tax, who has the opportunity to request a hearing. The Treasurer's decision that a tax is owing or the amount of the tax is reviewable in an Article 78 proceeding for error, illegality, unconstitutionality, or "any other reason whatsoever." Finally, this law also provides that if a party fails to collect or pay the tax, at the request of the Treasurer the County Attorney may commence an action to enforce the payment of the taxes in any New York State court or the federal court.

### iii.   The County Treasurer

In addition to the enumeration of the specific taxes discussed above, the Nassau County Administrative Code also contains several provisions relating to the collection of taxes in a chapter entitled "County Treasurer." Nassau Cty. Admin.

11

Code Chapter V, Title B, Article 2. Section 5-32.0 of this Article, entitled "Actions to recover unpaid taxes," states:

> a. After the lapse of thirty days from the return of the receiver of taxes as provided by section 5-23.0 of the code, an action may be maintained by the County Treasurer, as upon contract, to recover the amount of an unpaid tax, penalties, and interest thereon, together with five per centum thereof, and interest from the time of such return at the rate of ten per centum per annum.

Nassau Cty. Admin. Code § 5-32.0(a).

### c.   The Miscellaneous Laws of Nassau County

In addition to the Nassau County Hotel Tax Law, the Miscellaneous Laws of Nassau County also establish a "Special Motor Vehicle Use Fee." Nassau Misc. Laws Title 17. The Special Motor Vehicle Use Fee is a tax imposed on motor vehicles registered with Nassau County. Pursuant to the authority of Section 1202(c) of the New York State Tax Law, the Special Motor Vehicle Use Fee is collected and administered by the Commissioner of Motor Vehicles, and paid by vehicle owners as a condition precedent to the registration or registration renewal of a vehicle subject to the tax.

### 2.   As to the Resolution of this Motion

Having reviewed the above provisions of the New York State Tax Law, the Nassau County Administrative Code, and the Miscellaneous Laws of Nassau County, including the Nassau County Hotel Tax Law, the Court agrees with the defendants that the plaintiff's lawsuit is premature. The Nassau County Hotel Tax Law does not

expressly set forth a procedure for the collection of taxes. Rather, it provides that the taxes "shall be collected and administered by the County Treasurer by such means and in such manner as other taxes which are now collected and administered." Nassau County Hotel Tax Law § 3(B). The Court finds that this provision is ambiguous, because Nassau County has several types of taxes, which in turn have different collection methods. In its brief in opposition to the defendants' motion to dismiss, the plaintiff impliedly admits that there is this ambiguity:

> The various County taxes are collected and administered in different ways. For example real property taxes are collected by the town and village receivers of taxes and remitted to the County Treasurer. Mortgage taxes are collected by the County Clerk and remitted to the County Treasurer. Harness taxes are administered by the County Comptroller. . . . Thus, there is no universally applicable "means" or "manner" in which taxes are "collected and administered."

Plaintiff's Br. at 8.

It is a rule of statutory construction that a statute's text should be construed so as to give effect to all its provisions and to avoid rendering any part inoperative or void. See, e.g., APWU v. Potter, 343 F.3d 619, 626 (2d Cir. 2005). Also, any ambiguity with regard to tax statutes must be resolved "most strongly in favor of the taxpayer and against the government." Quotron Systems, Inc. v. Gallman, 39 N.Y.2d 428, 431, 384 N.Y.S.2d 147, 149, 348 N.E.2d 604, 606 (1976); American Locker Co. v. City of New York, 308 N.Y. 264, 269, 125 N.E.2d 421 (1955); see also N.Y. Stat. Law § 313(c) ("Generally, doubt as to the construction of a tax statute is resolved in

favor of the taxpayer and against the taxing authority."); 1605 Book Center, Inc. v. Tax Appeals Tribunal of State of N.Y., 83 N.Y.2d 240, 244, 609 N.Y.S.2d 144, 146, 631 N.E.2d 86, 88 (1994). Keeping these principles in mind, the Court finds that in using the words "by such means and in such manner as other taxes which are now collected and administered," the Nassau County legislature intended to refer to such "other taxes" that are similar in type to the Hotel Tax. In the Court's view, this is a reasonable determination considering the different collection and administration procedures of the several Nassau County tax laws.

