# Exhibit F

LEXSEE 2006 PHILA. CT. COM PL. LEXIS 218


Cited
As of: Sep 18, 2007

CITY OF PHILADELPHIA v. HOTELS.COM, et al.

No. 860

COMMON PLEAS COURT OF PHILADELPHIA COUNTY, PENNSYLVANIA,
CIVIL TRIAL DIVISION

*2006 Phila. Ct. Com. Pl. LEXIS 218*

May 25, 2006, Decided

**PRIOR HISTORY:** [*1] Control No. 0106023, 122014.

**JUDGES:** HOWLAND W. ABRAMSON, J.

**OPINION BY:** HOWLAND W. ABRAMSON

**OPINION**

**MEMORANDUM OPINION**

*HOWLAND W. ABRAMSON, J.*

Currently before the court are Defendants' Preliminary Objections to Plaintiff's First Amended Complaint. For the reasons fully set forth below, Plaintiff's Amended Complaint is dismissed for lack of subject matter jurisdiction.

**I. Background**

The plaintiff in this case, the City of Philadelphia (the "City"), has brought the instant action against various online travel agencies [1] for their "failure to pay taxes owed in connection with [their] renting of hotel rooms in Philadelphia, Pennsylvania." Compl. at 1. The City claims that such actions are violative of Philadelphia's Hotel Room Rental Tax, Phila. Code § 19-2400 (the "Tax") and common law.

    1  Defendants include Hotels.com, Hotels.com GP, LLC, Hotwire.com, Cheaptickets, Inc., Cendant Travel Distribution Services Group, Inc., Expedia, Inc., Internetwork Publishing Corp. d/b/a/ Lodging.com, Lowestfare.com, Inc., Maupintour Holding, LLC, Orbitz, Inc., Orbitz, LLC, Priceline.com, Inc., Site59.com, LLC, Travelocity.com, Inc., Travelocity.com, LP, Travelweb, LLC and Travelnow.com, Inc. (collectively "Defendants").

[*2]  According to § 19-2402 (1) of the Philadelphia Code:

> There is hereby imposed an excise tax on the consideration received by each operator of a hotel within the City from each transaction of renting a room or rooms to accommodate transients. The tax shall be collected by the operator from the patron of the room and paid over to the City pursuant to Sections 19-2403 and 19-2405 and shall be known as the Hotel Room Rental Tax.

Phila. Code § 19-2402 (1). The City argues that Defendants, as online sellers and resellers of hotel rooms to the general public, are required to remit collected occupancy taxes to the City. Compl. at P23. The City further contends that Defendants have sold hotel rooms and collected taxes in Philadelphia, but have failed to pay the City the amounts due and owing on these transactions. Id. at 22. Aside from the factual issues which will inevitably arise here, this dispute centers in part on whether Defendants fall within the Tax's definition of "operator" which is defined as:

> Any individual, partnership, non-profit or profit-making association or corporation or other person or group of persons who maintain, operate, manage, [*3] own, have custody of, or otherwise possess the right to rent or lease overnight accommodations in any hotel to the public for consideration.

Phila. Code § 19-2401 (7).

The City's First Amended Complaint (the "Complaint") contains four counts: 1) violation of Phila. Code § 19-2400 (Count I); 2) conversion (Count II); and 3) imposition of a constructive trust (Count IV); and 4) demand for legal accounting (Count IV). The Complaint seeks monetary damages, "disgorgement and restitution of the funds owed to plaintiff," punitive damages, attorneys' fees, costs of suit, pre-judgment and post-judgment interest, as well as the imposition of a constructive trust and a full accounting. The City has also demanded a jury trial.

II. Discussion

Upon review of the Complaint and the applicable law, this court has determined that it lacks subject matter jurisdiction over this matter. [2] The Pennsylvania Supreme Court has held that the Tax Review Board has exclusive jurisdiction over disputes concerning local tax liability in the City of Philadelphia. [*4] *Cherry v. City of Philadelphia*, 547 Pa. 679, 683, 692 A.2d 1082 (1997). Thus, it the function of the Tax Review Board to determine if the Tax is owed by these Defendants, not this court.

    2  The power of a court to review subject matter jurisdiction at any time during a proceeding is founded in *Pa.R.C.P. 1032 (b)*, which states:

    > (b) Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter or that there has been a failure to join an indispensable party, the court shall order that the action be transferred to a court of the Commonwealth which has jurisdiction or that the indispensable party be joined, but if that is not possible, then it shall dismiss the action.

    *Pa.R.C.P. 1032*; see also *Andursky v. Andursky*, 382 Pa. Super. 1, 554 A.2d 571, 573 (1989) (the failure of either party to raise the issue of lack of subject matter jurisdiction does not prevent this Court from raising the issue *sua sponte*).

[*5] The power of taxation, in all forms and of whatever nature, lies solely with the general assembly of the Commonwealth of Pennsylvania acting under the aegis of the Constitution. *Mastrangelo v. Buckley*, 433 Pa. 352, 250 A.2d 447 (1969). In this instance, the power to impose the Tax was expressly granted to the City by the Hotel Tax Enabling Act, *64 Pa.C.S. § 6025 (a)* (the "Enabling Act"). In accordance with the Enabling Act, Philadelphia City Counsel enacted the Tax. This legislation sets forth how the Tax shall be imposed, collected, calculated, and eventually distributed. Id. It further provides the nature and amount of penalties to be imposed in the event of a failure to pay the Tax when due. Phila. Code § 19-2509.

