# Exhibit G

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| CITY OF ATLANTA, GEORGIA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HOTELS.COM, L.P; HOTELS.COM )<br>GP, LLC; HOTWIRE, INC.; CHEAP )<br>TICKETS INC.; CENDANT TRAVEL )<br>DISTRIBUTION SERVICES GROUP, )<br>INC.; EXPEDIA, INC.; )<br>INTERNETWORK PUBLISHING )<br>CORP. (d/b/a LODGING.COM); )<br>LOWESTFATE.COM, INC.; )<br>ONETRAVEL HOLDINGS, INC.; )<br>ONETRAVEL, INC.; ORBITZ, INC.; )<br>ORBITZ, LLC; PRICELINE.COM, )<br>INC., SITE59.COM, LLC; )<br>TRAVELOCITY.COM, INC., )<br>TRAVELOCITY.COM, LP, and )<br>TRAVELNOW.COM, INC. )<br>)<br>Defendants, ) | CIVIL ACTION<br>FILE NO. 2006-CV-114732<br>JUDGE MICHAEL JOHNSON<br><br><br>FILED IN OFFICE<br><br>DEC 12 2006<br><br>Deputy Clerk Superior Court<br>Fulton County, Georgia |

## ORDER

The above-styled action came before the Court on November 13, 2006, for hearing, as a result of the Court's request of the parties to brief the sole issue: was the City of Atlanta required to exhaust its administrative remedies, regarding the assessment of taxes against Defendants, prior to filing suit in court. Having conducted an evidentiary hearing and considered the evidence, briefs of the parties and oral arguments of counsel, the Court finds that the City of Atlanta failed to

1

exhaust or even offer Defendants an opportunity to partake in the city's administrative hearing process prior to filing suit. Moreover, the Court finds that the City of Atlanta's failure was against longstanding Georgia case law and public policy. As a result, the Court lacks subject matter jurisdiction over this matter and thus, dismisses this complaint.

### I.    Facts

On March 29, 2006, the City of Atlanta filed suit against numerous online travel companies asserting that they were withholding taxes from the City of Atlanta, the basis for this assertion being the state of Georgia's enabling statutes and City of Atlanta's Hotel/Motel Tax ordinances. Pursuant to the state's enabling statutes and its Hotel/Motel Tax ordinances, the City of Atlanta enumerated several reasons why Defendants are liable to the City: 1) Defendants are sellers and/or resellers of hotel rooms; 2) Defendants are agents and/or operators of hotels; and 3) Defendants, regardless of whether they are sellers, resellers, or agents, are collecting taxes that should be remitted to the City of Atlanta.

Defendants countered that they are not owners and/or operators of hotels or motels and thus, are not subject to the state's enabling statute and/or the City of Atlanta's Hotel/Motel Tax ordinances. Thereafter, the Court discussed with the parties the issues to be determined and implemented a scheduling order in which the parties agreed to proceed in an expedited manner.

One of the issues identified for determination by the Court, prior to making a decision and pronouncement on the decisive issue of whether Defendants are actually liable to the City, is whether the City had a requisite duty to exhaust its administrative hearing process prior to filing suit in court. The Court asked the parties to brief the issue and arguments were heard on November 13, 2006. While several peripheral issues were presented at the hearing, the Court's sole issue of determination was as to the city's requirement to exhaust its administrative remedies before filing suit.

## II. Discussion

The Georgia legislature enacted O.C.G.A. §48-13-51(a)(1), an enabling statute, which empowers cities and municipalities to collect and levy taxes. The statute reads in pertinent part:

> The governing authority of each municipality in this state may levy and collect an excise tax upon the furnishing for value to the public of any room or rooms, lodgings, or accommodations furnished by any person or legal entity licensed by, or required to pay business or occupation taxes to, the municipality for operating a hotel, motel, inn, lodge, tourist camp, tourist cabin, campground, or any other place in which rooms, lodgings, or accommodations are regularly furnished for value.

O.C.G.A. § 48-13-51(a)(1)(A). Moreover, pursuant to O.C.G.A. § 48-13-53, the cities and municipalities also have the power to initiate their on set of rules, policies, and procedures regarding the "manner of imposition, payment, and collection of the tax, and all other procedures related to the tax." Based on the

state's enabling statutes, the City of Atlanta promulgated specific rules, policies and procedures, encompassed in its ordinances §§ 146-76 thru 146-89, inclusive, to guide the city in the collection of its hotel/motel taxes.

