# Exhibit I

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA.

CASE NO.: 16-2006-CA-5393-XXXX
DIVISION: CV-B

THE CITY OF JACKSONVILLE,

    PLAINTIFF,

v.

HOTELS.COM, L.P.; HOTELS.COM GP,
LLC; HOTWIFE, INC; CHEAP TICKETS,
INC.; CENDANT TRAVEL DISTRIBUTION
SERVICES GROUP, INC.; CENDANT
CORPORATION; IAC/INTERACTIVECORP;
EXPEDIA, INC.; INTERNETWORK PUBLISHING
CORP. (d/b/a LODGING.COM); LOWESTFARE.
COM, INC.; MAUPINTOUR HOLDING, LLC.;
ORBITZ, INC.; ORBITZ, LLC; PRICELINE.COM,
INC.; SITES59.COM, LLC; TRAVELOCITY.COM,
INC.; TRAVELOCITY.COM, LP; TRAVELWEB,
LLC.; TRAVELNOW.COM, INC., and DOES 1
THROUGH 1000 INCLUSIVE,

    DEFENDANTS.
_____/

## ORDER DISMISSING CLASS ACTION COMPLAINT

This case came before the Court on June 18, 2007, for a hearing on Defendants' Motion to Dismiss the Class Action Complaint[1] in this case. This motion was filed by all Defendants

---

[1] No class has been certified, and the issue of class certification is not presently before the Court. The instant case is not the only case in which such class certification has been sought. *City of Columbus v. Hotels.com*, ___ F. Supp. 3d ___, 2007 WL 2029036 (S.D. Ohio 2007)(slip opinion transferring to state court action filed by two Ohio cities)("Plaintiffs initially sought to represent all Ohio cities to which Defendants allegedly owe transient occupancy taxes.")

This case is one of many similar actions that have been filed in federal and state courts

named above.[2] The Court has considered the excellent written and oral argument of counsel for the parties.

The moving Defendants are online travel companies ("OTC") which, over the Internet, offer hotel room reservations to consumers at a discounted price. The complaint alleges that the OTC purchase a block of hotel rooms from hotels at wholesale prices, and then offer those hotel rooms to consumers at higher prices which are still lower than the hotels' published room rates. In addition to charging a consumer for a hotel room, the OTC also charge him or her a "taxes and services" fee. They do not break this fee down into its component parts ("taxes" v. "services").

The complaint alleges that the OTC defendants are subject to the local Convention Development Tax and Tourist Development Tax ordinances, which apply to persons who or entities which rent, lease or let hotels in the City of Jacksonville. It further alleges that the OTC defendants have failed to pay these taxes in full because they have remitted to the City taxes on only the wholesale room prices they pay to a hotel chain, rather than on the higher room prices

---

in a number of jurisdictions, including Ohio, Georgia, Illinois, Pennsylvania, California, and Florida.

[2] Except, of course, the unidentified Defendants "Does 1 through 1000, inclusive."

they charge a consumer.

The complaint contains five counts,[3] as follows:

| Counts of Class Action Complaint | |
|---|---|
| 1 | Failure to Collect and/or Remit Tourist and Convention Development Taxes (in violation of §§121.0104, 212.0305, Fla. Stat.; Jacksonville Code of Ordinances, §666.106-07, and "Other Similar Ordinances") |
| 2 | Conversion |
| 3 | Unjust Enrichment |
| 4 | Imposition of a Constructive Trust |
| 5 | Declaratory Judgment |

The power to levy and collect taxes is that of the executive branch of government, and tax questions should be resolved through the administrative process before the parties resort to the courts. *City of Atlanta v. Hotels.com, et al.*, 2006 WL 3728957 (Ga. Super. 2006)(not reported in

---

[3] It also, of course, contains allegations related to class action certification, seeking to certify a class "consisting of all Florida counties that have enacted tourist development taxes pursuant to sec. 125.0104, F.S. and/or convention development taxes pursuant to sec. 212.0305, F.S. and have elected self administration of such taxes." Section I, Paragraph 1 ("Introduction") of Class Action Complaint.

official reporter), at page 2 of Westlaw print-out.

