1   JAMES C. STURDEVANT (CA Bar No. 94551)
2   *jsturdevant@sturdevantlaw.com*
    MONIQUE OLIVIER (CA Bar No. 190385)
3   *molivier@sturdevantlaw.com*
    THE STURDEVANT LAW FIRM
4   A Professional Corporation
    475 Sansome Street, Suite 1750
5   San Francisco, California 94111
    Tel: (415) 477-2410
6   Fax: (415) 477-2420

7
    Attorneys for Plaintiff
8   CITY OF OAKLAND

9   DARREL J. HIEBER (CA Bar No. 100857)
10  *dhieber@skadden.com*
    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
11  300 South Grand Avenue
    Los Angeles, California 90071-3144
12  Tel: (213) 687-5000
    Fax: (213) 687-5600
13

14  Attorneys for Defendants
    PRICELINE.COM INCORPORATED,
15  LOWESTFARE.COM INCORPORATED
    and TRAVELWEB LLC
16
17  [ADDITIONAL COUNSEL APPEAR ON
    SIGNATURE PAGE]

18                  UNITED STATES DISTRICT COURT

19              NORTHERN DISTRICT OF CALIFORNIA

20                      OAKLAND DIVISION

21

22  CITY OF OAKLAND, CALIFORNIA,          Case No. 4:07-CV-03432-SBA

23              Plaintiff,                **JOINT RULE 26(F) REPORT AND
                                          CASE MANAGEMENT
24          v.                            STATEMENT;**

25  HOTELS.COM, L.P., *et al.*,           **AND [PROPOSED] ORDER**

26              Defendants.

27

28

JOINT RULE 26(F) REPORT AND CASE MANAGEMENT STATEMENT; AND [PROPOSED] ORDER
CASE NO. 4:07-CV-03432 SBA

1         Plaintiff and Defendants jointly submit this Rule 26(f) Report, Case Management

2   Statement and Proposed Order and request the Court adopt it as its Case Management Order in

3   this case.  On September 10, 2007, counsel for Plaintiff and the Defendants[1] conferred by

4   telephone pursuant to Rule 26(f) and Civil Local Rule 16-9, and hereby report on that meeting.

5         1.     **Jurisdiction and Service:**

6         All Defendants have been served.

7         Plaintiff contends that this Court has jurisdiction over the subject matter of its claims

8   pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between Plaintiff

9   and Defendants and the amount in controversy exceeds the sum of $75,000 exclusive of interests

10   and costs.  This Court has personal jurisdiction over each of the Defendants.

11         Defendants contend that this Court lacks jurisdiction over the subject matter of Plaintiff's

12   claims because Plaintiff has failed to exhaust the administrative remedies required by its

13   Ordinances.  *See City of Los Angeles v. Centex Telemanagement,* 29 Cal. App. 4th 1384, 1389

14   (1994); *City of Los Angeles v. Hotels.com, L.P.,* Case No. BC 326693 (Cal. Super. Ct. July 27,

15   2007); *City of San Diego v. Hotels.com, L.P.,* Case No. GIC 861117 (Cal. Super. Ct. July 27,

16   2007).

17         2.     **Brief Chronology and Statement of Principal Factual Issues**

18         a.     Plaintiff's Position:    Plaintiff, City of Oakland ("Oakland"), brings this

19   action based on Defendants' failure to collect and/or remit taxes to Oakland.  Plaintiff alleges that

20   Defendants, all of which are online travel companies, underpaid to them Plaintiff's "Transient

21   Occupancy Tax" ("Occupancy Tax").  Plaintiff's Occupancy Tax requires all Defendants to

22   collect and remit taxes on behalf of the city in the amount of eleven (11) percent of the rent

23   charged for occupancy of any hotel room.

24         Plaintiff alleges that the tax is paid by the consumer occupants to Defendants and

25   collected on behalf of Plaintiff by the Defendants.  Although Defendants are charging and

26   collecting Transient Taxes from consumers, the taxes are not being fully remitted to the City of

27

28

---

[1] On September 10, 2007, Plaintiff dismissed Defendant Maupintour Holding, LLC.  References herein to "Defendants" shall not include Maupintour Holding, LLC.

1   Oakland.   The amount actually remitted by Defendants to Oakland is less than the amount

2   collected from the guest.  The remainder of the taxes is unlawfully retained by Defendants.

