1   JAMES C. STURDEVANT, State Bar No. 94551
    (jsturdevant@sturdevantlaw.com)
2   MONIQUE OLIVIER, State Bar No. 190385
    (molivier@sturdevantlaw.com)
3   WHITNEY B. HUSTON, State Bar No. 234863
    (whuston@sturdevantlaw.com)
4   THE STURDEVANT LAW FIRM
    A Professional Corporation
5   475 Sansome Street, Suite 1750
    San Francisco, California 94111
6   Telephone:    (415) 477-2410
    Facsimile:    (415) 477-2420
7
    ROBERT C. LAMAR (*Pro Hac Vice* application pending*)
8   DAVID W. DAVENPORT (*Pro Hac Vice* application pending)
    LAMAR ARCHER & COFRIN, LLP
9   50 Hurt Plaza, Suite 900
    Atlanta, GA 30303
10  Telephone:    (404) 577-1777
    Facsimile:    (404) 577-9490
11
    JOHN W. CRONGEYER, M.D. (*Pro Hac Vice* application pending*)
12  BRYAN A. VROON (*Pro Hac Vice* application pending*)
    VROON & CRONGEYER, LLP
13  1718 Peachtree Street, Suite 1088
    Atlanta, GA 30309
14  Telephone:    (404) 607-6710
    Facsimile:    (404) 607-6711
15
    Attorneys for Plaintiff
16

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CITY OF OAKLAND, CALIFORNIA and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HOTELS.COM, L.P.; et al.,<br><br>Defendants. | Case No.: C 07-03432 SBA<br><br>**CITY OF OAKLAND'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**<br><br>Date:    November 6, 2007<br>Time:    1:00 p.m.<br>Courtroom: 3, 3rd Floor<br>The Honorable Saundra B. Armstrong<br><br>Complaint filed: June 29, 2007<br>Trial Date: None |

# TABLE OF CONTENTS

I.      INTRODUCTION ...................................................................................................1

II.     FACTUAL BACKGROUND ..................................................................................3

        A.      The Transient Occupancy Tax Ordinance ...................................................3

        B.      Defendants' Tax Evasion Scheme ...............................................................4

III.    ARGUMENT .........................................................................................................6

        A.      Defendants Must Prove Beyond Doubt that Plaintiff Can Prove
                No Set of Facts that Entitle It to Relief......................................................6

        B.      The Oakland Ordinance Expressly Allows Plaintiff to Pursue
                Judicial Relief .............................................................................................7

                1.      Oakland Is Entitled to Pursue Remedies for Defendants' Illegal
                        Conduct in This Court...................................................................7

                2.      Exhaustion of Administrative Remedies Is Not Required Where, As
                        Here, The Ordinance Provides Otherwise and Administrative
                        Remedies Would Be Inadequate ...................................................9

                        a.      If Oakland is Required to Exhaust Its Administrative
                                Remedies, It Will Not Have Suitable Remedies...........10

                        b.      Exhaustion of Remedies Is Not Appropriate Because
                                Statutory Interpretation Is At Issue and the Administrative
                                Process Would Be Futile.............................................11

                        c.      The Risk of Irreparable Injury to Plaintiff Also Weighs
                                Against Requiring Exhaustion of Administrative Remedies .........13

        C.      The State Court Decisions Which Defendants Rely Upon Are
                Not Applicable to the Present Case ...........................................................14

        D.      Even if the Court Were Convinced That the Exhaustion Doctrine
                Applied and That Failure to Exhaust Could Not Be Excused in This
                Case, the Proper Action Would Be a Stay, Not a Dismissal....................15

        E.      Oakland's Occupancy Tax Applies to Defendants Because Defendants
                Are Operators and in any Event, Owe the Taxes They Have Collected
                to the City of Oakland ..............................................................................15

        F.      Defendants' Tag-along Arguments to Avoid Application of the
                Ordinance to Them Do Not Warrant Dismissal of the Complaint...........18

        G.      Plaintiff has Adequately Pled Its Other State Law Claims .....................19

IV.     CONCLUSION....................................................................................................21

i

# TABLE OF AUTHORITIES

## CASES

*Amato v. Bernard,*
    618 F.2d 559 (9th Cir. 1980) ...........................................................................9

*Bell Atlantic Corp. v. Twombley,*
    127 S. Ct. 1955 (2007)...................................................................................6

*Bowland v. Municipal Court,*
    18 Cal. 3d 479 (1976) ....................................................................................8

*Cahill v. Liberty Mutual Insurance Co.,*
    80 F.3d 336 (9th Cir. 1996) ...........................................................................6

*Campbell v. Regents of the University of California,*
    35 Cal. 4th 311 (2005), *cert. denied,* 546 U.S. 938 (2005) ..........................9

*Cherry v. City of Philadelphia,*
    692 A.2d 1082 (Pa. 1997) .............................................................................14

*City Bank Farmers' Trust Co. v. Schnader,*
    291 U.S. 24 (1934).........................................................................................9

*City of Atlanta v. Hotels.com, L.P.,*
    No. 2006-CV-114732, 2006 WL. 3728957 (Ga. Super. Dec. 11, 2006) ...........15

*City of Los Angeles v. Centex Telemanagement, Inc.,*
    29 Cal. App. 4th 1384 (1994) ........................................................................8

*City of Philadelphia v. Hotels.com,*
    No. 860, 2006 Phila. Ct. Com. Pl. LEXIS 218 (May 25, 2006) .......................14

*City of Rome, Georgia v. Hotels.com, LP,*
    No. 4:05-CV-249-HLM, 2006 U.S. Dist. LEXIS 56369 (N.D. Ga. May 8, 2006)........5, 20

*Committee on Children's Television, Inc. v. General Foods Corp.,*
    35 Cal. 3d 197 (1983) ...................................................................................19

*Daily Advertiser v. Trans-La,*
    612 So. 2d 7 (La. 1993) ..................................................................................7

*Erickson v. Pardus,*
    127 S. Ct. 2197 (2007)....................................................................................6

*Finnerty v. Cowen,*
    508 F.2d 979 (2d Cir. 1975).........................................................................13

*Fuentes v. Roher,*
    519 F.2d 379 (2d Cir. 1975).........................................................................13

*Hansen v. Norfolk & W. Railway Co.,*
    689 F.2d 707 (7th Cir. 1982) ........................................................................15

*In re Long Distance Telecommunications Litigation*,
    612 F. Supp. 892 (E.D. Mich. 1985), *aff'd in part, rev'd in part on other grounds*,
    831 F.2d 627 (6th Cir. 1987) ..................................................................................7

*Lopez v. Smith*,
    203 F.3d 1122 (9th Cir. 2000) ................................................................................6

*Louisville/Jefferson County Metropolitan Government v. Hotels.com, LP*,
    No. 3:06-CV-480-R, 2007 WL 2323322 (W.D. Ky. August 10, 2007) ........................5, 6

*Markham v. City of Newport News*,
    292 F.2d 711 (4th Cir. 1961) ................................................................................15

*Mazzola v. S. New England Telegraph Co.*,
    363 A.2d 170 (Conn. 1975) ...................................................................................7

*McCarthy v. Madigan*,
    503 U.S. 140 (1992).............................................................................................9

*Midrash Sephardi, Inc. v. Town of Surfside*,
    366 F.3d 1214 (11th Cir. 2004), *cert. denied* 543 U.S. 1146 (2005)...................................12

