1   JAMES C. STURDEVANT, State Bar No. 94551
    (jsturdevant@sturdevantlaw.com)
2   MONIQUE OLIVIER, State Bar No. 190385
    (molivier@sturdevantlaw.com)
3   WHITNEY B. HUSTON, State Bar No. 234863
    (whuston@sturdevantlaw.com)
4   THE STURDEVANT LAW FIRM
    A Professional Corporation
5   475 Sansome Street, Suite 1750
    San Francisco, California  94111
6   Telephone:    (415) 477-2410
    Facsimile:    (415) 477-2420
7
    ROBERT C. LAMAR (*Pro Hac Vice* application pending)
8   DAVID W. DAVENPORT (*Pro Hac Vice* application pending)
    LAMAR ARCHER & COFRIN, LLP
9   50 Hurt Plaza, Suite 900
    Atlanta, GA  30303
10  Telephone:    (404) 577-1777
    Facsimile:    (404) 577-9490
11
    JOHN W. CRONGEYER, M.D. (*Pro Hac Vice* application pending)
12  BRYAN A. VROON (*Pro Hac Vice* application pending)
    VROON & CRONGEYER, LLP
13  1718 Peachtree Street, Suite 1088
    Atlanta, GA  30309
14  Telephone:    (404) 607-6710
    Facsimile:    (404) 607-6711
15
    Attorneys for Plaintiff
16
                    UNITED STATES DISTRICT COURT
17
                    NORTHERN DISTRICT OF CALIFORNIA
18
                          OAKLAND DIVISION
19

20  CITY OF OAKLAND, CALIFORNIA,          Case No.:  C 07-03432 SBA

21              Plaintiff,                **[PROPOSED] ORDER DENYING
                                          DEFENDANTS' MOTION TO DISMISS**
22              v.
                                          Date:  November 6, 2007
23  HOTELS.COM, L.P., et al.,             Time: 1:00 p.m.
                                          Courtroom: 3, 3rd Floor
24              Defendants.               The Honorable Sandra B. Armstrong

25                                        Complaint Filed:  June 29, 2007
                                          Trial Date:    None
26

27

28

On November 6, 2007, Defendants' Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) was heard before the United States District Court, Northern District of California, the Honorable Saundra B. Armstrong presiding. Having heard oral argument and read and considered all the papers submitted in support of and in opposition to the motion, as well as other pleadings and papers on file in this case, the Court makes the following findings.

## I.    BACKGROUND

On June 29, 2007, Plaintiff, City of Oakland ("Oakland"), filed this lawsuit against Defendants, Hotels.com, L.P.; Trip Network, Inc. (d/b/a Cheap Tickets, Inc.); Expedia, Inc.; Internetwork Publishing Corp. (d/b/a/ Lodging.com); LowestFare.com Incorporated; Orbitz, LLC; Priceline.com, Incorporated; Site59.com, LLC; Travelocity.com, LP; Travelweb LLC; and Does 1 through 1000 ("Defendants")[1], based on violation of Oakland's Uniform Transient Occupancy Tax Ordinance (Oakland Municipal Code chapter 4.24 *et seq.* (the "Ordinance")), violation of California's Unfair Competition Law, Business and Professions Code section 17200 *et seq.* ("UCL"), Conversion, Unjust Enrichment, and Imposition of a Construction Trust. The lawsuit alleges that Defendants failed to collect and/or remit taxes to Oakland and seeks injunctive and declaratory relief and restitution.

Plaintiff's complaint alleges that Oakland's Transient Occupancy Tax Ordinance requires all Defendants to collect and remit taxes on behalf of the city in the amount of eleven (11) percent of the rent charged for occupancy of any hotel room. Ordinance § 4.24.030. The tax is to be collected and remitted by the "operator" of any hotel. An operator is broadly defined as "any other possessory agent of any type or character" or "managing agent." Ordinance §4.24.030.

---

[1] The initial complaint included additional Defendants, Hotels.com GP, LLC; Travelport, Inc. (f/k/a Cendant Travel Distribution Services Group Inc.); Maupintour Holding, LLC; Orbitz, Inc.; Sabre Holdings Corporation; Travelocity.com, Inc.; and Travelnow.com, Inc. who were subsequently voluntarily dismissed without prejudice from the action.

[PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO DISMISS
CASE NO. 07-03432 SBA

1    On September 18, 2007, Defendants filed a joint Motion to Dismiss the Complaint based

2    on the allegation that Oakland failed to exhaust its administrative remedies before bringing the

3    instant lawsuit and based on the argument that the Defendants were not "operators" subject to

4    Oakland's Ordinance.  Defendant also sought dismissal of Plaintiff's other state claims.

5    Plaintiff's Complaint alleges that Defendants' business practice is to collect Oakland's

6    Transient Occupancy Tax from the general public for rooms rented in Oakland, but not remit the

7    full amount of the occupancy tax they collect.  Plaintiff alleges that Defendants contract with

8    hotels for rooms at discounted room rates.  (Complaint ¶ 29.)  Defendants then mark-up their

9    inventory of rooms and sell the rooms to members of the public, who purchase and then occupy

10   the rooms.  (*Id.*)  Upon rental of their hotel room through Defendants, the general public pays

11   taxes based on the rate at which they rent the room – the marked-up rate.  (*Id.*)  No occupancy

12   tax has been paid to Oakland based on the rates received by Defendants.  (*Id.* ¶¶ 28-31.)  The

13   Complaint alleges that Defendants have only remitted taxes to Oakland calculated on the

14   discounted room rates.  (*Id.* ¶ 29.)  Plaintiff alleges that Defendants have significantly short-paid

15   taxes and that Oakland is owed the full 11% of the rent charged to and paid by the general

16   public.  (*Id.* ¶¶ 29-30.)

