# EXHIBIT A



# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | |
|---|---|
| CITY OF ORANGE, TEXAS, on behalf of itself and all other similarly situated Texas municipalities, <br><br> *Plaintiff*, <br><br> v. <br><br> HOTELS.COM, L.P., *et al.*, <br><br> *Defendants*. | Civil Action No. 1:06-CV-413 <br> (Judge Crone/Judge Giblin) |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE
## ON MOTION TO DISMISS

Pursuant to 28 U.S.C. § 636 and the Local Rules for the United States District Court for the Eastern District of Texas, the District Court referred this matter to the undersigned United States Magistrate Judge, at Beaumont, Texas, for entry of findings and recommendation on case-dispositive motions and determination of non-dispositive matters Defendants Hotels.com, L.P.; Hotels.com GP, LLC; Hotwire, Inc.; TravelNow.com, Inc.; Expedia, Inc.; Orbitz, LLC; Internetwork Publishing Corp. (d/b/a Lodging.com); Travelport, Inc. (f/k/a Cendant Travel Distribution Services Group, Inc.); Site 59.com, LLC; Travelocity.com, LP; Lowestfare.com, Inc.; Travelweb LLC; Priceline.com Inc.; Trip Network, Inc. (d/b/a Cheaptickets.com); Cheaptickets, Inc.; and Maupintour Holding, LLC

(collectively, "Defendants") have filed their *Motion to Dismiss for Failure to State a Claim Upon Which Relief May be Granted* [Clerk's doc. #23]. That dispositive motion is pending before this Court for purposes of this report.

## I. Background

### A. Claims

In this civil action, the Plaintiff, the City of Orange, Texas, ("Plaintiff" or "Orange") has filed a class action on behalf of itself and similarly situated Texas municipalities against Defendants Hotels.com, L.P.; Hotels.com GP, LLC; Hotwire, Inc.; TravelNow.com, Inc.; Expedia, Inc.; Orbitz, LLC; Internetwork Publishing Corp. (d/b/a Lodging.com); Travelport, Inc. (f/k/a Cendant Travel Distribution Services Group, Inc.); Site 59.com, LLC; Travelocity.com, LP; Lowestfare.com, Inc.; Travelweb LLC; Priceline.com Inc.; Trip Network, Inc. (d/b/a Cheaptickets.com); Cheaptickets, Inc.; and Maupintour Holding, LLC (collectively, "Defendants") pursuant to Texas Tax Code § 351.001, *et seq.*, the Texas Government Code, § 334.251, *et seq.*, the Orange Code of Ordinances, Article 1.600, and other municipal ordinances of municipalities throughout Texas. *See Representative Plaintiff's Original Class Action Complaint and Jury Demand* [Clerk's doc. #1], *hereinafter the "Complaint."* Those municipalities comprise the "class members."

The gravamen of Plaintiff's claims is that the Defendants have violated the above-cited statutes by failing to collect and remit to Plaintiff and the class members the amounts due and owing to them pursuant to law and respective hotel occupancy tax municipal ordinances. *See Complaint*, at p.16. Relatedly, the Plaintiff's Complaint alleges that Defendants have converted the occupancy taxes to their own possession and use, and that the Defendants engaged in a civil conspiracy to commit the alleged violations of Texas law and conversion of the occupancy taxes. *Id.* at p.17. Accordingly, the Plaintiff and class members have pled causes of action for violations of the Texas

2

Tax Code and the class members' municipal ordinances, conversion at Texas common law, and civil conspiracy at Texas common law. *Id.* at pp.15-17. The Plaintiff also seeks a declaratory judgment regarding its (and the class members') rights under the alleged causes of action. *Id.* at p.17. In addition to this declaration of rights, the Plaintiff requests actual damages in the form of the unpaid hotel occupancy taxes owed to them, penalties[1] and attorney's fees. *Id.* at pp.18-19.

**B.    Alleged Facts**

In support of these pled causes of action, the Plaintiff sets forth the following facts. *See Complaint*, at pp. 10-12. According to Plaintiff, Texas law, the Orange, Texas, Code of Ordinances and the class members' ordinances authorize the Plaintiff and class members to impose an occupancy tax on all persons who pay for the use or possession or for the right to use or possess a hotel room. Orange's ordinance imposes a seven percent (7%) hotel occupancy tax.

The Defendants are web-based sellers and/or resellers of hotel rooms. The Defendants contract with various hotel companies for blocks of hotel rooms, then set prices, cancellation policies, and control who occupies the room. According to Plaintiff, under this arrangement, the Defendants are required to collect and remit hotel occupancy taxes to Orange and the class members on the retail amount of the price paid by occupants for the hotel rooms.

