# EXHIBIT C

Mass.Gov

# Department of Revenue

Mass.Gov Home  State Agencies  State Online Services

**Search**

[                    ]  Select an area to search    [Search]

Home › Businesses › Help & Resources › Legal Library › Letter Rulings › Letter Rulings - By Year(s) › (2005-2009) Rulings ›

# Letter Ruling 05-6: Internet Intermediary

June 20, 2005

You request a ruling on behalf of _____ ("Company") concerning the applicability of the Massachusetts Room Occupancy Excise, G.L. c. 64G, to sales of hotel rooms through an Internet intermediary.

**Introduction**

You describe Company as a travel-related services company. The Company acts as an intermediary between prospective guests at bed and breakfast establishments, hotels, lodging houses and motels located in the Commonwealth and the operators of these bed and breakfast establishments, hotels, lodging houses and motels. (Hereinafter, a bed and breakfast establishment, hotel, lodging house and motel will be referred to as a "Hotel".) Neither Company nor its affiliates own or have any ownership interest in any Massachusetts Hotels, or are otherwise involved in the operation of the Hotels in Massachusetts, except for provision of the services described below.

The Company contracts with Hotel operators for the ability to make a certain designated number of rooms owned or provided by the Hotel operators available for booking through the Company for use by the Company's customers. Any rooms that are not booked by a specified cut-off time are no longer allocated to the Company and the Company has no obligation to the Hotel operators with respect to such rooms. Potential guests may call the Company or visit the Company's website, select transient accommodations offered by a particular Hotel and request a reservation at the Hotel. The Company forwards a prospective guest's information to the Hotel. The Hotel generally acknowledges the reservation by issuing a reservation confirmation number within a specified time period.

The Company may collect the prospective guest's payment to the Hotel for the accommodations. In these cases, the Company charges a prospective guest a single aggregate amount, encompassing various charges that are not itemized to the prospective guest. The non-itemized charge to the prospective guest generally covers both (1) an amount equal to the total rate the Hotel charges for the occupancy of the room plus any service fees charged by the Hotel; and (2) a fee charged by the Company for various services the Company provides to the prospective guest.

In addition, the Company usually charges a "tax recovery charge" (or a similarly labeled charge) to cover expected applicable taxes that the Hotel is required to charge and collect on the charges for the occupancy of the room and an additional fee retained by the Company.

If a prospective guest checks into a Hotel, no additional payment is generally required. Upon checkout, the guest pays the Hotel directly only for any incidental services consumed (*e.g.*, telephone charges, movie rental, mini-bar usage, etc.). When the guest checks out of the Hotel, the Hotel bills the Company, which has agreed to facilitate a guest's payment to the Hotel. The Hotel bills the Company for the agreed charge for the occupancy of the room, the Massachusetts Room Occupancy Excise and any service fees charged by the Hotel. The Hotel remits the Room Occupancy Excise to the Department of Revenue. The Company retains the amount paid by the guest to the Company that is in excess of the amount the Hotel bills the Company. The Hotel may not know the amount the Company charges the guest.

**Discussion of Law**

Chapter 64G, section 3 of the General Laws imposes an excise on the transfer of occupancy of any room or rooms in a bed and breakfast establishment, hotel, lodging house, or motel in Massachusetts by an "operator". The excise is calculated based on the rent for the occupancy. Rent is defined as "the consideration received for occupancy valued in money, whether received in money or otherwise, including all receipts, cash, credits and property or services of any kind or nature, and also any amount for which credit is allowed by the operator to the occupant, without any deduction therefrom whatsoever." G.L. c. 64G, § 1. Under some circumstances, separately stated mandatory service charges or gratuities that are segregated in a separate fund and entirely distributed to employees providing services may be excluded from the "rent" subject to the excise. See DD 99-6. The operator is required to pay the excise to the Commissioner calculated on 5.7 percent[1] of any rent in the amount of $15.00 or more per day.

An operator is defined as "any person operating a bed and breakfast establishment, hotel, lodging house or motel in the commonwealth, including, but not limited to, the owner or proprietor of such premises, the lessee, sublessee, mortgagee in possession, licensee or any other person otherwise operating such bed and breakfast establishment, hotel, lodging house or motel." G.L. c. 64G, § 1. Although the General Laws do not define the term "operating" a hotel, such terms are to be interpreting in accordance with the usual and natural meaning of the words. *Commissioner of Revenue v. AMIWoodbroke, Inc.* 418 Mass. 92 (1994). The usual meaning of the word "operate" is "to control or direct the function of" or "to conduct the affairs of" or "manage." *Webster's II New College Dictionary* (1995); *The American Heritage Dictionary* (2nd College Ed. 1982). Company does not fall under the definition of an operator in G.L. c. 64G, § 1 as it is an unrelated entity that does not control, direct, or manage the affairs of the hotel and is not required to obtain the certificate of registration required by c. 62C, § 67 and G.L. c. 64G, § 6.

The amounts received by an operator of a hotel as consideration for the transfer of the use or possession, or the right to the use or possession, of a room in the hotel are subject to Massachusetts room occupancy excise. The excise is calculated on the total consideration received by the operator for such transfer. The fees retained by Company, which are not paid to the operator and the amount of which may be unknown to the operator, are not included in the rent subject to the excise.

The Department distinguishes the facts in this ruling from an arrangement where a Hotel sets the total charge to the occupant for the room and pays a commission to a travel agent or a reservation service. In that situation, the excise is based on the total amount paid by the occupant for occupancy of the room. *See* LR 84-90.

**Ruling**

Company is not an operator within the meaning of G.L. c. 64G. The fees charged or retained by Company in connection with hotel reservation services are not subject to the room occupancy excise. The Massachusetts operator of the Hotel is required to collect the excise on the rent or the consideration received for occupancy, that is, the amount paid to the Hotel by the Company for the room[2] plus any additional charges subject to the excise paid directly to the Hotel by the guest.

Very truly yours,

/s/Alan LeBovidge
Alan LeBovidge,
Commissioner of Revenue

AL:LEM:tl

192786 v9

LR 05-6

[1]  The statutory rate of 5% was increased by a 14% surcharge imposed by St. 1969, c. 546, § 22, making the effective rate 5.7%, plus any applicable local option excise permitted by G.L. c. 64G, § 3A.

[2] Less any mandatory service charges or gratuities excluded by DD 99-6.

© 2007 Commonwealth of Massachusetts Site Policies Contact Us Site Map