# EXHIBIT D

**New York State Department of Taxation and Finance**
# Office of Tax Policy Analysis
# Technical Services Division

TSB-A-04(6)S
Sales Tax
March 17, 2004

STATE OF NEW YORK
COMMISSIONER OF TAXATION AND FINANCE

ADVISORY OPINION            PETITION NO. S030422D

On April 22, 2003, the Department of Taxation and Finance received a Petition for Advisory Opinion from McDermott Will & Emery, 50 Rockefeller Plaza, New York, NY 10020. Petitioner, McDermott Will & Emery, furnished additional information with respect to the Petition on July 31, 2003 and September 8, 2003.

The issue raised by Petitioner is whether a company ("Travel Company") acting as an intermediary between hotel operators and consumers to facilitate the booking of, and the payment for, hotel accommodations is required to collect New York State sales tax on payments made by consumers.

Petitioner submitted the following facts as the basis for this Advisory Opinion.

Travel Company is an Internet-based travel related services company that provides consumers with access to various travel services, including airline and cruise tickets, hotel accommodations, car rentals, and vacation packages, as an alternative resource intended to replace the services provided by traditional travel agents.

To compare the travel offerings of multiple suppliers via the Internet, Travel Company provides consumers with information regarding travel-related offerings that enables consumers to make informed decisions as to which offering best suits each consumer's needs. Travel Company derives no revenue from the provision of these information services.

Travel Company also provides consumers with the ability to use Travel Company's Internet-based portal to request that Travel Company act to facilitate a consumer's purchase of travel related services, including hotel accommodations. Travel Company derives revenue from the provision of these services.

Travel Company acts as an intermediary between hotel operators and consumers for the booking of and payment for hotel accommodations. To facilitate the provision of hotel accommodations to consumers, Travel Company enters into agreements with various hotel operators which govern, among other things, the collection of information regarding the room accommodations to be made available to consumers and the booking of and payment for such accommodations by Travel Company on behalf of consumers. The contract provides that it should not be construed as creating a partnership or agency relationship between Travel Company and the hotel. The contract between the hotel and Travel Company also provides the amount that the hotel is willing to accept for the rooms offered, including provisions acknowledging that applicable taxes are to be charged by the hotel to Travel Company. Petitioner further notes that there is nothing in the terms of the agreement which constitutes a sale or rental of rooms from the hotel to Travel Company.

-2-

TSB-A-04(6)S
Sales Tax
March 17, 2004

Petitioner contends that Travel Company does not itself acquire any possessory rights with respect to hotel accommodations, which are provided to consumers exclusively by hotel operators. Travel Company does not have any inventory risk with respect to the hotel accommodations that are listed by Travel Company on its Internet-based portal. The hotel operators with which Travel Company contracts determine the number of hotel accommodations that will be made available to Travel Company for listing on the Internet, and those accommodations are then listed by Travel Company on a nonexclusive basis. The terms of the agreement provide that Travel Company bears no risk for failure to book any rooms. The hotel operators may accept bookings for accommodations from sources other than Travel Company. The hotel operator is solely responsible for the delivery of hotel accommodations to the consumer.

A typical hotel transaction for hotel accommodations in New York State flows as follows:

1.    A consumer uses Travel Company's Internet-based search engine and portal to select the desired hotel accommodations using the computer-based information resources made available by Travel Company. The hotel offerings show the total amount which would be due to Travel Company for the hotel accommodation, which amount is represented to include all taxes and fees.

2.    After selecting the desired hotel accommodations, the consumer provides Travel Company with his or her personal identifying and payment information using Travel Company's Internet-based portal.

3.    Travel Company charges the consumer's credit card for the hotel accommodations selected, which includes Travel Company's fees.

4.    Travel Company sends the consumer a confirmation by e-mail, acknowledging the dates, price, and hotel accommodations requested by the consumer.

5.    Travel Company transmits the consumer's request for hotel accommodations to the operator of the hotel containing the accommodations requested by the consumer to reserve the accommodations on behalf of the consumer.

6.    The hotel operator may confirm the consumer's booking of accommodations to Travel Company.

7.    Upon arrival at the hotel for check-in, the hotel operator requests identification from the consumer and informs the consumer that the room has been arranged through Travel Company and that no further payment is required for the hotel accommodations.

