# EXHIBIT E

# Rulings of the Tax Commissioner

| | |
|---|---|
| **Document Number:** | **06-139** |
| **Tax Type:** | **Retail Sales and Use Tax** |
| **Brief Description:** | **Voluntary Disclosure Request** |
| **Topics:** | **Property Subject to Tax; Taxable Transactions** |
| **Date Issued:** | **10/24/2006** |

October 24, 2006

Re: Request for Ruling: Retail Sales and Use Tax
Voluntary Disclosure Request

Dear *****:

This is in reply to your letter in which you submit a ruling request and a Voluntary Disclosure Request for your client (the "Company"). I apologize for the delay in responding to your letter.

## Facts

The Company is an out-of-state entity in the business of acting as an intermediary between owner/operators of hotels and similar establishments (collectively referred to as "Property Owners") and guests who wish to obtain accommodations at such establishments. Property Owners located in Virginia and other states have agreed to allow guests to reserve accommodations through the Company. The accommodations are owned by the Property Owners. The Company facilitates the reservation of the accommodations for the potential guests and also facilitates the potential guests' payment to the Property Owners for the accommodations. You state that the Company is not acting as an agent for the Property Owners.

The typical transaction between the Company and the guest is conducted by phone or through the Internet. A potential guest will contact the Company in order to acquire accommodation reservations in Virginia. The Company will make the reservation for the potential guest and the Property Owner will acknowledge the reservation with a confirmation. The Company will charge the guest's credit card a single aggregate amount comprised of two components which are not itemized to the guest: (1) an amount equal to the total rate that the Property Owner charges for occupancy of the room plus any related fees charged by the Property Owner, which is passed along in its entirety to the Property Owner (the "Rental Amount"); and (2)

an amount retained by the Company for various services the Company provides for the prospective guest. The amount retained by the Company is usually listed as a "tax recovery charge" (or a similarly labeled charge). Such a charge by the Company is imposed to cover expected applicable taxes that the Property Owners are required to charge and collect on the rental amount plus any applicable service fees for services charged by the Property Owners, which amount is forwarded to the Property Owners, and an additional fee for services provided by the Company for the prospective guest that is grouped together with the tax recovery charge (the "Fee"). When the guest checks out of the accommodations, the Property Owner issues an invoice to the Company referencing the guest's name and amount for the accommodations and applicable taxes, which the Company pays to the Property Owner.

After turning over the entire Rental Amount to the Property Owners, the Company then turns over the portion of the total recovery charge that was imposed to cover expected applicable taxes that must be charged and collected by the Property Owners. Having received payment of the Rental Amount and the applicable taxes from the Company, the Property Owners then remit the applicable Virginia state and local taxes to the Tax Department. The Company retains the remaining portion of the tax recovery charge, the Fee that was intended to compensate the company for the services it provided to the prospective guest.

You have requested a ruling as to the application of the sales and use tax to the Fee charged by the Company to the guest. In the event that the Department determines that the Fee is subject to the sales and use tax, you have requested that the Department agree to waive any liability for prior periods and allow the Company to collect and remit taxes applicable to the Fee on a prospective basis.

## Ruling

Prior to addressing your specific question related to the taxability of the Fee, I believe it is instructive to address the taxability of the Rental Amount. *Va. Code* § 58.1-603 imposes the Virginia sales tax on the "gross proceeds derived from the sale or charges for rooms, lodgings or accommodations furnished to transients as set forth in the definition of 'retail sale' in § 58.1-602." *Va. Code* § 58.1-602 defines "retail sale" to specifically include:

> the sale or charges for any room or rooms, lodgings, or accommodations furnished to transients for less than 90 continuous days by any hotel, motel, inn, tourist camp, tourist cabin, camping grounds, club, or any other place in which rooms, lodging, space, or accommodations are regularly furnished to transients for a consideration; (Emphasis added.)

Title 23 of the Virginia Administrative Code (VAC) 10-210-730, addressing hotels,

motels, tourist camps, etc., provides:

> The tax applies to the sale or charge for any room or rooms, lodgings or accommodations furnished to transients **by any hotel, motel, inn, tourist camp, tourist cabin, camping grounds, club, or other similar place.** The tax applies to all sales of tangible personal property by such businesses. (Emphasis added.)