With regard to the Nassau County taxes discussed above, the Harness Horse Race Admissions Tax and the Entertainment Surcharge are most similar to the Hotel Tax. All three taxes are imposed on discrete transactions, and they are collected by the owner or operator of a venue for the benefit of the County. By contrast, the Special Motor Vehicle Use Fee is a condition precedent to automobile registration. Section 5-32.0 of the Administrative Code, which is entitled "Actions to recover unpaid taxes" in the Chapter entitled "County Treasurer," does not expressly relate to a specific tax. However, a lawsuit under this section cannot be commenced until "[a]fter the lapse of thirty days from the return of the receiver of taxes." The taxes that require a return to be filed with the receiver of taxes are taxes on real property. See Nassau Cty. Admin. Code § 5-4.1. Thus, with reasonable certainty, to determine how the Nassau County Hotel Tax should be "collected and administered" the Court

should look to the provisions of the Harness Horse Race Admissions Tax and the Entertainment Surcharge.

Both the Harness Horse Racing Admissions Tax and the Entertainment Surcharge have provisions that require an administrative determination that a tax is owing and the amount of the tax; notice to the taxpayer; and an opportunity for a hearing. See Nassau Cty. Admin. Code §§ 4-2.4, 5-98.0. These provisions are mandatory. They state that if a return is not filed or if the return is insufficient, the Comptroller or the Treasurer, whichever the case may be, "shall" determine or estimate the amount of the tax due and "shall" give notice to the person liable for the tax. As stated by the defendants, if the Court adopted the plaintiff's position that section § 4-2.8 of the Harness Horse Racing Admissions Tax and section 5-102.0 of the Entertainment Surcharge grant the County unfettered discretion to sue an accused taxpayer at any time, it would nullify those mandatory provisions requiring the Comptroller or the Treasurer to determine or estimate the amount of the tax due and the attendant administrative review process. See Sprint Spectrum, L.P. v. Willoth, 176 F.3d 630, 640 (2d Cir. 1999) ("It is a well-settled rule of statutory construction that 'courts should disfavor interpretations of statutes that render language superfluous.' ") (quoting Conn. Nat'l Bank v. Germain, 503 U.S. 249, 253, 112 S. Ct. 1146, 117 L. Ed. 2d 391 (1992)).

15

In sum, the Court finds that the Nassau County Hotel Tax Law should be read in conjunction with other similar laws of the County, namely, the Harness Horse Race Admissions Tax and the Entertainment Surcharge. The Court also determines that although the Harness Horse Race Admissions Tax and the Entertainment Surcharge authorize the County to commence an action to recover unpaid taxes, no such action may be brought unless the County first determines or estimates the amount of the tax that is due, and otherwise follows the administrative procedures set forth in those statutes. The County of Nassau does not allege that it complied with any administrative processes for assessing and collecting local taxes, such as notice and an opportunity for a hearing.

Accordingly, the defendants' motion to dismiss is granted, and the complaint is dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Other courts addressing similar issues have found that a municipality's failure to follow its administrative procedures in attempting to collect unpaid taxes is a jurisdictional defect. See City of Atlanta v. Hotels.com, No. 2006-CV-1143732, 2006 WL 37289757 (Ga. Super. Ct. Dec. 11, 2006) (holding that the City's failure to use available administrative procedures to collect tax deprived the Court of subject matter jurisdiction); City of Phila. v. Hotels.com, No. 860, 2006 WL 1520749 (Pa. Ct. Com. Pl. May 25, 2006) (dismissing the case for lack of subject matter jurisdiction based on a Pennsylvania Supreme Court holding that "the Tax Review Board [had] exclusive

jurisdiction over disputes concerning local tax liability in the City of Philadelphia."); Russell Petroleum, Inc. v. City of Wetumpka, --- So.2d ----, 2007 WL 1723554, at *9 (Ala. June 15, 2007) (The Court lacked subject matter jurisdiction to determine action brought by a city against a gas station operator, seeking unpaid business-license fees and gasoline taxes, when the city attempted to litigate the matter without first following the administrative procedures Alabama's "Taxpayers' Bill of Rights and Uniform Revenue Procedures Act").

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that the defendants' motion pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss the complaint for lack of subject matter jurisdiction is granted; and it is further

**ORDERED**, that the complaint is dismissed without prejudice; and it is further

**ORDERED**, that the Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
August 17, 2007

                                                      */s/ Arthur D. Spatt*
                                                      ARTHUR D. SPATT
                                             United States District Judge