This court is troubled by the fact that it does not appear that the City has ever performed an audit, provided notice or attempted to collect the Tax from Defendants, other than by filing the instant lawsuit. It is the function of the court system to resolve legal disputes; its role is not to levy or collect taxes (absent an appeal). Such power was specifically delegated by City Council to the Department of Collection [*6] of the City of Philadelphia. Phila. Code § 6-201 (b). It is well-settled that the judiciary shall not intrude into the legislative area of government unless it is demonstrated that the legislative body has acted in a manner violative of the Constitution, the acts of the General Assembly, the organic law of the City or in a manner wherein the City Council lacks the power or authority to act. *Mastrangelo*, 433 Pa. at 362. No such allegations have been made here.

The case is not an appeal from a tax assessment, nor can it be, as there has been no formal determination by the Tax Review Board or any other administrative body from which the Defendants can appeal. Nor is this case a tort claim, as the City contends. Conversion is the deprivation of another's right of property in, or use or possession of, chattel, or other interference therewith, without the owner's consent and without lawful justification." *McKeeman v. Corestates Bank, N.A.*, 2000 Pa. Super. 117, 751 A.2d 655, 659 n. 3 (2000). Here, there has been no determination the Tax is actually owed by the Defendants and this court lacks jurisdiction to make such a pronouncement. Despite its [*7] artful pleading, what the City is actually seeking here is a declaration from this court that Defendants owe the Tax. Such an action is not permissible under Pennsylvania law, as it concerns a matter solely within the jurisdiction of the Tax Review Board. See *42 Pa.C.S. § 7541* (precludes declaratory judgment actions where the proceeding is within the exclusive jurisdiction of a tribunal other than a court.). [3]

Case 4:07-cv-03432-SBA    Document 19-7    Filed 09/18/2007    Page 4 of 4

Page 3
2006 Phila. Ct. Com. Pl. LEXIS 218, *

3  The City cites *City of Philadephia v. United Bowlers, Inc.*, 55 D. & C. 2d 481 (1972) for the proposition that it may bring a conversion claim against a taxpayer. However, United Bowlers is not a precedential decision and is not binding upon this court; it also is factually distinguishable. United Bowlers involved a situation where a corporation withheld City wage taxes from its employees and used same for its own purposes. The court found that the corporation was acting as an agent for the City in its collection of wage taxes and found the corporation liable for conversion of trust funds. The City also brought suit against the individual defendant director who had the power to sign checks. The court likewise found the individual defendant liable for conversion, concluding that he was in a position to prevent the conversion of funds by the corporation, but failed to do so. Thus, while United Bowlers may arguably be read to support the City's argument that a conversion claim may lie against embezzlers of the Philadelphia Wage Tax -- although this court strongly disagrees with such a conclusion -- such reasoning does not necessarily extend to all cases involving a taxpayer's failure to pay taxes. Aside from being factually distinguishable, it is also important to note that in United Bowlers, prior to instituting the lawsuit, the City performed an audit of defendants' records, made a formal assessment against defendants for the taxes which were allegedly due and owing and provided notice of same to defendants with a demand for payment. In the instant case, the City has omitted this vital step. Incidentally, the defendants in United Bowlers never appealed the assessment, nor did it make payment following the City's demand for same.

[*8]  Since it is well-settled that the taxpayer is required to exhaust its administrative remedies before coming to court, logic dictates that the inverse should be true as well. This court is not in the business of original tax collections, nor should it be. Where an administrative remedy is statutorily prescribed, as here, the general rule is that a court -- be it a court of equity or a court of law -- is without jurisdiction to entertain the action. *Lilian v. Commonwealth*, 467 Pa. 15, 354 A.2d 250 (1976); *Interstate Traveller Services, Inc. v. Commonwealth, Dep't of Environmental Resources*, 486 Pa. 536, 543, 406 A.2d 1020 (Pa. 1979). 4 As previously stated, the Tax itself provides the nature and amount of penalties to be imposed in the event of a failure to pay the Tax when due. Phila. Code § 19-2509. Thus, the City already possesses a remedy for redress of the wrong it claims was perpetrated by Defendants, the Tax itself, it is not necessary -- or proper - for the court to perform this function on its behalf.

4  Furthermore, *1 Pa.C.S. § 1504*, titled "Statutory Remedy Preferred Over Common Law" provides: "in all cases where a remedy is provided or a duty is enjoined or anything is directed to be done by any statute, the directions of the statute shall be strictly pursued, and no penalty shall be inflicted, or anything done agreeably to the common law, in such cases, further than shall be necessary for carrying such statute into effect."

[*9] III. Conclusion

For the reasons fully set forth above, the City's Complaint is dismissed for lack of subject matter jurisdiction.

BY THE COURT:

HOWLAND W. ABRAMSON, J.

ORDER and OPINION

AND NOW, this 25th day of May 2006, upon consideration of Defendants' Preliminary Objections, the response in opposition, all matters of record and in accordance with the Memorandum Opinion being filed contemporaneously with this Order, it hereby is **ORDERED** that Plaintiff's Complaint is dismissed for lack of subject matter jurisdiction.

BY THE COURT:

HOWLAND W. ABRAMSON, J.