It has been longstanding Georgia law that "[A] party aggrieved by a state agency's decision must raise all issues before that agency and exhaust available administrative remedies before seeking any," judicial action regarding that decision. Perkins v. Dept. of Med. Assistance, 252 Ga. App. 35, 36, 555 S.E.2d 500 (2001). The constitutional separation of powers between the executive branch and the judicial branch requires review of agency decisions to follow such statutory procedures as a condition precedent to obtaining subject matter jurisdiction. Id. at 36. Furthermore, levying, assessing and collecting taxes are functions within the executive branch; thus, tax questions should be resolved first through the administrative process. Moreton Rolleston, Jr. Living Trust v. Glynn Cty. Bd. Of Tax Assessors, 240 Ga. App. 405, 408 n.2, 523 S.E. 2d 600, 604 n.2 (1999); Chatham Cty. Bd. Of Assessors v. Jepson, 261 Ga. App. 771, 772, 584 S.E.2d 22, 23 (2003).

In the case at hand the City argues that the state's enabling statues along with the City's Hotel/Motel tax ordinances, City of Atlanta Resolution 05-R-2463[1] and non-application of the law of exhaustion of administrative remedies provides the City with the authority to file suit without first having provided Defendants

---

[1] Resolution 05-R-2463 was passed by the City of Atlanta for the sole purpose of "initiat[ing] and prosecut[ing] a civil action on behalf of the City of Atlanta to collect any un-remitted hotel occupancy taxes duly owed to the City of Atlanta."

4

with an administrative hearing. Case law however, dictates that this remedy should only be pursued after exhausting all administrative procedures. Perkins at 36. In fact, the state's enabling statute, O.C.G.A. § 48-13-53.3(b), contemplates the use of administrative procedures when taxes have not been paid: "[t]he governing authority imposing a tax under this article shall make an estimate for the taxable period of taxable charges" for non-payment. In view of the of the state's enabling statute, the City should have taken steps to engage Defendants to estimate the appropriate amount of taxes due and owing, prior to filing suit. To date the City has failed to engage Defendants in this manner.

Likewise, the City's ordinance entitled "**Determination if No Return Made**" further reflects on situations that arise when **no** return has been filed, which is similar to the case at hand. City of Atlanta Ordinance §146-87. **(emphasis added).** While City of Atlanta Ordinance §146-89 gives the Chief Financial Officer the authority to bring an action in the courts of this state for non-payment, §146-87 suggests that the other processes and procedures must be adhered to prior to filing suit.

Moreover, when a city does act on the power granted in the enabling statutes and promulgates rules, policies and procedures, the enactment of resolutions stating otherwise, cannot and does not act to circumvent established policies and procedures enacted pursuant to enabling statutes and the City's Hotel/Motel Tax ordinances. Allen v. Wise, 204 Ga. 415, 417 50 S.E.2d. 69, 71 (1948) (quoting City of Rome v. Reese, 19 Ga. App. 559, 560, 91 S.E. 880, 881

5

(1917)) ("the distinction between an ordinance and a resolution is usually considered to be that, while a resolution deals with matters of special or temporary character, an ordinance prescribes some permanent rules of government.")

Also, the City argues that the doctrine of exhaustion of administrative remedies does not apply in this case because it was "established to prevent litigants from obtaining judicial review of government decisions where an adequate administrative forum exits to resolve the dispute." See City of Atlanta's Memorandum of Law at 3. Continuing, the City argues that Defendants, even if given the opportunity to participate in the administrative process, would completely reject the City's notion that taxes are do and owing to the City, claiming that they are not subject to the City's Hotel/Motel tax ordinances. Hence, the City's administrative hearing process would not offer an adequate forum to resolve the tax issue.

The City may be absolutely correct in its assessment of Defendants' posture. However, this speculative view proffered by the City does not allow the City to take what they deem to be the expedient course of action and file suit in court, as opposed to the correct course of action which would have been to exhaust its administrative process. See USA Payday Cash Advance Centers v. Oxendine, 262 Ga. App. 632, 634 585 S.E.2d 924 (2003) (finding that a dispute over whether Plaintiff was subject to Georgia usury laws, must first be determined through an administrative process). Thus, the City should have first, at the very least, attempted to exhaust its administrative remedies.

Lastly, in addition to the reasons cited in the case law, public policy also dictates that the City should have exhausted its administrative resources prior to filing suit. Levying and assessing taxes is a function of the executive branch. The Court should not interfere with the duties of the executive branch unless and until all administrative remedies have been pursued. Furthermore, it stands to reason that if citizens are required to exhaust all administrative remedies prior to utilizing the courts; see USA Payday at 634, surely the inverse would be true of the City. Therefore, for the reasons set forth above, the City's Complaint is dismissed for lack of subject matter jurisdiction

**SO ORDERED** this \_\_\_11\_\_\_ day of December, 2006.

_____
MICHAEL D. JOHNSON, JUDGE
FULTON COUNTY SUPERIOR COURT
ATLANTA JUDICIAL CIRCUIT