In *City of Philadelphia v. Hotels.com, et al.,* 2006 WL 1520749 (Pa. Ct. Common Pleas 2006)(not reported in official reporter), a case similar to the one at bar, a state trial court considered whether to dismiss the plaintiff municipality's[4] complaint against OTC defendants. The court expressed its concern that the City's lawsuit was premature because the City had not exhausted its own administrative remedies:

> This court is troubled by the fact that it does not appear that the City has ever performed an audit, provided notice or attempted to collect the Tax from Defendants, other than by filing the instant lawsuit. It is the function of the court system to resolve legal disputes; its role is not to levy or collect taxes (absent an appeal).
> ***
> The case [before the Court] is not an appeal from a tax assessment, nor can it be, as there has been no formal determination by the Tax Review Board or any other administrative body from which the

---

[4] The analysis is different when it is not a municipality but a consumer who sues. *See, e.g., Marshall v. Priceline.com, Inc.,* 2006 WL 3175318 (Del. Super. 2006)(page 4 of unpublished opinion)(motion to dismiss; "[T]he only theory the Court is allowing the litigation to proceed with is that related to the practice of collecting from the Plaintiffs a tax allegedly based upon the higher price (the 'retail' price) of the room for which Priceline had no obligation to pay the taxing authority, and merely kept the difference.")

> Defendants can appeal. Nor is this a tort claim, as the City contends. Conversion is the deprivation of another's right of property in, or use or possession of, chattel, or other interference therewith, without the owner's consent and without lawful justification. [Citation omitted.] Here, there has been no determination that the Tax is actually owed by the Defendants and this court lacks jurisdiction to make such a pronouncement. Despite its artful pleading, what the City is actually seeking here is a declaration from this court that Defendants owe the Tax. Such an action is not permissible under Pennsylvania law, as it concerns a matter solely within the jurisdiction of the Tax Review Board.

*Id.*, Westlaw print-out at page 2.

In the present case, acting pursuant to state statutory authority, the City of Jacksonville has enacted municipal ordinances providing for the imposition, calculation, collection, and distribution of development and tourist taxes, and providing for an administrative dispute resolution process when assessed taxes are not paid. The Class Action Complaint does not allege that the City of Jacksonville has utilized these procedures to pursue any unpaid taxes owed by the Defendants. *See* "Order Dismissing Plaintiffs' Complaint" in *Orange County v. Expedia, Inc.*, no. 07-2006-CA-2104 (Orange Cty. Cir. Ct. 2007)(complaint dismissed where county had not yet audited Defendants or assessed them for unpaid taxes).[5] It does not allege that the City of Jacksonville has ever performed an audit of the Defendants, determined the taxes due from them, provided them notice of the amount of taxes allegedly due, or attempted to collect those taxes.[6]

---

[5] Plaintiff cites an "Order Denying Motion to Dismiss," entered by the Honorable Paul C. Huck in a federal court action, *Leon County v. Hotels.com*, no. 06-21878-CIV-HUCK/SIMONTON (S.D. Fla. 2006). A review of the order, however, suggests that Defendants did not base their motion to dismiss on the absence of an allegation regarding exhaustion of administrative remedies but rather on the alternative asssertions that Defendants were not subject to the taxing ordinances or, if they were, they had paid all taxes owed.

[6] It is not the role of the courts, through counts for declaratory judgment, conversion,

The Class Action Complaint thus fails to allege that the Plaintiff municipality has exhausted its administrative remedies to determine, assess, and collect unpaid taxes owed by Defendants. Based upon the discussion among counsel and the Court at the motion hearing, the Court does not believe that the Plaintiff will presently be able to amend its Class Action Complaint to allege that it has, even now, exhausted its administrative remedies.[7] If Plaintiff cannot amend to include the necessary allegation, the Court will dismiss the action without prejudice to Plaintiff's right to refile the action after it exhausts its administrative remedies.

ACCORDINGLY, it is ORDERED that Defendants' Motion to Dismiss the Class Action Complaint is granted. The Class Action Complaint is dismissed with leave to amend to include an allegation that the Plaintiff has exhausted its administrative remedies to determine, assess, and collect any unpaid taxes owed to it by Defendants. Any Amended Class Action Complaint shall be filed, if at all, within twenty (20) days of the date of this order. Failure to timely file an Amended Class Action Complaint [or Amended Complaint, should Plaintiff elect to abandon its request for class certification] will result, without further hearing, in the entry of an order dismissing this action without prejudice.

ENTERED on August _____, 2007, in Jacksonville, Duval County, Florida.



Circuit Judge Karen K. Cole

---

unjust enrichment, or constructive trust, to make the initial assessment of taxes due.

[7] The Court therefore does not reach Defendants' other arguments, including those related to the legal sufficiency of the various counts of the complaint.

Copies to:

Michael Freed, Esquire
76 South Laura Street, Suite 2110
Jacksonville, Florida 32202

Cindy Laquidara, Esquire
117 West Duval Street
Jacksonville, Florida 32202

R. Bryant McCulley, Esquire
One Independent Drive, Suite 3201
Jacksonville, Florida 32202

John S. Kalil, Esquire
One Independent Drive, Suite 2400
Jacksonville, Florida 32202

Robert E. Shields, Esquire
1355 Peachtree Street, N.E.
The Peachtree, Suite 1600
Atlanta, Georgia 30309