3           The business practice works as follows: Defendants contract with hotels for rooms at

4   negotiated discounted room rates.  Defendants then mark-up their inventory of rooms and sell the

5   rooms to members of the public, who rent out the rooms.  Defendants require hotels not reveal to

6   the general public what Defendants pay for the hotel room.  Likewise, the hotels do not know

7   what the general public paid for the hotel room. When a guest transacts with Defendants for a

8   hotel room, the guest pays them the full marked-up price of the room, plus applicable taxes.  The

9   guest pays the correct amount of tax – an amount based upon the full marked-up price the guest

10  paid to Defendants for the room.   The guest is led to believe that Defendants are remitting the

11  correct amount of taxes to Plaintiff.

12          Defendants subsequently remit the occupancy taxes, but only for the amount on the

13  negotiated discount room rate.  Thus, Oakland only receives taxes on the lower amount of the

14  room rate, while the guest pays the tax amount based on the higher amount.  Each Defendant then

15  pockets the difference.

16          Defendants have filed a motion to dismiss claiming that Plaintiff failed to exhaust

17  administrative remedies.  Yet, the Occupancy Tax Ordinance explicitly does not require

18  exhaustion of administrative remedies.  It reads, "nothing in this chapter shall be interpreted to

19  preclude or limit the city from seeking injunctive or other judicial relief." Oakland, Cal.,

20  Transient Occupancy Tax Code §4.24.170.

21          Defendants also argue that they have no duty to collect and remit taxes to Oakland, but

22  this claim is inconsistent with Defendants own conduct, which involves actually charging and

23  collecting taxes.  Defendants are also the ones directly dealing with the consumer, consummating

24  the sale, collecting the charges, and the only entity on the selling side of the transaction who

25  knows the full price being paid by the consumer.

26          Plaintiff vigorously disputes the bases of Defendants' Motion to Dismiss.  However,

27  Plaintiff believes the appropriate forum for addressing arguments on the Motion to Dismiss is in

28

1  its Opposition to the Motion to Dismiss and not within this Case Management Conference

2  Statement.

3        b.      <u>Defendants' Position:</u>  On September 18, 2007, certain Defendants (the online

4  travel company or "OTC Defendants") filed a motion to dismiss Plaintiff's Complaint.[2]

5  Defendants contend that (i) this Court lacks jurisdiction over Plaintiff's suit because Plaintiff has

6  failed to exhaust the administrative procedures and remedies mandated by Plaintiff's transient

7  occupancy tax ordinance, Oakland Mun. Code Chapter 4.24, <i>et seq.</i> (the "Ordinance"); and (ii)

8  even if Plaintiff were not required to exhaust those procedures and remedies, it has failed to state

9  a viable cause of action under that Ordinance against any of the OTC Defendants.

10        The remaining Defendants (the "Non-OTC Defendants") contend they are not properly

11  named in the Complaint either because they do not and have not undertaken an online hotel

12  reservation facilitation business or because they have not facilitated reservations for rooms in any

13  hotel in Oakland.[3]  The Non-OTC Defendants have asked Plaintiff to dismiss them from this

14  action and Plaintiff is considering that request.  The parties agree that if any of the Non-OTC

15  Defendants have not been dismissed voluntarily by September 28, 2007, those Non-OTC

16  Defendants will move to dismiss the Complaint or join in the OTC Defendants' motion to

17  dismiss.

18        Each of the OTC Defendants collects and publishes travel-related information on the

19  Internet and facilitates the making of hotel room reservations for customers.  They provide

20  customers with an efficient, convenient, alternative means of obtaining comparative hotel

21  information and making a hotel room reservation.  Each offers customers the service of

22  providing, in one place online, comparative information about hotels in a selected locale, and then

23  facilitating the customer's making of a room reservation with a particular hotel.

24  [2] The "OTC Defendants" are Hotels.com, L.P., Trip Network, Inc. (d/b/a Cheaptickets.com),
    incorrectly named as Trip Network, Inc. (d/b/a Cheap Tickets, Inc.), Expedia, Inc., Internetwork
25  Publishing Corp. (d/b/a Lodging.com), Lowestfare.com Incorporated, Orbitz, LLC, priceline.com
    Incorporated, Site59.com, LLC, Travelocity.com, L.P. and Travelweb LLC.
26
    [3] The Non-OTC Defendants are TravelNow.com, Inc., Hotels.com GP, LLC, Orbitz, Inc.,
27  Travelport Americas, LLC (f/k/a Cendant Travel Distribution Services Group, Inc.), incorrectly
    named as Travelport, Inc. (f/k/a Cendant Travel Distribution Services Group, Inc.), Sabre
28  Holdings Corporation and Travelocity.com, Inc.