*Molski v. M.J. Cable, Inc.*,
    481 F.3d 724 (9th Cir. 2007) ..................................................................................8

*Pankow Construction Co. v. Advance Mortgage Corp.*,
    618 F.2d 611 (9th Cir. 1980) ................................................................................15

*Peloza v. Capistrano Unified School District*,
    37 F.3d 517 (9th Cir. 1994) ...................................................................................6

*Perfect 10, Inc. v. Visa International Services Association*,
    494 F.3d 788 (9th Cir. 2007) ..................................................................................6

*Planned Parenthood of Idaho, Inc. v. Wasden*,
    376 F.3d 908 (9th Cir. 2004) ..................................................................................8

*Public Utilities Commission v. United States*,
    355 U.S. 534 (1958)............................................................................................11

*Rojo v. Kliger*,
    52 Cal. 3d 65 (1990) ...............................................................................9, 10, 11, 12

*Ruttenberg v. U.S. Life Insurance Co.*,
    413 F.3d 652 (7th Cir. 2005) ..................................................................................9

*Scheuer v. Rhodes*,
    416 U.S. 232 (1974),
    *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984) ...................................6

*Se. Alaska Conservation Council v. Watson*,
    697 F.2d 1305 (9th Cir. 1983) ................................................................................9

*Shalala v. Ill. Council on Long Term Care, Inc.*,
    529 U.S. 1 (2000)................................................................................................9

iii

*State ex rel. Bell Atlantic-West Virginia, Inc. v. Ranson,*
    497 S.E. 2d 755 (W. Va. 1997)......................................................................7

*Steketee v. Lintz, Williams & Rothberg,*
    38 Cal. 3d 46 (1985) ................................................................................8

*Synagogue v. United States,*
    482 F.3d 1058 (9th Cir. 2007) ..............................................................17

*United States v. Calderon,*
    391 F.3d 370 (2d Cir. 2004).....................................................................9

*United States v. Hooshmand,*
    931 F.2d 725 (11th Cir. 1991) ..............................................................11

*United States v. Radio Corp. of America,*
    358 U.S. 334 (1959).................................................................................7

*United States v. W. Pacific Railroad Co.,*
    352 U.S. 59 (1956)...................................................................................7

*Usher v. City of Los Angeles,*
    828 F.2d 556 (9th Cir. 1987) ..................................................................6

*Winck v. England,*
    327 F.3d 1296 (11th Cir. 2003) ............................................................14

*Woodall v. Federal Bureau of Prisons,*
    432 F.3d 235 (3d Cir. 2005).....................................................................9

**STATUTES**

28 U.S.C. § 1332(a) ..............................................................................8, 15

Oakland, Cal., Municipal Code chapter 4.24 *et seq*............................................ *passim*

Philadelphia Code § 19-1701(3)(b) ......................................................14

## I.    INTRODUCTION

Plaintiff City of Oakland ("Oakland") brings this action based on Defendants' failure to collect and remit potentially millions of dollars in tax revenue to Oakland. Like virtually every city in the nation, Oakland requires, through a city ordinance, a tax on the amount charged for a hotel room. This tax, the "Transient Occupancy Tax," is a vital part of Oakland's income. Plaintiff alleges that Defendants, online travel companies, have been failing to collect and remit to Oakland the proper amounts of this tax each and every time they rent a hotel room online to a consumer. Through this action, Oakland seeks to recover those amounts collected and not remitted and also seeks to compel Defendants' compliance with Oakland's Uniform Transient Occupancy Tax Ordinance, Oakland, Cal., Municipal Code chapter 4.24 *et seq.* (the "Ordinance"). Oakland asserts claims for relief for (1) violation of the Ordinance; (2) violation of California's Unfair Competition Law, Business and Professions Code section 17200 *et seq.* ("UCL"); (3) the tort of conversion; (4) unjust enrichment; and (5) imposition of a constructive trust. Plaintiff seeks declaratory and injunctive relief, restitution, interest and statutory penalties.

Defendants, who make millions each year through their online rental of hotel rooms, have filed a joint Motion to Dismiss the Complaint primarily based on their erroneous claim that Oakland is required to exhaust administrative remedies before bringing this action to recover its tax revenue. Defendants have employed this strategy in defense to lawsuits across the country in an attempt to avoid their obligation to remit full taxes to local cities and towns. Defendants' approach cannot succeed here, however, because Oakland's Ordinance explicitly provides that Oakland may bring an action against "any person owing money to the city" under the provisions of the Ordinance for the recovery of such amounts and for penalties and interest. The Ordinance further provides that "*nothing* in this chapter shall be interpreted to preclude or limit the city from seeking injunctive or other judicial relief." Ordinance § 4.24.170 (emphasis added). These provisions put to rest any argument that Oakland is required to pursue administrative remedies prior to seeking judicial relief.

Defendants' reading of the Ordinance is, simply, in error. In particular, as a careful review of the Ordinance makes clear, the only "exhaustion" requirement contained within its provisions runs to hotel operators such as Defendants, not to Oakland itself. Oakland is free under the terms of the Ordinance to

1

1    file an action at any time to collect unpaid taxes, without any exhaustion of an administrative process.

2    Moreover, even if an administrative exhaustion requirement could be *read into* the Ordinance,

3    such a requirement would not be appropriate where, as here, exhaustion would provide insufficient

4    remedies and would be futile. The administrative process – a determination of tax owed by the city's

5    Tax Administrator – would fail because it would not result in payment of taxes by Defendants, who even

6    within their Motion before this Court assert that they are immune from the Ordinance. This issue,

7    whether the Ordinance applies to Defendants at all, is a threshold legal issue appropriate for resolution

8    by this Court, not by Oakland's Tax Administrator, who Defendants would no doubt claim has no

9    authority to resolve an issue of statutory construction.

10    Defendants' tax evasion and conversion scheme violates the laws of the City of Oakland and the

11    State of California. This violation has a remedy, and the remedy lies with this Court. Tax-related

12    agencies are equipped to audit for discrepancies between tax amounts owed and paid, not to decide as a

13    matter of law if the tax code and Oakland's Ordinance apply to these Defendants.

14    In any event, Defendants' exhaustion argument entirely ignores the fact that in addition to its

15    claim for violation of the Ordinance, Plaintiff asserts claims for violation of the UCL, unjust enrichment,

16    imposition of a constructive trust and the tort of conversion. None of these claims contain any

17    administrative procedures that must be exhausted prior to bringing a claim, and Defendants do not, and

18    cannot, claim that the Ordinance provides the exclusive remedy for Oakland. The Court's jurisdiction

19    over these claims is proper, and Plaintiff has properly pled them.

20    Perhaps sensing the weakness of their exhaustion argument, Defendants also claim that they are

21    immune from liability under the Ordinance on the strained theory that they are not "operators" under the

22    Ordinance's terms. The direct allegations of Oakland's Complaint as well as the plain language of the

23    Ordinance easily overcome this argument. The Complaint alleges that Defendants *already collect* the

24    occupancy tax at the retail price that is charged to the general public. (Complaint ¶ 29.) It also alleges

25    that Defendants remit taxes, but only on the *wholesale price* at which they obtain the hotel room. (*Id.* ¶¶

26    29-30.) Defendants' current business practice of collecting and remitting taxes undermines their own

27    argument that the Ordinance does not require them to collect and remit taxes.