17   **II.    LEGAL STANDARD**

18   Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss will not be granted

19   "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim

20   which would entitle him to relief." *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 794

21   (9th Cir. 2007).  The issue presented by such a motion is not whether the plaintiff will prevail in

22   the action, but whether the plaintiff is entitled to offer evidence in support of the claim.  *See*

23   *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468

24   U.S. 183 (1984).

25   This Court construes the complaint in the light most favorable to the plaintiff, accepting

26   all well-pleaded factual allegations as true and drawing all reasonable inferences in plaintiff's

27   favor. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996); *Usher v. City of Los*

28   *Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  Courts assume that all general allegations "embrace

whatever specific facts might be necessary to support them." *Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994).

### III.    ANALYSIS

**A.    There Is No Requirement That Oakland Exhaust Administrative Remedies.**

The Court finds that under the plain language of Oakland's Ordinance, there is no requirement that Oakland must exhaust administrative remedies. The Ordinance permits Oakland to file a judicial action to collect an outstanding Occupancy Tax debt, provides a statute of limitations for filing a judicial action to collect the debt, and states, "[N]othing in this chapter shall be interpreted to preclude or limit the city from seeking injunctive or other judicial relief." Ordinance § 4.24.170; § 4.24.130. The Court's inquiry ends here because the meaning of the Ordinance is clear on its face and it requires no further examination. "Statutory interpretation begins with the plain meaning of the statute's language. Where the statutory language is clear and consistent with the statutory scheme at issue, the plain language of the statute is conclusive and the judicial inquiry is at an end." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 732 (9th Cir. 2007).

Even if the Court did not find these provisions controlling, this case would not require the exhaustion of administrative remedies. Exhaustion is not appropriate in cases where, as here, the administrative remedy is inadequate, where there are predominating questions of law requiring a court's review, and exhaustion would be futile. *Campbell v. Regents of the Univ. of Cal.*, 35 Cal. 4th 311, 321 (2005), *cert. denied*, 546 U.S. 938 (2005); *Rojo v. Kliger*, 52 Cal. 3d 65, 85 (1990).

A careful reading of the Ordinance makes clear that the administrative process, remedies, and exhaustion requirement apply only to the entities which owe taxes to Oakland, not to Oakland itself. *See* Ordinance § 4.24.090; § 4.24.100. For Oakland, the only administrative remedy provided is the right to conduct an audit and make a determination of the tax owed. *See* Ordinance § 4.24.090. The administrative process applicable to Oakland under the Ordinance does not include the right to a hearing, any form of appellate review, and could not address Oakland's request for equitable, declaratory or injunctive relief. Therefore, the administrative remedies available to Oakland are insufficient.

Additionally, Defendants raise issues of statutory interpretation by alleging that the

3

1   Ordinance does not apply to them. That question is a threshold legal issue appropriate for

2   resolution by this Court, not by Oakland's Tax Administrator. In light of the inadequacy of

3   administrative remedies available to Oakland and the questions of law raised by Defendants that

4   require judicial review, exhaustion of administrative remedies would be a futile undertaking for

5   Oakland.

6   **B.    Plaintiff Has Sufficiently Pled Each of Its Claims For Relief.**

7          The Court finds that Plaintiff has sufficiently alleged that Defendants are operators and

8   subject to Oakland's Occupancy Tax. Defendants' assertion that they are not "operators" as

9   defined by the Ordinance is without merit. "Operator" is defined by the Ordinance to include an

10  owner, lessee, sublessee, mortgagee in possession, licensee, any possessory agent, and a

11  managing agent. Ordinance § 4.24.020. To give effect to the terms "managing agent" and

12  "possessory agent of any type," these terms necessarily include entities such as Defendants that

13  rent the rooms to consumers and actually collect both the rental price and the tax paid by the

14  consumer. If the statute intended that only the physical owner of the hotel, and not whomever

15  actually collected the room payments and tax payments from the general public, was to be the

16  "operator" it would have limited the definition to "owner" or "proprietor." Further, Plaintiff's

17  complaint alleges that Defendants already actually collect and remit at least a portion of the taxes

18  owed and due to Oakland under the Ordinance. According to the allegations in the Complaint,

19  therefore, Defendants already function as operators subject to the Ordinance.

20         Moreover, Defendants are subject to the Ordinance regardless of whether they are

21  defined as "operators." The plain language of the Ordinance makes clear that where the

22  Occupancy Tax is not paid directly to the operator of a hotel, it must still be paid to Oakland.

23  The Ordinance provides that "[a]ny person owing money to the city under provisions of this

24  chapter shall be liable to an action brought in the name of the city for the recovery of such

25  amount." Ordinance § 4.24.030.

26         Plaintiff has adequately pled causes of action for violation of the UCL, conversion,

27  imposition of a constructive trust, unjust enrichment and declaratory relief. In considering a

28  12(b)(6) motion to dismiss, the Court accepts Plaintiff's well-plead allegation as true. Plaintiff

4

1    alleges facts sufficient to state causes of action for each of these claims.

2    **IV.    CONCLUSION**

3    Defendants' Motion to Dismiss Plaintiff's First Claim for Relief on the basis that Plaintiff

4    must exhaust their administrative remedies is DENIED.

5    Defendants' Motion to Dismiss Plaintiff's First Claim for Relief on the alternative ground

6    that Defendants are not "operators" subject to Oakland's Ordinance is DENIED.

7    Defendants' Motion to Dismiss Plaintiff's Second through Sixth Claims for Relief on the

8    basis that Plaintiff failed to sufficiently plead facts to support these claims is DENIED.

9    IT IS SO ORDERED.

10

11

12

13    Dated: _____          By:    _____
                                              Hon. Saundra B. Armstrong
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28