The Defendants contract with hotel companies for rooms at negotiated discounted room rates, then mark-up their inventory of rooms and sell the rooms to the public. The Defendants, however, remit occupancy taxes to Orange and the class members based on the lower, negotiated room rates, rather than the retail room rates actually charged to the public. Accordingly, the Plaintiff alleges that

---

[1]The Plaintiff and class members contend that they are entitled to an additional five percent (5%) hotel occupancy tax as a penalty for Defendant's violation of reporting provisions set by law requiring that every person collecting hotel occupancy taxes must file a report, described *infra*. *See Complaint*, at p.12.

3

the Defendants' unlawful practice is to simply pay taxes on the wholesale price, rather than the retail price that the consumer pays when booking a room through the Defendants.

According to the Complaint, "numerous Texas Comptroller opinions clearly state" that Section 156.053 of the Texas Tax Code requires web-based hotel booking companies such as Defendants to compute and collect hotel occupancy taxes based on the retail price paid by the hotel occupants. Citing the Texas Comptroller's opinions, the Complaint states that these holdings are based on the fact that web-based hotel reservation companies have the "contractual right to control occupancy" of hotel rooms located in Texas.

The Court notes that Plaintiff has filed its lawsuit in this federal court pursuant to 28 U.S.C. § 1332(d)(2), governing diversity of citizenship and class actions. It appears from the Complaint that there is complete diversity between the Plaintiff class members and Defendants, and the amount in controversy exceeds the amount required by Section 1332(d). Accordingly, this Court finds that federal jurisdiction exists according to the diversity jurisdiction statue.

## II. Pending Motion and Opposition

### A. Motion to Dismiss

The Defendants' *Motion to Dismiss* sets forth several arguments as to why Plaintiff's Complaint does not state a claim as a matter of law. Defendants argue that Orange's cited city ordinance ("the Ordinance") does not impose a hotel occupancy tax on Defendants' services. Accordingly, their motion contends that the occupancy tax only applies to consideration *paid to a hotel or motel*, and because Defendants are not hotels or motels, they are not subject to the ordinance and Plaintiff's claims, therefore, fail. *See Motion to Dismiss*, at p.3.

Defendants' motion further contends that Plaintiff's claims also fail because even if the Defendants were subject to the tax, the relevant Enabling Act and the Ordinance only impose the tax

4

on the price of a room in a hotel and the cost of the room. Defendants argue that their services are not subject to the tax because the tax only applies to the amount paid to the hotel for the room, not to consideration received by hotels or third parties for any other services, including services provided by Defendants.

The Defendants relatedly argue that Plaintiff's claims fail because the Ordinance does not impose any obligation on the Defendants to collect and/or remit any tax imposed by the Ordinance. The Defendants also contend that any ambiguity in the Ordinance and the state law Enabling Act must be construed in Defendants' favor and against Plaintiff as the taxing authority. Finally, based upon the contention that Plaintiff's claims in themselves do not state claims upon which relief can be granted, Defendants argue that Plaintiff cannot assert any class claims on behalf of the class members.

### B. Response

The Plaintiff offers several arguments in opposition to the motion to dismiss. *See Plaintiff's Response to the Defendants' Motion to Dismiss* [Clerk's doc. #39].[2] Plaintiff argues that the Defendants' motion to dismiss is based upon on untenable interpretation of the ordinance at issue. It contends that the problem with Defendants' position is that the amount paid by the consumer is the retail price paid to Defendants, not the amount paid by them to the hotel or motel for the right to control occupancy. The consideration for the occupancy of the room on which the tax is levied is therefore the amount paid by the consumer occupier, or guest, not the amount Defendants pay for the right to market the rooms to the public.

---

[2] The Court notes that the parties also filed replies, surreplies, and supplemental briefing,. Rather than restating the specifics of all of the briefs, the Court will address them as needed during the course of the analysis.

5

Plaintiff also points out that the Defendants summarily state they do not "control" the hotel rooms for purposes of the Ordinance, but they cite no authority for this position. Plaintiff also responds by stating that the Defendants' application of statutory construction is wrong. It is the Plaintiff's position that the drafters' intent in passing the Orange City Ordinance at issue was to levy the tax on the consideration paid by ultimate occupant for the room. The Plaintiff goes on to cite several federal district court decisions construing similar ordinances, and then argues why this Court should apply several Texas Comptroller opinions.