8.    At check-in, the hotel operator will request a credit card "imprint" from the consumer to guarantee payment of any "incidental" charges, such as charges for

TSB-A-04(6)S
Sales Tax
March 17, 2004

telephone usage, pay-per-view cable television, mini-bar food or beverage consumption.

9.     The hotel operator provides hotel accommodations to the consumer as requested by the consumer through Travel Company.

10.    At checkout, the consumer is charged by the hotel operator for any incidental services provided by the hotel operator.

11.    After the hotel accommodations are provided by the hotel operator to the consumer, the hotel operator invoices Travel Company for the hotel accommodations, including separately stated New York State sales tax measured by the agreed amount charged by the hotel operator to Travel Company.

12.    Travel Company reviews the invoice submitted by the hotel operator for the hotel accommodations and New York State sales tax.

13.    Travel Company remits payment of the invoice submitted by hotel operator, including New York State sales tax.

14.    The hotel operator reports and remits the New York State sales tax collected from Travel Company to the Department of Taxation and Finance.

The amount charged by Travel Company to a consumer for facilitating the booking of and payment for hotel accommodations and identified as being attributable to hotel accommodations will exceed the amount invoiced by the hotel operator and paid by Travel Company for the hotel accommodations delivered to the consumer. The amount charged by Travel Company to a consumer for facilitating the booking of and payment for hotel accommodations is represented to include all taxes and the fees to Travel Company to process the booking request. The amount identified as being attributable to "taxes and service fees" is described to the consumer in a written disclosure as a recovery charge to reimburse Travel Company for amounts paid by Travel Company to the hotel operator for sales, use and other transaction based taxes. Service fees are additional amounts collected by Travel Company to cover costs incurred by Travel Company in providing travel related services.

**Applicable law and regulations**

Section 1101(c) of the Tax Law provides, in part:

When used in this article for the purposes of the tax imposed under subdivision (e) of section eleven hundred five, the following terms shall mean:

-4-

TSB-A-04(6)S
Sales Tax
March 17, 2004

(1) Hotel. A building or portion of it which is regularly used and kept open as such for the lodging of guests. The term "hotel" includes an apartment hotel, a motel, boarding house or club, whether or not meals are served.

(2) Occupancy. The use or possession, or the right to the use or possession, of any room in a hotel.

(3) Occupant. A person who, for a consideration, uses, possesses, or has the right to use or possess, any room in a hotel under any lease, concession, permit, right of access, license to use or other agreement, or otherwise.

(4) Operator. Any person operating a hotel.

*          *          *

(6) Rent. The consideration received for occupancy valued in money, whether received in money or otherwise.

Section 1105(c) of the Tax Law imposes sales tax upon the receipts from every sale, except for resale, of certain enumerated services.

Section 1105(e) of the Tax Law imposes sales tax on:

The rent for every occupancy of a room or rooms in a hotel in this state, except that the tax shall not be imposed upon (1) a permanent resident, or (2) where the rent is not more than at the rate of two dollars per day.

Section 1131 of the Tax Law provides, in part:

**Definitions**-When used in this part IV,

(1) "Persons required to collect tax" or "person required to collect any tax imposed by this article" shall include: every vendor of tangible personal property or services; every recipient of amusement charges; and every operator of a hotel. . . .

(2) "Customer" shall include: every purchaser of tangible personal property or services; every patron paying or liable for the payment of any amusement charge; and every occupant of a room or rooms in a hotel.

**Opinion**

Travel Company is an Internet-based travel related service company that provides consumers with access to various travel services. Travel Company provides consumers with information

-5-

TSB-A-04(6)S
Sales Tax
March 17, 2004

regarding travel related offerings that enables consumers to compare the travel offerings of multiple suppliers.