As you can see from the statute and the regulations, the tax is imposed on the gross proceeds derived from the charge for transient accommodations made by the entity providing the accommodations.

Based upon the information provided in your letter, the Company does not own, nor does it operate, the place (hotel, motel, etc.) where transient accommodations are furnished. The Property Owner, in all cases, is the entity providing the transient accommodations to the guest. Accordingly, based upon the facts presented, the Property Owner, not the Company, is the entity required to collect and to remit the applicable sales taxes.

When determining the amount subject to tax, Virginia Administrative Code (VAC) 10-210-730 provides:

> Any additional charges made in connection with the rental of a room or other lodging or accommodations are deemed to be a part of the charge for the room and are subject to the tax. For example, additional charges for movies, local telephone calls and similar services are subject to the tax. Toll charges for long-distance telephone calls are not subject to the tax.

Clearly, any amount included in the Rental Amount collected by the Company and remitted to the Property Owner should be included in the amount subject to tax by the Property Owner. This now brings us to the question of whether the Fee charge made by the Company is subject to tax.

As explained in your letter, the Company retains part of the charge to the guests for various services the Company provides for the prospective guest. The Company usually charges a "tax recovery charge" (or a similarly labeled charge) to cover expected applicable taxes that the Property Owners are required to charge and collect on the rental amount plus any applicable service fees for services charged by the Property Owners, which amount is forwarded to the Property Owners, and an additional fee for services provided by the Company for the prospective guest that is grouped together with the tax recovery charge (the "Fee").

The Fee charged by the Company is clearly for services that are directly in

connection with a transaction that is subject to taxation, i.e., the rental of transient accommodations. As I determined above, the tax is imposed on the gross proceeds derived from the charge for transient accommodations made by the entity providing the accommodations. While the Company is providing a service in connection with taxable transient accommodations and is charging a Fee for such service, the Company is not providing the accommodations. Because the Company is not providing the transient accommodations, the Company is not liable to collect and remit tax on the services provided in connection with the rental of the transient accommodations. As an out-ofstate entity, not in the business of providing transient accommodations in Virginia, the Company is not required to register as a dealer for the collection of the tax. Absent an obligation to collect and to remit Virginia sales and use tax, your Voluntary Disclosure Request is unnecessary.

This ruling is issued based strictly on the facts as presented in your request and the fact that the Company is acting solely as an intermediary between the Property Owner and the guest without acquiring any ownership or control over the accommodations being rented. Furthermore, the determinations reached in this ruling are based on the fact that there is no agency relationship between either the Company and the Property Owner, or the Company and the guest. Finally, it should be noted that this ruling does not address the issue of whether or not the amount collected by the Company as a "tax recovery fee," constitutes taxes collected from guests. If the Company changes its method of operation or its relationship with the Property Owners or guests, the Company should contact the Department to determine if there is a change in the tax application.

The *Code of Virginia* and regulation sections cited in this document are available on-line in the Tax Policy Library section of the Department of Taxation's website, located at www.policylibrary.tax.virginia.gov. If you should have any questions regarding the above ruling, please contact *****, Office of Tax Policy, Policy Development, P.O. Box 27185, Richmond, Virginia 23261-7185. ***** may be reached by telephone at *****.

Sincerely,

Janie E. Bowen
Tax Commissioner

PD/48247

Case 4:07-cv-03482-SBA Document 37-6 Filed 10/23/2007 Page 6 of 7

**CERTIFICATE OF SERVICE**

*City of Oakland, California v. Hotels.com, L.P., et al.*
Case No. : 4:07-CV-03432-SBA

I, the undersigned, state that I am employed in the City and County of Los Angeles, State of California; that I am over the age of eighteen (18) years and not a party to the within action; that I am employed at Skadden, Arps, Slate, Meagher & Flom LLP, 300 South Grand Avenue, 34th Floor, Los Angeles, California 90071; and that on **October 23, 2007**, I served a true copy of:

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS THE CITY OF OAKLAND'S COMPLAINT**

by the following means of service:

**BY E-FILE & SERVE**: I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have e-served the foregoing documents.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **October 23, 2007**, at Los Angeles, California.

/s/ Dwight Hines
DWIGHT HINES