1    Plaintiff's transient occupancy tax ordinance imposes a tax of eleven percent of the "rent

2   charged by the operator" of a "hotel" for the privilege of occupying a room in the hotel. Plaintiff

3   seeks by this lawsuit to expand its tax base by ignoring these express limitations in its own

4   Ordinance and attempting to impose transient occupancy tax liability on the OTC Defendants,

5   none of which operates a hotel. In particular, Plaintiff asserts that, in addition to the tax on "rent

6   charged by the operator" of a hotel for the privilege of occupancy, the Ordinance also imposes a

7   tax on the amount an OTC Defendant charges a customer and retains for online facilitation

8   services, an amount that is not "rent charged by the operator" of the hotel. By doing so, Plaintiff

9   seeks, for the first time, to impose the tax on Internet services that have never before been subject

10   to the tax.

11    Plaintiff's lawsuit is precluded by its failure to exhaust the administrative procedures and

12   remedies mandated by its own Ordinance. Plaintiff's Ordinance mandates that, before a judicial

13   suit is filed, the Oakland Tax Administrator is to assess the tax allegedly owed, inform the

14   asserted taxpayer of the assessment, and then, at the request of the alleged taxpayer, participate in

15   an administrative hearing at which evidence is presented and a determination made as to whether

16   the alleged taxpayer is liable for the tax, and if so, the amount of tax owed. The Ordinance

17   further provides an administrative appeal process before a Board of Review. Judicial review is

18   only to follow the exhaustion of these administrative procedures. Plaintiff's Complaint concedes,

19   by its silence, that it complied with none of these mandatory procedures, and, as a result, this

20   Court lacks jurisdiction.

21    Even if Plaintiff were not required to exhaust those procedures and remedies, its

22   contention that the Ordinance imposes tax obligations or liabilities on the OTC Defendants is

23   refuted by the Ordinance's express terms. The Ordinance defines an "operator" solely as the

24   "person who is [the] proprietor" or "the managing agent" of the "hotel," which is defined as an

25   actual "space or structure for living ... offering the right to use such space for ... sleeping

26   accommodations." Plaintiff does not allege that any OTC Defendant is "the person who is [the]

27   proprietor" or "the managing agent" of a hotel. The Complaint confirms Plaintiff cannot allege

28

1   facts, which if true, would render any OTC Defendant that person as to any hotel. On this ground

2   alone, Plaintiff's purported claims under the Ordinance fail.

3        Plaintiff's claims must be dismissed also because the Ordinance imposes the tax only on

4   the "rent charged by the operator" of the hotel for the "privilege of occup[ying]" a room in its

5   hotel, and "room rental" includes only the "total charge made by a hotel ... [for] overnight

6   accommodations space furnished to a transient...." The amount an OTC Defendant collects from

7   a customer and retains for its online facilitation services is not "rent charged by the operator" of

8   the hotel, nor part of the "total charge made by a hotel" for furnishing a room to the customer.

9   Rather, that amount is a charge by the OTC Defendant and compensation for the information and

10  facilitation services that it provided.

11       Even if all of the above express limitations in the Ordinance were also reasonably

12  susceptible to Plaintiff's statutory constructions (which they are not), the OTC Defendants would

13  still be entitled to dismissal. It is well settled that any ambiguity in a tax statute or ordinance

14  must be strictly construed against the taxing authority and liberally construed in favor of the

15  entity sought to be held liable for the tax. Thus, any ambiguity in the Ordinance would have to be

16  construed in the OTC Defendants' favor, defeating Plaintiff's claims.

17       Finally, the City is left to allege that each OTC Defendant not only charges a customer an

18  amount to cover the tax on the "rent charged by the hotel," but also collects and retains "tax" from

19  the customer on the additional amount the OTC Defendant charges for its online facilitation

20  services. Such a conclusory allegation is properly ignored on a motion to dismiss. Indeed, the

21  City's conclusory allegation turns out merely to be the circular assertion that the "taxes and

22  service fee" item an OTC Defendant charges a customer is sufficient in amount to cover the

23  additional tax the City asserts is owed by the OTC Defendant, if such additional tax is in fact

24  owed. But even if the City could allege facts to support its conclusory allegation of additional

25  collected but unremitted "tax" (it cannot), it could not save its failed claims. The City would have

26  no claim to any amount not owed to it as tax under the Ordinance. Any claim for amounts that an

27  OTC Defendant allegedly collected from customers in the name of a tax which the customers did

28  not owe, would belong, if at all, to the customers, not the City.