28    Even if Defendants were correct (which is not the case) that they are not "operators," they are

2

1   still subject to the Ordinance.  The Ordinance makes clear that where the transient occupancy tax is not

2   paid directly to the operator of a hotel, it must still be paid to Oakland.  Ordinance § 4.24.030.  Oakland

3   is entitled to assert an action for recovery of unpaid taxes against "any person" who collects such taxes.

4   *Id.*  In addition, these provisions put to test Defendants' semantic argument that they are not operators

5   and therefore do not have to abide by Oakland's Ordinance.

6          Defendants' arguments that Oakland's other state law claims fail are also without merit.  As the

7   Complaint reveals, Plaintiff has adequately pled the requisite facts to state proper claims for Defendants'

8   violation of the UCL, for unjust enrichment, for imposition of a constructive trust, and for conversion.

9          Plaintiff alleges facts that defeat each of Defendants' challenges to the Complaint.  At this

10  motion to dismiss stage, where the Court accepts all of the factual allegations as true and views the

11  complaint in the light most favorable to Oakland, Defendants' Motion must be denied in its entirety.

12  **II.      FACTUAL BACKGROUND**

13         **A.      The Transient Occupancy Tax Ordinance**

14         Oakland's Transient Occupancy Tax Ordinance imposes a tax in the amount of eleven (11)

15  percent of the rent charged for occupancy of any hotel room.  Ordinance § 4.24.030.  The tax is to be

16  collected on behalf of and remitted to Oakland by the "operator" of any hotel.  An operator is broadly

17  defined as "any other possessory agent of any type or character" or "managing agent."  Ordinance §

18  4.24.020.  Oakland alleges that Defendants are subject to the Ordinance and, in fact, have been

19  collecting and remitting taxes to Oakland, but have failed to collect and remit the correct amounts.

20         The Ordinance provides entirely different process and remedies for an aggrieved operator than

21  for Oakland.  Whereas an aggrieved operator may seek a hearing or an appeal before the Review Board

22  and is required to exhaust administrative remedies, Oakland is entitled to go directly to court to collect

23  any tax owed by "any person" and any applicable penalties.  Ordinance § 4.24.130.  The Ordinance also

24  states, "[i]n addition, nothing in this chapter shall be interpreted to preclude or limit the city from

25  seeking injunctive or judicial relief."  Ordinance § 4.24.170.  These explicit provisions of the Ordinance

26  make clear that Oakland is entitled to bring this action for relief.

27         The provisions of the Ordinance which create an administrative process, on the other hand, apply

28  *only* to an operator.  The administrative process works as follows:  where an assessment of taxes owed is

3

served on an operator, "[s]uch *operator* may. . .make application in writing to the Tax Administrator for a hearing on the amount assessed." Ordinance § 4.24.090 (emphasis added). "Any *operator* aggrieved by any decision of the Tax administrator may appeal to a Board of Review." Ordinance § 4.24.100 (emphasis added). That *operator* is required to exhaust their administrative remedies. Ordinance § 4.24.100(D) (emphasis added). These obligations belong solely to the *operator* owing the tax.

In contrast, Oakland is entitled to seek judicial relief to collect taxes and penalties owed. The Ordinance provides Oakland the right to bring an action to collect any unpaid taxes.

> Any tax required to be paid by any transient under the provisions of this chapter shall be deemed a debt owed by the transient to the city. Any such tax collected by an operator which has not been paid to the city shall be deemed a debt owed by the operator to the city. Any person owing money to the city under provisions of this chapter shall be liable to an action brought in the name of the city for the recovery of such amount. An action to collect the transient occupancy tax must be commenced within three years of the date the occupancy tax becomes delinquent. An action to collect the penalty for nonpayment of the transient occupancy tax must be commenced within three years of the date the penalty accrues.

Ordinance § 4.24.130.

**B.    Defendants' Tax Evasion Scheme**

Defendants contract with hotels for rooms at negotiated discounted room rates. (Complaint ¶ 29.) Defendants then mark-up their inventory of rooms and sell the rooms to members of the public, who purchase and then occupy the rooms. (*Id.*) Upon rental of their hotel room through Defendants, the general public pays taxes based on the rate at which they rent the room – the marked-up rate. (*Id.*) No occupancy tax has been paid to Oakland based on the retail rates received by Defendants. (*Id.* ¶¶ 28-31.) Oakland has only received tax amounts based on the lower, discounted room rates. (*Id.* ¶ 29.) Each Defendant has pocketed these additional moneys without paying taxes on the hotel rates charged to the general public. (*Id.* ¶ 29-30, 32.) The collected, but unpaid taxes are due to Oakland and this action seeks recovery of such taxes in full.

When the general public rents hotel rooms through a Defendant, the total charges paid by them include two components: (1) the wholesale charge which was the cost of the hotel room to Defendants and (2) additional charges added by Defendants for the room rental. These additional charges include taxes on the full amount paid by the consumer, as well as service charges. (Complaint ¶ 32.) The online travel companies have only remitted taxes to Oakland calculated on the wholesale component. (*Id.* ¶¶

4

29-30.)  Defendants also fail to comply with Ordinance by bundling the taxes and fees charged to consumers such that the actual amount of tax collected is obscured.  (Complaint ¶¶ 32, 33, 42.)

Defendants claim to be exempt from and/or immune to Oakland's laws, taxes, and jurisdiction even as they continue to collect from consumers both payment for hotel rooms and taxes on their room payment.  They have created a business model in which occupancy hotel taxes are remitted based on the discounted or wholesale rates, not the gross hotel rates received from the consumer.  Through Defendants' practice, the online travel companies seek to be the rare, if not only, companies that remit taxes, not on what the consumer actually pays as retail for the product, but for what the company pays wholesale.

The tax evasion scheme at issue has already been challenged in other federal courts in filings around the country, including cases in Georgia, Ohio, and Illinois, inter alia, and Defendants' motions to dismiss these federal cases have been repeatedly denied.  The Northern District of Georgia held:

> The Court finds that Plaintiffs have stated a claim for relief on the grounds that Defendants have failed to properly identify the taxes charged and paid by hotel guests and have not remitted moneys collected as taxes to Plaintiffs or the proper governmental authorities. . . . Regardless of whether Defendants operate as hotels or are licensed by Plaintiffs to do so, Defendants are the entities actually collecting the excise taxes from the hotel guests and, pursuant to O.C.G.A. 48-13-51(a)(1)(B)(1), those taxes actually collected must be remitted to Plaintiffs.

*City of Rome, Georgia v. Hotels.com, LP*, No. 4:05-CV-249-HLM, 2006 U.S. Dist. LEXIS 56369, at *15-16 (N.D. Ga. May 8, 2006).  That Court also addressed the other statutory, non-administrative claims and common-law claims at issue in that case: "[T]he Court finds that Plaintiffs have stated claims for conversion, and unjust enrichment, and have asserted claims under Georgia's Uniform Deceptive and Unfair Trade Practices Act.  Consequently, the Court declines to dismiss those claims." *Id.* at *20.

In another case involving the same Defendants and the same issue as is before this Court, the District Court for the Western District of Kentucky also denied the on-line travel companies' motion to dismiss common law claims brought by the City of Louisville for unjust enrichment, conversion, and money had and received. *Louisville/Jefferson County Metro Gov't v. Hotels.com, LP*, No. 3:06-CV-480-R, 2007 WL 2323322 at *7 (W.D. Ky. August 10, 2007).