### III. Rule 12(b)(6) and Motion to Dismiss

Federal Rule of Civil Procedure 12 provides that a pleader may present, by motion, a defense alleging "failure to state a claim upon which relief can be granted." FED. R. CIV. P 12(b)(6) (full citation of rule omitted). The Fifth Circuit has stated that a claim should not be dismissed under Rule 12(b)(6) unless the plaintiff would not be entitled to relief under any set of facts or any possible theory he may prove consistent with the allegations in the complaint. *See, e.g., Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). This standard derived from *Conley v. Gibson*, which stated that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). But recently in *Bell Atlantic*, the Supreme Court made clear that the *Conley* rule is not "the minimum standard of adequate pleading to govern a complaint's survival." *Bell Atlantic Corp. v. Twombly*, ___U.S.___,127 S. Ct. 1955, 1968-69, 167 L. Ed. 2d 929 (2007).

Dismissal for failure to state a claim upon which relief may be granted does not require appearance, beyond a doubt, that plaintiff can prove *no set of facts* in support of claim that would

6

entitle him to relief, although once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *See Bell Atlantic Corp.*, 127 S. Ct. at 1969 (abrogating *Conley*). A cause of action can fail to state a "claim upon which relief can be granted" if, inter alia, it fails to comply with the requirements of Rule 8(a)(2). *See, e.g., Buerger v. Southwestern Bell Tel. Co.*, 982 F. Supp. 1247, 1249-50 (E.D. Tex. 1997); *Bank of Abbeville & Trust Co. v. Commonwealth Land Title Ins. Co.*, 201 F.App'x. 988, * 2 (5th Cir. Oct. 9, 2006) ("a Rule 12(b)(6) motion to dismiss for failure to state a claim may be a proper vehicle to challenge the sufficiency of a pleading under Rule 8").

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" FED. R. CIV. P. 8(a)(2). The United States Supreme Court has made clear, however, that a plaintiff is obligated to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.*, 127 S. Ct. at 1964-65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation")). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 127 S. Ct. at 1965. "Rule 8(a)(2) still requires a showing, rather than a blanket assertion, of entitlement to relief without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only fair notice of the nature of the claim, but also grounds on which the claim rests." *Id.* at 1965 n.3 (internal quotation marks omitted). When the complaint contains inadequate factual allegations, "this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 1966. "[A] district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed."

7

*Id.* at 1967 (quoting *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 528 n.17, 103 S. Ct. 897, 74 L. Ed. 2d 723 (1983)).

"Normally, in deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). The court also may "consider matters of which [it] may take judicial notice." *Id.* at 1017-18; *see* FED. R. EVID. 201(f). Matters of public record, items appearing in the record of the case, and exhibits attached to the complaint also may be considered. *See* 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2005). As a matter of course, the Court does not consider materials outside of the pleadings when applying the Rule 12(b)(6) standard. *See Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citations omitted).

## IV. Analysis

The Texas Tax Code authorizes municipalities to enact ordinances imposing "a tax on a person who, under a lease, concession, permit, right of access, license, contract, or agreement, pays for the use or possession or for the right to the use or possession of a room that is in a hotel, costs $2 or more each day, and is ordinarily used for sleeping." TEX. TAX. CODE ANN. § 351.002(a) (Vernon 2007). Section 351.001(b) further states that "the price of a room in a hotel does not include the cost of food served by the hotel and the cost of personal services performed by the hotel for the person except for those services related to cleaning and readying the room for use or possession." *Id.* at § 351.002(b)

Consistent with the authority given to municipalities by the provisions of the Texas Tax Code, the City of Orange levied "a tax upon the occupancy of any room or space furnished by any hotel or motel where such cost of occupancy is at the rate of two dollars ($2.00) or more per day,

8

such tax to be equal to seven (7) percent of the consideration paid by the occupancy of such room or space *to such hotel or motel. . . .*" ORANGE, TEX., CODE OF CITY ORDINANCES § 1.601(a) (emphasis added).