Travel Company also provides consumers with the ability to use Travel Company's Internet-based portal to request that Travel Company act to facilitate a consumer's purchase of travel related services, including hotel accommodations. Travel Company provides various hotel offerings on its Web site from which a consumer may choose. The hotel offerings show the total amount which would be due to Travel Company for the hotel accommodations, which amount is represented to include all taxes and the fees to Travel Company to process the booking request. If the consumer decides on accommodations, he or she can request Travel Company to book the accommodations. Once the consumer has selected the desired hotel accommodations, the consumer provides Travel Company with his or her personal identifying and payment information using Travel Company's Internet-based portal. Travel Company charges the consumer's credit card for the hotel accommodations selected, including in such charge Travel Company's charges for taxes and service fees. The amount paid to Travel Company is represented to the consumer as being all inclusive; encompassing the charge for the occupancy, Travel Company's fees for processing the request and applicable taxes which are to be paid to the hotel operator. Travel Company transmits the consumer's request for hotel accommodations to the operator of the hotel. Petitioner states that Travel Company does not itself acquire any possessory rights with respect to hotel accommodations, which are provided to consumers exclusively by hotel operators.

Upon arrival at the hotel for check-in, the hotel will require the consumer to provide identification and a credit card imprint, verifying his or her identity for the Travel Company booking and to guarantee payment of incidentals. After the hotel accommodations are provided by the hotel operator to the consumer, the hotel operator invoices Travel Company for the hotel accommodations, including separately stated New York State sales tax computed on the charge for accommodations. Travel Company reviews the invoice and remits payment to the hotel operator. The hotel operator remits the New York State sales tax collected from Travel Company to the Department of Taxation and Finance.

To provide this service, Travel Company enters into agreements with various hotels in which the hotels agree to be included in Travel Company's Web site. Petitioner contends that the agreement between Travel Company and the hotel does not create a partnership or agency relationship. The agreement between the hotel and Travel Company further establishes the amount that the hotel is willing to accept for the rooms offered, including the applicable taxes to be charged.

Section 1105(e) of the Tax Law imposes sales tax on the rent for every occupancy of a room or rooms in a hotel in this state. Section 1101(c) of the Tax Law provides that a hotel is a building or a portion of it which is regularly used and kept open as such for the lodging of guests, and that an operator is any person operating a hotel. Occupancy is the use or possession or the right to the use or possession of any room in a hotel and rent is the consideration received for occupancy. See section 1101(c)(2),(6) of the Tax Law. Section 1131 of the Tax Law provides that it is the operator of a hotel that is a person required to collect tax, and that the term "customer" includes every occupant of a room or rooms in a hotel. Under the circumstances presented, it is the consumer who

-6-

TSB-A-04(6)S
Sales Tax
March 17, 2004

is the occupant, it is the consumer's use of the room that constitutes a taxable occupancy and it is the hotel operator which provides such occupancy to the consumer. The amounts paid by Travel Company to the hotel operator constitute rent subject to tax with respect to the occupancy provided the consumer. The hotel operator is the person required to collect the tax based on the amount of rent charged for such occupancy.

Travel Company itself does not maintain any buildings or portions thereof for the lodging of guests. Travel Company neither maintains any inventory of rooms for rent nor has any financial responsibility for the rental or failure to rent rooms listed on its Web site. Thus, it does not appear that Travel Company is an "operator of a hotel" as such term is used in Article 28 of the Tax Law. Further, Petitioner represents that Travel Company is not the employee, agent or representative of any of the hotel operators whose rooms are advertised on Travel Company's Web site. As provided for in section 1131 of the Tax Law, the hotel operator is required to collect the tax. Therefore, since Travel Company is not the operator of a hotel, Travel Company is not required to collect tax under section 1131. The fee paid by Travel Company to the hotel is a charge for hotel occupancy which is subject to tax. As provided for in section 1131 of the Tax Law, the hotel operator is required to collect sales tax on rent received  for the hotel occupancy from Travel Company when it remits payment for such occupancy by the consumer.

This Advisory Opinion does not address whether the consumer may owe additional tax with respect to any portion of the total amount paid by the consumer to Travel Company for occupancy on which tax has not been collected or remitted by Travel Company or the hotel operator.

If an agency or representative relationship other than that described in this Advisory Opinion existed between Travel Company and the hotel operators; or Travel Company and the hotels were related such that Travel Company's fee subsidized the hotels' rent from occupancy; or Travel Company maintained an inventory of hotel rooms for rent for its own account, the conclusions in this Advisory Opinion might be different.

DATED: March 17, 2004                              /s/
                                                    Jonathan Pessen
                                                    Tax Regulations Specialist IV
                                                    Technical Services Division

        NOTE:        The opinions expressed in Advisory Opinions are
                     limited to the facts set forth therein.