JOINT RULE 26(F) REPORT AND CASE MANAGEMENT STATEMENT; AND [PROPOSED] ORDER         6
CASE NO. 4:07-CV-03432 SBA

1    Plaintiff's tag along equitable claims for violation of Cal. Bus. & Prof. Code §§ 17200, *et*

2  *seq.*, a constructive trust, unjust enrichment, conversion and declaratory judgment, are also solely

3  premised on the allegation that the OTC Defendants owe taxes under the Ordinance, and thus fail

4  for all of the above reasons and others unique to them.

5           c.      Principal Factual Issues in Dispute:

6                   Defendants' Factual Issues:

7                   (1)      Whether any OTC Defendant owns or manages a hotel in Oakland;

8                   (2)      Whether the amount each OTC Defendant collects from a customer and

9  retains for its online facilitation service is "rent charged by the operator" of a hotel subject to the

10  tax imposed by the Ordinance; and

11                  (3)      Whether any of the OTC Defendants have exercised control over monies

12  belonging to Plaintiff.

13                  Plaintiff's Factual Issues:

14                  (4)      Whether Defendants have fully complied with all of the requirements of

15  the Ordinance, including collecting and remitting tax.

16          3.      **Principal Legal Issues:**

17                  Plaintiff's Position:

18                  (1)      Whether Plaintiff needs to exhaust remedies in light of the Ordinance's

19  express provision declaring nothing in the Ordinance shall be interpreted to preclude Oakland

20  from seeking judicial relief.

21                  (2)      Whether Defendants are required to collect and remit taxes.

22                  (3)      Whether Defendants have collected the taxes upon which they have a duty

23  to remit.

24                  (4)      Whether Defendants have remitted taxes to the City of Oakland to meet

25  their obligation under the Transient Occupancy Tax.

26                  (5)      Whether Defendants comply with all provisions of the Transient

27  Occupancy Tax code including duties required, such as collection, reporting and remitting of tax,

28  and providing a separate statement of tax charged.

1      (6)    Whether Defendants committed an unfair, unlawful or fraudulent business

2    practice in violation of Cal. Bus. & Prof. Code §§ 17200, et seq. in failing to comply with the

3    Ordinance.

4      (7)    Whether Defendants are liable for conversion, unjust enrichment, or

5    subject to imposition of a constructive trust based their failure to pay tax owed under the

6    Ordinance.

7      (8)    Whether Plaintiff is entitled to a declaratory judgment that Defendants, and

8    the amounts they charge for their services, are subject to Oakland's transient occupancy tax.

9    Defendants' Position:

10      (1)    Does Plaintiff's failure to exhaust the administrative remedies in its tax

11    Ordinance require dismissal of Plaintiff's Complaint for lack of jurisdiction?

12      (2)    Is any OTC Defendant "the person who is [the] proprietor" or "the

13    managing agent" of any hotel in Oakland, and therefore subject to Oakland's transient occupancy

14    tax Ordinance?

15      (3)    Is the amount any OTC Defendant charges a customer and retains for its

16    online services subject to Oakland's transient occupancy tax Ordinance?

17      (4)    Has any OTC Defendant committed an unfair, unlawful or fraudulent

18    business practice in violation of Cal. Bus. & Prof. Code §§ 17200, et seq. for which Plaintiff can

19    state a claim thereunder?

20      (5)    Is any OTC Defendant liable for conversion, unjust enrichment, or subject

21    to imposition of a constructive trust based on Plaintiff's assertion that the OTC Defendants have

22    failed to pay tax owed under the Ordinance?

23      (6)    Is any Non-OTC Defendant liable for any asserted tax liability of an OTC

24    Defendant for which it is a parent or subsidiary?

25      (7)    Is Plaintiff entitled to a declaratory judgment that Defendants, and the

26    amounts they charge for their services, are subject to Oakland's transient occupancy tax?

27      (8)    Even if any OTC Defendant is subject to Oakland's transient occupancy

28    tax, can that tax be imposed on a OTC Defendant's out-of-state provision of services online

1  without violating the U.S. Constitution, including the Commerce Clause and Due Process Clause,

2  and the Internet Tax Freedom Act (a/k/a the Internet Tax Nondiscrimination Act), reproduced at

3  47 U.S.C. § 151 note § 1100 *et seq.*?

4  **4.    Motions:**

5  Prior motions:        None.

6  Pending motions:    The OTC Defendants' Joint Motion to Dismiss the Complaint and
7                              Demand for Jury Trial (filed September 18, 2007).

8  Anticipated motions:  The Non-OTC Defendants' Joint Motion to Dismiss the Complaint
                              and Demand for Jury Trial (to be filed on or before September 28,
9                              2007, if such Defendants are not dismissed voluntarily).