> To have the …Commission perform an audit, make a determination that additional fees are owed, and assess the amount against the Defendants would amount to an act of futility in this matter because the Defendants not only contend that the local ordinances

5

1    do not apply to them, but also that any application of the ordinance to collect monies from them amounts to an unconstitutional excise tax."

2    *Id.* at *5.

3    **III.    ARGUMENT**

4        **A.    Defendants Must Prove Beyond Doubt that Plaintiff Can Prove No Set of Facts that Entitle It to Relief.**

5

6        A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) will not be granted "unless it

7    appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle

8    him to relief." *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 794 (9th Cir. 2007).[1]

9        The issue presented by such a motion is not whether the plaintiff will prevail in the action, but

10   whether the plaintiff is entitled to offer evidence in support of its claims. *See Scheuer v. Rhodes*, 416

11   U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

12       The court must construe the complaint in the light most favorable to the plaintiff, accepting all

13   well-pleaded factual allegations as true and drawing all reasonable inferences in plaintiff's favor. *Cahill*

14   *v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996); *Usher v. City of Los Angeles*, 828 F.2d

15   556, 561 (9th Cir. 1987).  Courts must assume that all general allegations "embrace whatever specific

16   facts might be necessary to support them." *Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 521

17   (9th Cir. 1994).

18       If the Court dismisses any claim for relief, it must then consider whether to grant leave to amend.

19   The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no

20   request to amend the pleading was made, unless it determines that the pleading could not possibly be

21   cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citation and

22   quotation marks omitted).

23

24

25       [1] Defendants' Motion suggests that the recent United States Supreme Court decision, *Bell Atlantic Corp. v. Twombley*, 127 S. Ct. 1955, 1974 (2007), requires a heightened pleading standard. Defendants ignore a second, unanimous, Supreme Court decision of the same term, *Erickson v. Pardus*,

26   127 S. Ct. 2197 (2007), that clarified that there is no heightened requirement of factual detail at the pleading stage.  Defendants also ignore post-*Twombley* Ninth Circuit cases which make clear that there

27   is no new standard for reviewing pleadings at the 12(b)(6) stage. *See, e.g., Perfect 10, Inc.*, 494 F.3d at 794.

28

6

1    **B.    The Oakland Ordinance Expressly Allows Plaintiff to Pursue Judicial Relief.**

2    Federal and state law universally hold that a fundamental prerequisite needed to apply an

3    exhaustion requirement is a complete absence of jurisdiction over any claim by the court. *See United*

4    *States v. W. Pac. R.R. Co.*, 352 U.S. 59, 63-64 (1956) (A claim must be "cognizable in the first instance

5    by an administrative agency alone [and] judicial interference is withheld until the administrative process

6    has run its course"); *see also In re Long Distance Telecomm. Litig.*, 612 F. Supp. 892, 895 (E.D. Mich.

7    1985), *aff'd in part, rev'd in part on other grounds*, 831 F.2d 627 (6th Cir. 1987); *see United States v.*

8    *Radio Corp. of Am.*, 358 U.S. 334, 346 n.14 (1959); *Daily Advertiser v. Trans-La*, 612 So. 2d 7, 27 (La.

9    1993) ("the exhaustion rule applies when exclusive jurisdiction exists in the administrative agency, and

10   the courts have only appellate, as opposed to original, jurisdiction to review the agency's decision");

11   *Mazzola v. S. New England Tel. Co.*, 363 A.2d 170, 174 (Conn. 1975); *State ex rel. Bell Atlantic-W. Va.,*

12   *Inc. v. Ranson*, 497 S.E. 2d 755,762 (W. Va. 1997). Defendants cannot carry their burden of proving a

13   complete absence of jurisdiction over any claim.

14   **1.    Oakland Is Entitled to Pursue Remedies for Defendants' Illegal Conduct in**
         **This Court.**

15

16   Oakland's Ordinance states, "nothing in this chapter shall be interpreted to preclude or limit the

17   city from seeking injunctive or other judicial relief." Ordinance § 4.24.170. In another provision, the

18   Ordinance permits Oakland to file a judicial action to collect any outstanding occupancy tax debt.

19   Ordinance § 4.24.130. Remarkably, Defendants barely address these express authorizations to pursue

20   judicial relief. Defendants also conveniently overlook the provision of the Ordinance which states that

21   an "[e]nforcement action specifically authorized by this chapter may be utilized in conjunction with, or

22   in addition to, any other provision of this chapter, and any other statutory, code, administrative or

23   regulatory procedure applicable to the regulation of buildings, structures, or property." *Id.* Oakland's

24   Ordinance indisputably refutes Defendants' claim that administrative remedies are a "prerequisite to

25   subject matter jurisdiction." (Defendants' Memorandum of Points & Authorities in support of Motion to

26   Dismiss ("Defs.' MPA") at 4:4-5.)[2]

27   _____

28   [2] Defendants' characterization of this as an issue of subject matter jurisdiction fails as well,
     (continued on next page)

7

By the Ordinance's own terms, nothing shall preclude Oakland's right to enforce its provisions in court at any time. *See* Ordinance §§ 4.24.170, 4.24.130. "Statutory interpretation begins with the plain meaning of the statute's language. Where the statutory language is clear and consistent with the statutory scheme at issue, the plain language of the statute is conclusive and the judicial inquiry is at an end." *Molski v. M.J. Cable, Inc.,* 481 F.3d 724, 732 (9th Cir. 2007); *see also Steketee v. Lintz, Williams & Rothberg,* 38 Cal. 3d 46, 52 (1985) (words used in a statute or constitutional provision should be given the meaning they bear in ordinary use). The plain meaning of the Ordinance provides Oakland the right to seek judicial relief without first exhausting administrative remedies. The Court need look no further than this explicit statutory language in denying Defendants' Motion to Dismiss.

Further, courts should not construe a law so that its provisions would be meaningless. "[A] statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." *Planned Parenthood of Idaho, Inc. v. Wasden,* 376 F.3d 908, 928 (9th Cir. 2004) (quoting *TRW Inc. v. Andrews,* 534 U.S. 19, 31 (2001), *cert. denied,* 544 U.S. 948 (2005)); *see also Bowland v. Municipal Court,* 18 Cal. 3d 479, 489 (1976). If this Court were to require Oakland to exhaust its administrative remedies prior to seeking judicial relief, the Ordinance's provision stating the opposite would be rendered meaningless.

Defendants inaccurately rely on the decision *City of Los Angeles v. Centex Telemanagement, Inc.,* 29 Cal. App. 4th 1384 (1994), to claim that exhaustion is required even where an express provision exists eliminating any such requirement. In fact, in *Centex,* the court addressed a statute of limitations question *after* the city opted to exhaust its remedies prior to instituting a judicial action. *Id.* at 1388-89. In this brief decision, the court only focused on the statute of limitation question. The *Centex* court did not consider a statute, such as the one at issue here, that contains an explicit provision stating that *nothing* shall limit the City's right to seek judicial relief *at any time. Id.* at 1384-89.

Defendants' arguments cannot withstand the unambiguous language of Oakland's unique ordinance, which explicitly grants Oakland the right to seek to recover its tax revenue in this Court.

---

(footnote continued from previous page)
because this Court has jurisdiction and the power to hear this case. This case is properly before the Court through diversity jurisdiction. 28 USC § 1332(a); Complaint ¶ 21.