Relatedly, Section 1.604 of the City Ordinance provides that "every person owning, operating, managing, or controlling any hotel or motel or other facility as defined hereinabove, within the City of Orange, Texas, shall collect the tax imposed in Section 1.601 hereof for the City of Orange, Texas." ORANGE, TEX., CODE OF CITY ORDINANCES § 1.604 (2006). Section 1.605 then requires that the collected tax be remitted to the City. *Id.* at § 1.605(a). The ordinance defines *consideration* as "the cost of the room in such hotel and other facilities, as are defined hereinabove, only if the room is one ordinarily used for sleeping, and shall not include the cost of any food served or personal services rendered to the occupant of such room not related to the cleaning and readying of such room for occupancy." *Id.* at § 16.02. Occupancy means "the use or possession, or the right to the use or possession, of any room in a hotel, if the room is one ordinarily used for sleeping and if the occupant's use, possession, or right to use or possess, extends for a period of less than thirty (30) days;" and *occupant* is defined as anyone who, for a consideration, uses, possesses, or has a right to use or possess, any room in a hotel, if the room is one ordinarily used for sleeping." *Id.*

The Defendants argue that they are not subject to the Ordinance because they are not hotels or motels, and the tax is only levied on the consideration actually paid to a hotel or motel. Relatedly, they contend that, under Section 351.002 of the Texas Tax Code (referred to as the "Enabling Act" by Defendants), cities are only authorized to impose the tax on those who use or possess rooms at a hotel. Defendants argue that they are not the users or possessors of the hotel rooms; therefore, there is no authority under the ordinance to impose the tax upon Defendants.

9

It appears that the language of Orange's ordinance is clear and unambiguous. The Ordinance imposes a 7% tax only on the consideration paid by the occupancy of such room or space to the hotel or motel. ORANGE, TEX., CODE OF CITY ORDINANCES § 1.601. Defendants do not come under the definition of "hotels" in that they, as web-based providers, are not "buildings in which a member or members of the public may, for consideration, obtain sleeping accommodations." *See* ORANGE, TEX., CODE OF CITY ORDINANCES §1.602. Plaintiff does not, and of course, cannot allege that the Defendants are "hotels" or "motels". Plaintiff admits that it properly receives the 7% tax based on the negotiated room rate that is actually paid to the hotel. *See Complaint*, at ¶ 34.

Plaintiff argues that it was not intended that the tax would be based on the wholesale price that Defendants pay for the right to resell the room to the public rather than a tax based on the retail price that the occupant pays for the right to use the room. Plaintiff argues that no reasonable construction of the ordinance could result from a hotel occupancy tax based on any measure other than the price an occupant pays for the right to use the room. However, as stated, this Court is not faced with an ambiguous ordinance. The Ordinance clearly states that the tax is imposed only on the amount received by the hotel in consideration for occupancy of the room. *See, e.g., Bellum v. PCE Constructors, Inc.*, 407 F.3d 734, 739 (5th Cir. 2005), *cert. denied* 546 U.S. 1139 (2006) ("when the statute's language is plain, the sole function of the courts – at least where the disposition required by the text is not absurd–is to enforce it according to its terms.") (quoting *Hartford Underwriters Ins. Co. v. Union Planters Bank, N. A.*, 530 U.S. 1, 147 L. Ed. 2d 1, 120 S. Ct. 1942, 1947 (2000) (stating that "when the statute's language is plain, the sole function of the courts--at least where the disposition required by the text is not absurd--is to enforce it according to its terms.") (internal quotation marks omitted) (quoting *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 109 S. Ct. 1026, 1030, 103 L. Ed. 2d 290 (1989)) (in turn quoting *Caminetti v. United States*,

242 U.S. 470, 37 S. Ct. 192, 61 L. Ed. 442 (1917)); *Harbert v. Healthcare Services Group, Inc.*, 391 F.3d 1140, 1150-1151 (10th Cir. 2004)). Plaintiff properly receives this amount and, therefore, its pled claims for relief have no merit.

Plaintiff correctly points out that other district courts have reached a different conclusion. The decisions all do involve the ultimate issue of whether web-based hotel booking companies such as Defendants are legally required to collect and remit hotel occupancy taxes. However, of course, the determination necessarily turns on the specific language of the taxing statute.

In *City of Rome, Ga., v. Hotels.com*, No. 5:05-CV-249, 2006 U.S. Dist. LEXIS 56369 (N.D. Ga. May 8, 2006); the Plaintiff alleged that the web-based companies were collecting excise taxes from the motel guest on the total value of the transaction but only remitting a reduced amount of taxes based on the wholesale rates the Defendants paid for the hotel rooms. The relevant taxing statute specifically provided that the person collecting the tax shall remit the tax. The district court held that, taking the allegations set forth in Plaintiff's complaint as true, regardless of whether the Defendants could be considered to be "hotels", Plaintiff properly pled that they were collecting excise taxes from consumers and failing to remit those monies to the taxing entity in violation of the ordinance.