10                              Possible motions for summary judgment if the Motion(s) to
11                              Dismiss are not dispositive of this action as to all Defendants.

12  **5.    Amendment of Pleading:**

13  Plaintiff does not anticipate amendments to its Complaint at this time, but reserves its

14  right to do so pursuant to leave of Court.

15  **6.    Evidence Preservation:**

16  Plaintiff has taken steps to preserve any records, hard copy and electronic, that it has

17  regarding the matters described in its Complaint.

18  Defendants have taken steps to preserve any records, hard copy and electronic, that they

19  have regarding the events alleged in the Complaint, including informing employees of their duty

20  to preserve relevant evidence and reasonable measures to interdict document destruction

21  programs and preserve electronically-stored information.

22  **7.    Disclosures:**

23  Plaintiff's Position:

24  Plaintiff is prepared and believes the parties should exchange Rule 26(a) disclosures by no

25  later than October 17, 2007.

26  Defendants' Position:

27

28

1    Should the Court deny Defendants' motion to dismiss the Complaint, the parties should

2    exchange Rule 26(a) disclosures within 30 days of the Court's order on that motion.

3    8.    **Discovery:**

4    Discovery taken to date:    None.

5    Anticipated discovery:    The parties anticipate issuing written discovery requests and

6    taking depositions.  The parties do not believe any limitations on discovery or modifications to

7    the discovery rules are necessary, except as set forth below in Section 17.

8    Discovery Plan:    See Section 17 below.

9    9.    **Class Actions:**

10    This is not a class action.

11    10.    **Related Cases:**

12    Plaintiff does not believe there are related cases.

13    Defendants submit that the following cases are related:

14    (a)    *City of Los Angeles v. Hotels.com, L.P.*, Case No. BC 326693 (Cal. Super.

15    Ct.), a putative class action asserting claims substantially similar those here on behalf of the City

16    of Los Angeles and a putative class of California cities, counties and other municipalities that

17    have enacted occupancy taxes, which putative class includes the Plaintiff in this action.

18    (b)    *City of San Diego v. Hotels.com, L.P.*, Case No. GIC 861117 (Cal. Super.

19    Ct.), an individual action asserting claims substantially similar to those here brought by the City

20    of San Diego, which was a member of the putative class alleged in the *City of Los Angeles* action.

21    11.    **Relief:**

22    Plaintiff City of Oakland seeks the following relief:

23    (a)    disgorgement and restitution plus interest due thereon at the legal rate

24    and/or as established by Plaintiff of Oakland's Transient Taxes;

25    (b)    a declaration that Defendants' business practices are illegal, deceptive,

26    unfair, and unlawful business practices;

27

28

1       (c)   an injunction requiring Defendants' to:  (1) collect said taxes from the

2    public to whom they sell rooms; (2) identify, categorize and quantify to Plaintiff of Oakland the

3    taxes due and being paid (3) and remit the taxes due to Plaintiff;

4       (d)   costs;

5       (e)   prejudgment interest to the extent allowed by law; and

6       (f)   penalties as allowed by law.

7    Defendants seek denial of all relief sought by Plaintiff and seek recovery of costs and

8    expenses, including the costs of mediation, arbitration, litigation, court fees and reasonable

9    attorneys' fees.

10    12.    **Settlement and ADR:**

11    There have been no settlement discussions to date.

12    The parties have stipulated that, should the Court deny Defendants' motion to dismiss the

13    Complaint, they will conduct an Early Neutral Evaluation within 60 days of that order.

14    13.    **Consent to Magistrate Judges for All Purposes:**

15    The parties do not consent to the assignment of a magistrate judge.

16    14.    **Other References:**

17    The parties do not believe this action is suitable at this time for reference to binding

18    arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

19    15.    **Narrowing of Issues:**

20    Except as otherwise set forth herein, as of today, it is too early to determine whether this

21    case may be narrowed by agreement or motion; however the parties will revisit the issue at some

22    time after sufficient discovery is completed.  Likewise, the parties do not currently have any

23    suggestions to expedite the presentation of evidence at trial, or any requests to bifurcate issues,

24    claims or defenses, but reserve the right to make such suggestions following resolution of

25    Defendants' motion to dismiss.

26    16.    **Expedited Schedule:**

27    Except as otherwise set forth herein, the parties do not believe that this case can be

28    handled on an expedited basis with streamlined procedures.

17.    **Scheduling:**

Plaintiff's Proposal:

| | |
|---|---|
| Discovery Cut Off: | September 30, 2008 |
| Expert reports due: | November 28, 2008 |
| Rebuttal reports, if any, due: | December 30, 2008 |
| Dispositive Motion Deadline: | January 15, 2009 |
| Pretrial Conference: | March 2009 |
| Trial: | April 2009 |

Plaintiff believes all parties should be bound by the same deadlines and it is inappropriate to set different discovery deadlines for Plaintiff and Defendants.

Defendants' Proposal:

Because Defendants have presented a motion to dismiss that asserts, *inter alia*, that this Court lacks jurisdiction over Plaintiff's claims until Plaintiff has exhausted its administrative procedures, the parties believe that they should await ruling on that motion before scheduling discovery, dispositive motions, pretrial conference and trial. Should Defendants' motion to dismiss be denied, in whole or in part, Defendants propose the parties meet within 30 days of any such order to discuss the scheduling of discovery, dispositive motions, pretrial conference and trial.

Should the Court be inclined to enter a schedule notwithstanding the Defendants' motion to dismiss, Defendants propose that all discovery should be stayed pending ruling on the motion to dismiss and the following schedule be entered:

| | |
|---|---|
| Fact Discovery Cut-Off: | September 30, 2008 |
| Plaintiff's expert report due: | October 31, 2008 |
| Defendants' expert report due: | November 28, 2008 |
| Plaintiff's rebuttal report, if any, due: | December 15, 2008 |
| Close of Expert Discovery: | December 30, 2008 |
| Dispositive Motion Deadline: | January 15, 2009 |
| Pretrial Conference: | March 2009 |

1    Trial:                                        April 2009

2       With respect to the staggered dates for submission of expert reports, Defendants believe

3    that the scheduling of discovery on expert reports should be consistent with Paragraph B of the

4    Court's Order for Pretrial Preparation available on the Court's website.  Defendants further note

5    that their experts will be responding to those of Plaintiff, which has the burden of proof in this

6    action, and thus their deadline for the submission of expert reports should follow Plaintiff's.

7       18.   **Trial:**

8       Plaintiff has requested a jury trial.

9       The parties estimate that the trial can be conducted in approximately three weeks, after

10   selection of a jury.

11      Defendants contend that this case should be dismissed, and that, if it is not, it should be

12   resolved in Defendants' favor on summary judgment.

13      19.   **Disclosure of Non-Party Interested Entities or Persons:**

14      Each party has filed its "Certification of Interested Entities or Persons," required by Civil

15   Local Rule 3-16.

16      (a)   Plaintiff is unaware of any persons, associations of persons, firms, partnerships,

17   corporations or entities other than the parties themselves to have either: (i) a financial interest in

18   the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest

19   that could be substantially affected by the outcome of the proceeding.

20      (b)   Defendants priceline.com Incorporated, Lowestfare.com Incorporated and

21   Travelweb LLC are not aware of any persons, associations of persons, firms, partnerships,

22   corporations or entities other than the parties themselves to have either: (i) a financial interest in

23   the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest

24   that could be substantially affected by the outcome of the proceeding.

25      (c)   Defendants Expedia, Inc., Hotels.com, L.P., Hotels.com GP, LLC and

26   TravelNow.com, Inc. certify that as of this date, the following listed persons, associations of

27   persons, firms, partnerships, corporations (including parent corporations) or other entities have a

28   financial interest in the subject matter in controversy or in a party to the proceeding:

JOINT RULE 26(F) REPORT AND CASE MANAGEMENT STATEMENT; AND [PROPOSED] ORDER        13
CASE NO. 4:07-CV-03432 SBA

(1) Expedia, Inc., a Delaware corporation, is the parent company of Defendant Expedia, Inc., a Washington corporation.  No other publicly held company owns ten percent or more of the stock of Defendant Expedia, Inc. (a Washington corporation).

(2) Defendant TravelNow.com, Inc., a Delaware corporation, is a wholly owned subsidiary of Hotels.com, a Delaware corporation.  Expedia, Inc., a Delaware corporation, is the parent company of Hotels.com and, therefore, indirectly owns all of the issued and outstanding shares of Defendant TravelNow.com, Inc.  No other publicly held company owns ten percent or more of Defendant TravelNow.com, Inc.'s stock.

(3) Defendant Hotels.com, L.P. is a Texas limited partnership.  Hotels.com GP, LLC, a Texas limited liability company, and HRN 99 Holdings, LLC, a New York limited liability company, are the General and Limited Partner, respectively, of Defendant Hotels.com, L.P.  Both Hotels.com GP, LLC and HRN 99 Holdings, LLC are wholly-owned subsidiaries of Hotels.com, a Delaware corporation.  Expedia, Inc., a Delaware corporation, is the parent company of Hotels.com and, as such, indirectly owns 100% of the partnership units of Defendant Hotels.com, L.P.  No other publicly held company owns ten percent or more of the partnership units of Defendant Hotels.com, L.P.

(4) Defendant Hotels.com GP, LLC is a Texas limited liability company and General Partner of Defendant Hotels.com, L.P.  Hotels.com GP, LLC is a wholly-owned subsidiary of Hotels.com, a Delaware corporation.  Expedia, Inc., a Delaware corporation, is the parent company of Hotels.com and, as such, indirectly owns 100% of the membership units of Defendant Hotels.com GP, LLC.  No other publicly held company owns ten percent or more of the membership units of Defendant Hotels.com GP, LLC.

(d)    Defendants Travelocity.com, L.P., Travelocity.com, Inc., Site59.com, LLC, and Sabre Holdings Corp. certify that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

| **Person or Entity** | **Interest** |
|---|---|
| Texas Pacific Group | Owner of Sovereign Holdings, Inc. |
| Silver Lake Partners | Owner of Sovereign Holdings, Inc. |
| Sovereign Holdings, Inc. | Parent of Sabre Inc. |
| Sabre Inc. | Parent of Travelocity.com, Inc. |
| Michael S. Gilliland | Director – Sabre Inc. |
| Glenn Hutchins | Director – Sabre Inc. |
| Gary Kusin | Director – Sabre Inc. |
| Thomas McConnon | Director – Sabre Inc. |
| Greg Mondre | Director – Sabre Inc. |
| Joe Osnoss | Director – Sabre Inc. |
| Karl Peterson | Director – Sabre Inc. |
| Travelocity.com, Inc. | General Partner of Travelocity.com, LP |

(e)     Defendants Travelport Americas, LLC (f/k/a Cendant Travel Distribution Services Group, Inc.), Orbitz, Inc., Orbitz, LLC, Trip Network, Inc. (d/b/a Cheaptickets.com), and Internetwork Publishing Corp. (d/b/a Lodging.com), certify that as of this date, the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities have a financial interest in the subject matter in controversy or in a party to the proceeding:

(1)     Travelport Americas, LLC (f/k/a Cendant Travel Distribution Services Group, Inc.) ("Travelport") is a Delaware limited liability company. No publicly held company owns 10% or more of Travelport. All of Travelport's ownership interest is indirectly held by TDS Investor (Cayman) L.P., whose General Partner is TDS Investor (Cayman) GP Ltd. Travelport was incorrectly named in the Complaint as Travelport, Inc. (f/k/a Cendant Travel Distribution Services Group, Inc.).

(2)     Orbitz, Inc. is a Delaware corporation and an indirect subsidiary of Orbitz Worldwide, Inc., which is a publicly held company. Other than Orbitz Worldwide, Inc., which is

1    a Delaware corporation, no publicly held company owns ten percent or more of Orbitz, Inc.  A

2    majority of Orbitz Worldwide, Inc.'s stock is directly held by TDS Investor (Luxembourg)

3    S.a.r.l., a société à responsabilité limitée organized under the laws of Luxembourg.

4           (3)  Orbitz, LLC is a Delaware limited liability company and an indirect subsidiary

5    of Orbitz Worldwide, Inc., which is a publicly held company.  Other than Orbitz Worldwide, Inc.,

6    which is a Delaware corporation, no publicly held company owns ten percent or more of Orbitz,

7    LLC.  A majority of Orbitz Worldwide, Inc.'s stock is directly held by TDS Investor

8    (Luxembourg) S.a.r.l., a société à responsabilité limitée organized under the laws of Luxembourg.

9           (4)  Trip Network, Inc. (d/b/a Cheaptickets.com) ("CheapTickets") is a Delaware

10   corporation and an indirect subsidiary of Orbitz Worldwide, Inc., which is a publicly held

11   company.  Other than Orbitz Worldwide, Inc., which is a Delaware corporation, no publicly held

12   company owns ten percent or more of CheapTickets.  A majority of Orbitz Worldwide, Inc.'s

13   stock is directly held by TDS Investor (Luxembourg) S.a.r.l., a société à responsabilité limitée

14   organized under the laws of Luxembourg.  CheapTickets was incorrectly named in the Complaint

15   as Trip Network, Inc. (d/b/a Cheap Tickets, Inc.).

16          (5)  Internetwork Publishing Corp. (d/b/a Lodging.com) ("Lodging") is a Florida

17   corporation and an indirect subsidiary of Orbitz Worldwide, Inc., which is a publicly held

18   company.  Other than Orbitz Worldwide, Inc., which is a Delaware corporation, no publicly held

19   company owns ten percent or more of Lodging.  A majority of Orbitz Worldwide, Inc.'s stock is

20   directly held by TDS Investor (Luxembourg) S.a.r.l., a société à responsabilité limitée organized

21   under the laws of Luxembourg.

22          20.   **Such other matters as may facilitate the just, speedy and inexpensive**

23   **disposition of this matter:**

24          Except as otherwise set forth herein, the parties have no further suggestions or requests at

25   this time.

26   ///

27   ///

28   ///

JOINT RULE 26(F) REPORT AND CASE MANAGEMENT STATEMENT; AND [PROPOSED] ORDER          16
CASE NO. 4:07-CV-03432 SBA

1
2
Dated:  September 24, 2007          THE STURDEVANT LAW FIRM

3
*/s/ Monique Olivier*
Monique Olivier (State Bar No. 190385)

4
Attorneys for Plaintiff
5
CITY OF OAKLAND

6
Dated:  September 24, 2007          SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
7
*/s/ Darrel J. Hieber*
8
Darrel J. Hieber (State Bar No. 100857)

9
Attorneys for Defendants
10
PRICELINE.COM INCORPORATED,
LOWESTFARE.COM INCORPORATED
11
and TRAVELWEB LLC

12

13
Dated:  September 24, 2007          JONES DAY

14
*/s/ Craig E. Stewart*
Craig E. Stewart (State Bar No. 129530)
15

16
Attorneys for Defendants
EXPEDIA, INC., TRAVELNOW.COM, INC., HOTELS.COM
17
GP, LLC and HOTELS.COM, L.P.

18
Dated:  September 24, 2007          McDERMOTT WILL & EMERY LLP
19
*/s/ Matthew Oster*
20
Matthew Oster (State Bar No. 190541)

21
Attorneys for Defendants
22
ORBITZ, INC., ORBITZ, LLC, TRIP NETWORK, INC.
(D/B/A CHEAPTICKETS.COM), INTERNETWORK
23
PUBLISHING CORP. (D/B/A LODGING.COM),
TRAVELPORT AMERICAS, LLC (F/K/A CENDANT
24
TRAVEL DISTRIBUTION SERVICES GROUP, INC.),
TRAVELOCITY.COM, L.P., TRAVELOCITY.COM, INC.,
25
SITE59.COM, LLC, and SABRE HOLDINGS CORP.

26

27

28

1

**ATTESTATION UNDER GENERAL ORDER 45**

2       I, DARREL J. HIEBER, hereby declare pursuant to General Order 45 that I have obtained

3   the concurrence in the filing of this document from each of the other signatories listed above.

4   I hereby attest that the foregoing attestation is true and corrected.

5   Executed on September 24, 2007, in Los Angeles, California.

6

                   */s/ Darrel J. Hieber*

7                      Darrel J. Hieber

8

9

10

**CASE MANAGEMENT ORDER**

11       The foregoing Case Management Statement and Proposed Order is hereby adopted by the

12   Court as the Case Management Order for the case and the parties are ordered to comply with this

13   Order.

14   Dated: _____

15                      Hon. Saundra B. Armstrong

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF DWIGHT HINES

I, Dwight Hines, declare as follows:

1.      I am a senior legal assistant with the law firm of Skadden, Arps, Slate, Meagher & Flom LLP, counsel of record for defendants priceline.com Inc., Lowestfare.com Inc. and Travelweb LLC (the "priceline Defendants") in the above-captioned matter.  I submit this declaration in support of the Joint Rule 26(F) Report and Case Management Statement and Proposed Order.  I have personal knowledge of the facts stated herein and, if called as a witness, I would testify competently thereto.

2.      On Monday, September 24, 2007, at an interval of at least one hour apart, I twice attempted to e-file & serve Joint Rule 26(F) Report and Case Management Statement and Proposed Order. Upon attempting to do so, I learned that the court e-filing system was not accessible.  At about 4:15 p.m., a public announcement was posted on the court's webpage indicating that General Order No. 45, section VI. Electronic Filing,  part E. Technical Failures, was in effect since this problem persisted.  Solely for this reason and in accordance with this rule, I filed this document on the following day, September 25, 2007.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 25th day of September, 2007, at Los Angeles, California.

_____ / s /  Dwight Hines _____
Dwight Hines

Declaration of Dwight Hines