8

1

2.    **Exhaustion of Administrative Remedies Is Not Required Where, As Here, the Ordinance Provides Otherwise and Administrative Remedies Would Be Inadequate.**

2

3    Even if the Court could read an exhaustion requirement into the Ordinance, exhaustion is not

4    appropriate where the administrative remedy is inadequate, where it would be futile, and where the

5    rights at issue are outside of the administrative scheme. *Campbell v. Regents of the Univ. of Cal.,* 35

6    Cal. 4th 311, 321 (2005), *cert. denied,* 546 U.S. 938 (2005); *Rojo v. Kliger,* 52 Cal. 3d 65, 85 (1990);

7    *City Bank Farmers' Trust Co. v. Schnader*, 291 U.S. 24 (1934). California state cases, as well as Ninth

8    Circuit cases, recognize the limitations on exhaustion.[3]

9

10    > We recognize of course that despite the usual applicability of the exhaustion requirement, there are occasions when a court is obliged to exercise its jurisdiction and is guilty of an abuse of discretion if it does not, the most familiar examples perhaps being when resort to the administrative route is futile or the remedy inadequate.

11

12

13    *Amato v. Bernard*, 618 F.2d 559, 568 (9th Cir. 1980); *see also Campbell,* 35 Cal. 4th at 321. The district

14    court has discretion to determine whether exhaustion of remedies is appropriate in a particular instance.

15    *Se. Alaska Conservation Council v. Watson*, 697 F.2d 1305, 1309 (9th Cir. 1983). Failure to exhaust

16    administrative remedies is often excused. *See, e.g., Shalala v. Ill. Council on Long Term Care, Inc.,* 529

17    U.S. 1, 13 (2000)(exhaustion not required in specific situation under Medicare statute based on express

18    provision of the statute eliminating such requirement); *McCarthy v. Madigan*, 503 U.S. 140, 146-49

19    (1992)(exhaustion not required in claim for damages for denial of medical care because of limitations of

20    the exhaustion doctrine); *Ruttenberg v. U.S. Life Ins. Co.,* 413 F.3d 652, 662-663 (7th Cir.

21    2005)(exhaustion not required where the plaintiff showed that exhaustion would be futile, even where

22    claim was filed under ERISA, which requires exhaustion); *Woodall v. Fed. Bureau of Prisons*, 432 F.3d

23    235, 239 n.2 (3d Cir. 2005)(exhaustion not required where it would be futile in challenge to Bureau of

24    Prison regulations); *United States v. Calderon*, 391 F.3d 370, 375 (2d Cir. 2004)(exhaustion not required

25    because of a specific exception under the controlling statute).

26

27    [3] Federal and state law apply uniform principals to questions of exhaustion. As such, Plaintiff cites to both federal and state applicable law.

28

9

**a.    If Oakland Is Required to Exhaust Its Administrative Remedies, It Will Not Have Suitable Remedies.**

The Ordinance does not provide adequate remedies for Oakland.  Where there is no pervasive and "self-contained system of administrative procedure" exhaustion is not appropriate.  *Rojo*, 52 Cal. 3d at 87-88.  There is no administrative process applicable to Oakland, other than Oakland's right to undertake an administrative audit and assessment.  An audit and/or an assessment cannot offer equitable relief, declaratory relief, injunctive relief or the remedy of a constructive trust on millions of dollars in tax moneys being withheld by Defendants.  The Complaint seeks all of these remedies in addition to monetary damages, penalties, and attorneys' fees.  (Complaint ¶¶ i-viii.)  The remedies offered to Oakland by the administrative process in the Ordinance are inadequate in this case.

In their Motion, Defendants' claim that a "three-step administrative process" must be exhausted.  (Defs.' MPA at 12:5-6.)  But this "three-step administrative process" is nothing more than a creative reading of the Ordinance.  When examined critically, and in context, Defendants' briefing of sparse, selectively quoted, cut-and pasted Ordinance sections create only an "administrative process" for an *operator*.  Oakland's administrative process is limited to the right to undertake an assessment of the tax owed.  Ordinance § 4.24.090.  The hearing, appeal, and exhaustion process belong exclusively to the operator.  They are not the obligation of the city.

An operator who owes tax or has failed to remit tax to Oakland is the party who is required to engage in an administrative process.  First, the "operator" may request a hearing.  Ordinance § 4.24.090.  Second, an "operator aggrieved" may request an appeal from the Board of Review.  Ordinance § 4.24.100.  Finally, that "operator aggrieved" must exhaust its administrative remedies before filing suit for an "exemption, cancellation, amendment, adjustment, or modification of tax, interest or penalty."  Ordinance § 4.24.100(D).  None of these administrative steps or remedies applies to Oakland.  In fact, Defendants' admit that each of these administrative steps is based on remedies provided to an "operator." (*See* Defs.' MPA at 11-12.)

Where there has been a failure to collect or remit tax, as is the case here, Oakland's Tax Administrator is entitled to proceed "in such manner as he or she may deem best to obtain facts and information" to determine the tax due.  Ordinance § 4.24.090.  The right to obtain information regarding

10

1  the tax due and to make a corresponding assessment of taxes owed are the *only* administrative steps that

2  pertain to Oakland. Oakland's remedy is to bring an action in court. *Id*. at § 4.24.130.

3      For Oakland, the Ordinance instructs that "an action [shall be] brought in the name of the city for

4  the recovery" of a transient occupancy tax debt. Ordinance § 4.24.130. The Ordinance does not grant

5  Oakland the right to a hearing and it does not provide Oakland with any appellate review process. As

6  such, there is no administrative remedy or process applicable to Oakland.

7      Even if the Court were to find that Defendants' "administrative process" applied to Oakland, the

8  process does not constitute a comprehensive administrative regime designed or intended to address the

9  legal issues that are raised by the Complaint. For example, Oakland has insufficient information or

10  documentation upon which to issue a complete or accurate assessment of Defendants for a specific

11  amount of unpaid taxes. Plaintiff does not have enough specific information about the amount

12  Defendants charge or pay for the rooms to make the assessment without obtaining significant

13  information from Defendants. (*See* Complaint ¶ 33.) What is known, and pled in the Complaint by

14  Plaintiff, is that Defendants collect taxes from consumer at the retail price, but only pay taxes on the

15  wholesale price – a practice that is illegal and costly to Oakland. (Complaint ¶¶ 29-30.) Because of the

16  absence of sufficient information from Defendants, any administrative procedure would be ineffectual.

17  Nor could an administrative proceeding assist Oakland in arriving at the necessary information because

18  Oakland would not have subpoena powers to compel disclosure of the documents and information from

19  the Defendants which are all out-of-state corporations. Similarly, without a right to a hearing or an

20  appellate remedy the "administrative process" cannot provide a sufficient remedy to Oakland.

21          **b.**    **Exhaustion of Remedies Is Not Appropriate Because Statutory**
22                  **Interpretation Is at Issue and the Administrative Process Would Be**
                        **Futile.**

23      Exhaustion is also not required because administrative action will leave standing the related

24  common law claims, statutory interpretation, and constitutional questions present in this case. *Rojo,* 52

25  Cal. 3d at 84-85; *Pub. Util. Comm'n v. United States*, 355 U.S. 534 (1958). The doctrine requiring

26  exhaustion of remedies does not apply where a court is required to consider questions of law, such as the

27  interpretation of a statute. *United States v. Hooshmand*, 931 F. 2d 725, 737 (11th Cir. 1991).

28  Determination of whether a particular case requires application of the exhaustion doctrine is made on a

11

1  "case-by-case basis with concentration on whether a paramount need for agency expertise outweighs

2  other factors." *Rojo*, 52 Cal. 3d at 87 (quoting *Karlin v. Zalta*, 154 Cal. App. 3d 953, 981 (1984)).

3      This action presents pivotal issues of statutory interpretation over which this Court has

4  jurisdiction. Statutory construction is a question of law reviewed *de novo*. *See Midrash Sephardi, Inc.*

5  *v. Town of Surfside*, 366 F.3d 1214, 1223 (11th Cir. 2004), *cert. denied* 543 U.S. 1146 (2005).

6  Additionally, many questions of common law exist. An administrative agency has no particular

7  expertise in the legal questions underlying this case. Courts, not administrative agencies, are the entities

8  with the expertise to resolve questions of statutory interpretation.

9      In fact, Defendants' Motion raises several legal questions, which require this Court to engage in

10  statutory interpretation. (*See* Defs.' MPA at 17:1-26:3.) Defendants' arguments are based on their

11  assertions that the Ordinance does not require them to collect and remit taxes. Additionally, in their

12  Motion, Defendants have made arguments challenging the jurisdiction of Oakland's tax being applied to

13  them. (*See* Defs.' MPA at 18-25.) Thus, the issues to be resolved in this case are grounded in statutory

14  construction and interpretation, which are matters for this Court, not an administrative body.

15      Defendants' arguments thus concede that this matter is appropriate for judicial review. The heart

16  of the statutory tax claim is based on statutory construction, while the heart of the other claims lie in the

17  common law, beyond the province of any administrative agency.

18      If Plaintiff had opted to appear before some administrative agency to procure relief, that agency

19  would first be faced with threshold questions regarding the meaning and application of the Ordinance –

20  i.e. statutory construction. As the agency's construction would not be binding on the courts, the Court

21  would then be brought in prior to the resolution of any of the accounting or remedies issues. Thus, even

22  if Plaintiff were in front of an administrative agency, Plaintiff would not be able to obtain relief.

23      Nor is this a case in which the development of an administrative record will be helpful to the

24  Court. The issues presented by this case primarily concern matters of statutory interpretation that the

25  Court will consider *de novo*. Tax notices, assessments, and audits are not required or effective when the

26  dispute is not about how much money is due but whether taxes are due under specific statutes.

27      Moreover, the administrative process would be time consuming and futile, all while Oakland

28  continues its ongoing and costly loss of tax revenue. Oakland should not be mandated to participate in a

12

1  fruitless administrative process which would simply result in the City of Oakland "determining" that

2  Defendants have failed to pay substantial sums of money in taxes and have converted taxes paid by

3  consumers. This "determination" has already been made. Defendants' request that Oakland exhaust its

4  administrative remedies is merely a delay tactic. Certainly, forcing Oakland to engage in an

5  administrative determination that it has already made by bringing this action is a futile act.

6       Additionally, because Defendants assert that they are not even subject to taxation by Oakland,

7  there is serious doubt that Defendants would respect an adverse agency determination on a legal

8  question without turning to this Court for a *de novo* interpretation. In similar cases around the country

9  where plaintiffs have sought administrative relief, local governments have determined that taxes are due

10  and owing. Yet, these same Defendants have refused to pay the deficiencies and have steadfastly hid

11  behind their legal positions once in front of such agencies. In other words, when in front of a court,

12  these Defendants argue that the matter is appropriate for administrative relief, and when in front of an

13  administrative agency, these Defendants argue that they are legally beyond the scope of any statutes and

14  beyond the legal and constitutional jurisdiction of the administrative agency. Similarly, Defendants'

15  Motion in this case demonstrates that they have no intention of cooperating in any administrative

16  assessment because they defiantly claim immunity from any transient occupancy taxes owed to the City

17  of Oakland. As such, any requirement that Plaintiff must exhaust administrative remedies would be an

18  exercise in futility.

19       **c. The Risk of Irreparable Injury to Plaintiff Also Weighs Against
20           Requiring Exhaustion of Administrative Remedies.**

21       Courts do not require the application of the doctrine of administrative remedies where it would

22  create a serious risk of irreparable injury. *Fuentes v. Roher*, 519 F.2d 379 (2d Cir. 1975); *Finnerty v.*

23  *Cowen*, 508 F.2d 979, 982-83 (2d Cir. 1975). This action seeks to collect and prevent the ongoing

24  withholding of potentially tens of millions of dollars of unpaid taxes owed to Oakland. Vital

25  government programs depend on tax dollars of such magnitude. If this action is dismissed while

26  Oakland is required to undertake a futile and lengthy administrative assessment, the statute of limitations

27  may not be tolled. If this action was dismissed as urged by Defendants, claims of substantial value

28  could be potentially barred by the statute of limitations. "[I]n determining whether the failure to exhaust

13

1    is excused under the recognized exception of avoiding irreparable harm to the petitioner, we look to the

2    potential harm that exists at the time we would otherwise require the petitioner to exhaust his

3    administrative remedies, and not necessarily to the time the original petition was filed." *Winck v.*

4    *England*, 327 F.3d 1296, 1306 (11th Cir. 2003). Such irreparable injury outweighs requiring any

5    administrative exhaustion.

6    **C.    The State Court Decisions Which Defendants Rely Upon Are Not Applicable to the Present Case.**

7

8    Defendants rely upon decisions by other courts interpreting altogether different statutes staying

9    actions for failure to exhaust administrative remedies. Defendants' reliance upon these decisions is

10   misplaced for several reasons. First, none of these cases consider the language of Oakland's Ordinance

11   which, unlike many other local ordinances, expressly permits Oakland to seek relief through the Courts

12   at any time. Under Oakland's ordinance, there is no administrative assessment that is a prerequisite to

13   judicial action. Second, those decisions failed to address the limitations and exceptions of the

14   exhaustion of administrative remedies doctrine. Third, these decisions are lower court decisions, which

15   analyze different cities' ordinances and are not binding on this Court.

16   Defendants rely upon a decision by a Pennsylvania state court which dismissed actions by the

17   City of Philadelphia where the Pennsylvania high court had already addressed jurisdiction of disputes

18   concerning local tax liability. *City of Philadelphia v. Hotels.com*, No. 860, 2006 Phila. Ct. Com. Pl.

19   LEXIS 218 (May 25, 2006). The decision rests exclusively on Pennsylvania law, without considering

20   California or federal law. The decision states, "[t]he Pennsylvania Supreme Court has held that the Tax

21   Review Board has exclusive jurisdiction over disputes concerning local tax liability in the City of

22   Philadelphia." *Id.* at *3; *see Cherry v. City of Philadelphia*, 692 A.2d 1082, 1084 (Pa. 1997). Further,

23   Pennsylvania's Tax Review Board is an independent agency with subpoena power. *See Cherry*, 692

24   A.2d at 1084 ("The Tax Review Board has exclusive jurisdiction over disputes concerning local tax

25   liability in the City of Philadelphia. Philadelphia Code § 19-1702(1)"); Philadelphia Code § 19-

26   1701(3)(b). In contrast, neither the California Supreme Court, nor the Ninth Circuit have made any

27   decisions that would instruct this court that exhaustion is required. Unlike in Pennsylvania, there is no

28   such single tax review board which would exclusively and uniformly govern tax disputes involving

14

California counties and cities.

Similarly, the Atlanta case cited by Defendants is inapposite because it considered an entirely different ordinance and also failed to consider the limitations of the exhaustion doctrine. *See City of Atlanta v. Hotels.com, L.P.*, No. 2006-CV-114732, 2006 WL 3728957 at *2-3 (Ga. Super. Dec. 11, 2006). Additionally, in *City of Atlanta,* the Court did not consider exhaustion of administrative remedies as it pertains to a plaintiff who is the administrative agency or the tax levying body. *See id.*

None of these cases assists Defendants. This action involves the Oakland Ordinance, which expressly provides Oakland with the right to judicial redress at any time. Consequently, the decisions cited by Defendants are of little value in the proper analysis of the relevant legal issues in this case.

**D.     Even if the Court Were Convinced That the Exhaustion Doctrine Applied and That Failure to Exhaust Could Not Be Excused in This Case, the Proper Action Would Be a Stay, Not a Dismissal**

Defendants incorrectly claim this Court does not have jurisdiction and is without power to hear the case. This case is properly before the Court as a matter of diversity jurisdiction. 28 U.S.C. § 1332(a); *see, e.g., Markham v. City of Newport News*, 292 F.2d 711, 713 (4th Cir. 1961); *Pankow Constr. Co. v. Advance Mortg. Corp.*, 618 F.2d 611, 613 (9th Cir. 1980). The only issue raised by Defendants is whether Plaintiff is required to pursue administrative remedies prior to seeking relief from the Court. Even if the Court decided that Plaintiff must exhaust administrative remedies, the decision does not warrant a dismissal.

The exhaustion defense ordinarily wins the defendant only a stay, so that the administrative process may go forward. A stay of court proceedings is more consonant with the purposes underlying the doctrine of exhaustion than is dismissal of a complaint. *Hansen v. Norfolk & W. Ry. Co.*, 689 F.2d 707, 714 (7th Cir. 1982). Faced with the possibility of massive liability to Oakland, Defendants ask this Court for a judgment on the merits based on the failure to exhaust administrative remedies. This request is improper and unjust.

**E.     Oakland's Occupancy Tax Applies to Defendants Because Defendants Are Operators and in any Event, Owe the Taxes They Have Collected to the City of Oakland.**

Turning from their unsupported claims of a "requirement" that Oakland exhaust administrative remedies, Defendants insist that this Court must find – as a matter of law based only on the allegations

15

1    in Plaintiff's Complaint – that they are not subject to Oakland's Transient Occupancy Tax. This

2    remarkable assertion cannot withstand a review of the plain language of the Ordinance and the facts

3    alleged in the Complaint.

4        The Ordinance requires hotel guests to pay a tax of eleven (11) percent of the rent charged by the

5    operator of a hotel. Ordinance § 4.24.030. The Ordinance defines "operator" very broadly to include:

6    "the person who is proprietor of a hotel whether in the capacity of owner, lessee, sublessee, mortgagee

7    in possession, licensee, *or any other possessory agent of any type or character other than an employee,*

8    the *managing agent* shall also be deemed an operator for the purposes of this chapter and shall have the

9    same duties and liabilities as his principal." Ordinance § 4.24.020 (emphasis added). Defendants'

10   argument that they are not "operators" for purposes of the Ordinance is without merit. First, this

11   argument ignores altogether Plaintiff's allegations that Defendants already actually collect and remit

12   some portion (albeit a lesser amount than is actually owed) of the taxes owed and due to Oakland under

13   the Ordinance. Plaintiff alleges that Defendants have collected occupancy taxes from consumers based

14   on the total cost of a hotel room, but the tax *remitted* is not on the full amount Defendants have

15   collected. (Complaint ¶ 29.) According to the allegations in the Complaint, therefore, Defendants are

16   already *acting* as operators subject to the Ordinance by collecting and remitting taxes.

17       Second, the conclusion that Defendants are operators is bolstered by the straightforward

18   interpretation of the Ordinance's terms. "Operator" broadly includes an owner, lessee, sublessee,

19   mortgagee in possession, licensee, any possessory agent, and a managing agent. Defendants, online

20   travel companies who rent rooms to consumers and collect taxes for those rooms, are  at a minimum

21   possessory or managing agents of the hotels. As alleged in the Complaint, Defendants purchase blocks

22   of room rentals from brick-and-mortar hotels, and then sell those room rentals to consumers which

23   involves collecting the rent for the room and the tax associated with that room. (Complaint ¶ 29.)

24   Defendants' attempt to narrow the definition to "proprietor," which by their argument *only* means

25   "owner," is unconvincing. To give effect to the terms "managing agent" and "possessory agent of any

26   type," these terms necessarily include entities such as Defendants that rent the rooms to consumers and

27   actually collect some portion of the tax. If the statute intended that only the physical owner of the hotel,

28   and not whomever actually collected the room payments and tax payments from the general public, was

1    to be the "operator" it would have limited the definition to "owner" or "proprietor." Under Defendants'

2    crabbed reading of the Ordinance, hotels would be legally permitted to contract with an entity off-site to

3    collect hotel room payments and the tax on those room payments, but not require that off-site contractor

4    to remit the tax to Oakland.

5         Further, Defendants' narrow reading of the Ordinance is belied by the fact that the Ordinance

6    plainly contemplates that "owner" and "operator" can be different entities. The section of the Ordinance

7    that authorizes Oakland to institute legal action for recovery of unpaid taxes, for instance, references

8    "those instances where the owner/operator of the business are one and the same," (Ordinance

9    § 4.24.130), a reference that would be entirely unnecessary if the owner and operator were *always*, as

10    Defendants claim, one and the same.

11         Moreover, the purpose of the Ordinance – to collect tax from consumers who rent hotel rooms in

12    Oakland – would not be realized if Defendants were not found subject to it. A court is to construe the

13    language of a statute so as to give effect to the intent of the drafter. *Synagogue v. United States*, 482

14    F.3d 1058, 1061-62 (9th Cir. 2007) (citing *United States v. Am. Trucking Ass'ns*, 310 U.S. 534, 542

15    (1940)). The subject of the occupancy tax is the "transient" or occupant of the hotel room. The

16    Ordinance states that "[s]aid tax constitutes a debt owed by the transient to the city...." Ordinance

17    § 4.24.030. Under Defendants' argument, any consumer who books their room online could simply

18    evade payment of the tax, thereby completely undermining the Ordinance. Defendants would have this

19    Court believe that with the advent of online travel companies renting rooms in Oakland, the hotel

20    occupancy tax is now obsolete whenever a consumer books their room through an online travel

21    company. Defendants' argument would create a different standard for consumers who rent from hotels

22    directly and those that book their rooms online: for brick-and-mortar hotels renting rooms to the general

23    public in Oakland, consumers must pay an 11 percent tax to the brick-and-mortar hotel and the hotel

24    must remit the tax paid to Oakland, but when on-line travel companies rent a hotel room in Oakland and

25    collect from consumers for such hotel room, no tax is owed to the Oakland. Such a scheme is not only

26    implausible, it is also contrary to Defendants' own conduct.

27         Third, whether Defendants are "operators" under the Ordinance or not, it is clear that the

28    Ordinance requires that the Occupancy Tax be remitted by *whoever* collects it. The Ordinance

17

1  establishes that where the tax due is not paid to the "operator," the tax due may be paid directly to

2  Oakland.  Ordinance § 4.24.030.  The Ordinance also broadly provides that  "*[a]ny person* owing money

3  to the city under provisions of this chapter shall be liable to an action brought in the name of the city for

4  the recovery of such amount."  Ordinance § 4.24.130 (emphasis added).  Plaintiff alleges that

5  Defendants have collected taxes and have failed to remit taxes in the proper amounts to Oakland.  Under

6  the terms of the Ordinance, therefore, Defendants are liable to Oakland for the unpaid taxes.

7      **F.**    **Defendants' Tag-along Arguments to Avoid Application of the Ordinance to Them Do Not Warrant Dismissal of the Complaint**

8

9        Plaintiff adequately alleges that Defendants charge a room rental price to the general public upon

10  which Defendants actually collect taxes.  Defendants try to overcome this fact by suggesting that the

11  marked up value is not for a "room rental," but instead for the "services" which Defendants provide.

12  The Complaint alleges that the consumer pays this amount as room rental and pays taxes on the amount

13  paid for their room rental.  (Complaint ¶¶ 29, 32.)  The Complaint also alleges that Defendants charge a

14  fee for their services.  (*Id.* ¶¶ 32-33.)  Further, Plaintiff also alleges that this conduct – Defendants'

15  failure to adequately delineate taxes charged – in itself violates the Ordinance.  (Complaint ¶¶ 41, 42.)

16  Contrary to Defendants' suggestion, Plaintiff does not allege that Defendants are prohibited from

17  marking up the rate of a hotel room to earn profit.  Plaintiff brings this lawsuit so that the taxes already

18  paid by consumers on the marked-up rate of the hotel room will be remitted to Oakland, rather than kept

19  as additional and unlawful profit by Defendants.

20        Similarly, Defendants attempt to confuse the Court by suggesting that Plaintiff's request to be

21  paid the taxes it is rightfully owed would result in double taxation.  Defendants' argument holds no

22  weight because it contradicts the facts pled in Plaintiff's Complaint.  Defendants allege that Plaintiff is

23  asking both the hotel and Defendants to collect tax from the consumer, resulting in "double tax,"

24  however, Plaintiff does not allege that two separate entities both collect and remit the same tax from

25  consumers.  Rather, Plaintiff's has pled that Defendants have already collected the taxes from the

26  consumers and these taxes are being illegally and deceptively kept for Defendants' profit.  (Complaint

27  ¶¶ 29, 32.)

28

1      Finally, Defendants' argument that Plaintiff's Complaint should be dismissed because it is

2  impractical for them to "register" as operators as the Ordinance requires is absurd.  This requirement has

3  no bearing on the Court's task of evaluating the pleadings and determining that Plaintiff has sufficiently

4  pled facts to support its claims.  The practical consideration of whether or not Defendants must register

5  is irrelevant to the Court's evaluation.  Additionally, as Defendants have already been acting as

6  operators by collecting and remitting taxes, the requirement of registration cannot be a bar to Oakland's

7  effort to collect the full taxes Defendants owe.

8      **G.      Plaintiff has Adequately Pled Its Other State Law Claims.**

9      Defendants' argument that Plaintiff has failed to adequately plead its state law claims lacks all

10  merit.  As even a quick read of the Complaint reveals, Plaintiff's factual allegations of Defendants' tax

11  evasion scheme fully support Plaintiff's claims for violation of the UCL, conversion, imposition of a

12  constructive trust, unjust enrichment and declaratory relief.  The argument of exhaustion of remedies

13  does not apply to these state law claims because none have an exhaustion of remedies requirement.

14      Plaintiff alleges that Defendants violated the UCL with their unlawful, unfair and fraudulent

15  business practices.  (Complaint ¶¶ 47-49.)  Defendants assert that Plaintiff's complaint lacks factual

16  allegations that Defendants engaged in unlawful, unfair, deceptive or fraudulent tactics.  In fact, in

17  addition to detailing Defendants' scheme (*Id.* ¶¶ 28-33), Plaintiff expressly pleads that consumers pay

18  monies, which they believe are paying tax on their room rental, which Defendants keep for their own

19  profit.  (*Id.* ¶¶ 29, 32.)  The complaint also alleges that at the time they make their room reservation,

20  consumers are led to believe that taxes are being paid in full.  (*Id.* ¶ 32.)  Plaintiff further alleges that

21  Defendants' practice is unlawful because it violates the city Ordinance as well as state laws.  (*Id.* ¶¶ 40-

22  43, 47-49.)  The complaint also alleges that rather than remitting to Oakland 11% of the rental rate on

23  the rooms it sells to the general public, Defendants keep a significant percentage for itself.  (*Id.* ¶¶ 29,

24  30.)  These direct allegations more than adequately support Plaintiff's UCL claims and withstand a

25  motion to dismiss.  *See, e.g., Comm. on Children's Television, Inc. v. General Foods Corp.,* 35 Cal. 3d

26  197, 211 (1983) (citations omitted) (holding that for a claim pleading a violation of the UCL, "it is

27  necessary only to show that members of the public are likely to be deceived.")

28      Defendants' claim that Plaintiff has not sufficiently pled claims for conversion, imposition of a

19

1  constructive trust and unjust enrichment similarly ignores the detailed allegations in Plaintiff's

2  complaint. Defendants' argument that these claims fail because Plaintiff did not allege that Defendants'

3  exercise control over the tax money it collects is simply untrue. Plaintiff alleges that Defendants

4  actually collect tax from consumers and remit some of that tax that Defendants are taking tax payments

5  from taxpayers and keeping them as their own, and that Defendants control the money paid by

6  consumers for their rental hotel rooms. (Complaint ¶¶ 29-30, 32, 53, 59.) These allegations plainly

7  support claims for conversion, imposition of a constructive trust and unjust enrichment.

8      Finally, because Plaintiff has properly pled its claims for relief, its request for a declaratory

9  judgment is also proper. (*Id.* ¶¶ 40-43, 47-49.); *see also City of Rome,* 2006 U.S. Dist. LEXIS 56369 at

10  \*20. (Finding in similar challenge against online travel companies that Plaintiffs have stated claims for

11  conversion, and unjust enrichment, and have asserted claims under Georgia's Uniform Deceptive and

12  Unfair Trade Practices Act and declining to dismiss those claims).

13      This is not a hastily drafted Complaint, but instead, it describes in great factual detail the tax

14  evasion scheme defendants have been employing for years to deprive cities such as Oakland of millions

15  of tax dollars that are an important source of revenue for the city's operation. Plaintiff has adequately

16  pled each of its claims for relief.

17      Oakland's Ordinance is not the exclusive remedy in this matter. There is no ordinance or statute

18  which limits the Oakland in its causes of action to collect unpaid taxes. Further, there is no basis for

19  Defendants' argument that Oakland is precluded from collecting their unpaid Occupancy Tax through

20  legal action as the Ordinance itself states, "In addition, nothing in this chapter shall be interpreted to

21  preclude or limit the city from seeking injunctive or other judicial relief." Ordinance § 4.24.170.

22  ///

23  ///

24  ///

25

26

27

28

1  **IV.    CONCLUSION**

2      For the foregoing reasons, Plaintiff respectfully submits that Defendants' Motion should be

3  denied in its entirety.

4  Dated:  October 9, 2007                              THE STURDEVANT LAW FIRM
                                                        A Professional Corporation
5
                                                        VROON & CRONGEYER, LLP
6
                                                        LAMAR ARCHER & COFRIN, LLP
7

8                                              By:    _____/s/_____
                                                        Monique Olivier
9                                                       Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28