In *City of Fairview Heights v. Orbitz, Inc.*, No. 05-CV-840, 2006 U.S. Dist. LEXIS 47085 (S.D. Ill. July 12, 2006), the city's ordinance did not limit the tax to the consideration paid to the hotel. It broadly provided for "a tax of five percent (5%) of the rent charged for the privilege and use of renting a hotel or motel room ..." Further, another section of the ordinance identified only one taxable amount "which was to be borne by the person who seeks the privilege [of] occupying the hotel or motel room." Given this language, the district court held that it made little sense to surmise that the ordinance's drafters intended those consumers to pay taxes on the "net" costs of the

11

room (i.e., the cost paid bu the Defendants). Again, the City of Orange's ordinance clearly provides that only the consideration *paid to the hotel* is subject to the tax. It can hardly be said that the drafters intended it otherwise.

In *City of Findlay v. Hotels.com*, 441 F. Supp. 2d 855 (N.D. Ohio 2006), the district court concluded that the City of Findlay's transient guest tax ordinance did not impose a direct tax obligation on the web-based resellers *Id.* at 859. However, the district court determined that the city properly pled that the Defendants were collecting taxes as required by the ordinance and denominating it as a sales and/or bed tax. *Id.* Case law relied upon by the city held that even when a taxing statute fixes no liability, the collector is responsible for its payment to the proper taxing authority so long as the collection purports to be a collection of a tax. *Id.*

Finally, in *City of San Antonio v. Hotels.com*, No. 06-CA-381, 2007 U.S. Dist. 39757 (W.D. Tex. March 16, 2007), the relevant issue for the district court's consideration was whether the web-based resellers "controlled" the hotel or motel so as to be under a duty to under the ordinance to collect and remit the tax. The district court denied Defendants' motion to dismiss for failure to state a claim holding that the City properly alleged facts relating to the issue of whether Defendants "controlled" a hotel or motel in San Antonio. However, once again the ordinance in that case was broader and did not specifically limit the tax to be based on the amount of consideration paid to the hotel or motel.

Again, the determination of this issue turns on the reading of the City of Orange's Ordinance which specifically imposes a tax on the amount of consideration paid to the hotel or motel. The cases above are distinguishable.[3] Although Defendants could arguably be deemed to exercise

---

[3] In support of its claims, Plaintiff also refers to several Texas Comptroller (who has the administrative duty to enforce and collect hotel occupancy taxes on behalf of the State of Texas) opinions which state that web-based hotel booking companies are required to collect and remit hotel occupancy taxes based on the retail price of the room. Plaintiff

12

"control" under Section 1.604 of the City Ordinances and to be responsible for collecting the tax, see, e.g., *City of San Antonio v. Hotels.com*, the ordinance does not impose a tax on consideration not paid to the motel or hotel. Because the Ordinance is clear, Plaintiff's claims, based upon the allegation that Defendants have failed to properly remit taxes pursuant to the Ordinance and the Texas Tax Code, do not state a claim for relief. The statute clearly only imposes the tax on consideration actually paid to the motel or hotel.

### V. Conclusion: Findings and Recommendation

The Court concludes that the Orange City Ordinance is not ambiguous and that it clearly imposed a tax on consideration paid to a motel or hotel. Accordingly, the Court finds that the Plaintiff has not alleged sufficient facts to state a claim upon which relief may be granted on its alleged causes of action for violations of the Texas Tax Code and the Ordinance, conversion at Texas common law, and civil conspiracy at Texas common law against the Defendant web-based sellers.

Accordingly, for the reasons stated herein, the undersigned magistrate recommends that the District Court **grant** Defendants' *Motion to Dismiss* [Clerk's doc. #23]. The Plaintiff's causes of should be dismissed, with prejudice, against all Defendants.

### VI. Objections

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. §

---

argues that the language in Orange's Ordinance is identical on the issue of who is responsible for the collection of payment of hotel occupancy taxes, and should be interpreted in the same manner as the state hotel tax In these opinions, the Comptroller is interpreting the Texas Tax Code and not the City of Orange's ordinance. As noted by Defendants, the opinions clearly state that questions concerning local hotel tax responsibilities should be directed to the appropriate entity. The Texas statute is also very broad and imposes a tax "of six percent of the price paid for a room." *See* TEX. TAX. CODE. ANN. § 156.053 (Vernon 2007). An entity controlling a hotel shall collect the tax that "is calculated on the amount paid for a room in the hotel." *Id.* Under the state statute, the amount paid for the room could arguably be the "retail" price paid to the reseller. However, as stated above, the City of Orange imposes a tax based on *the amount paid to the hotel* for the occupancy of the room. This language is clearly more narrow than the state statute.

13

636(b)(1)(C). Objections must be: (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 1(a), 6(b), and 72(b). Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 5th day of September, 2007.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE