**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

CITY OF OAKLAND,

       Plaintiff,

  v.

HOTELS.COM, L.P., *et al.*,

       Defendants.

No. C 07-3432 SBA

**ORDER**

[Docket No. 19]

Before the Court is the Defendants'[1] Motion to Dismiss Plaintiff City of Oakland's complaint [Docket No. 19]. After reading and considering the complaint and the arguments presented by the parties, the Court finds this matter appropriate for resolution without a hearing. *See* FED. R. CIV. P. 78. For the reasons that follow, the Court GRANTS the defendants' motion to dismiss.

**BACKGROUND**

The City of Oakland (Oakland or the City) asserts that ten online travel companies (collectively "Defendants") failed to remit to the City tax revenue in violation of the City of Oakland's Transient Occupancy Tax Ordinance, OAKLAND, CAL., MUNICIPAL CODE ch. 4.24 *et seq.* (Ordinance).

**1.    The Ordinance**

The Ordinance imposes on "transients" a tax of 11 percent of the "rent charged by the operator" of a hotel for the "privilege of occupancy in any hotel." Ordinance § 4.24.030. Under the Ordinance, a "hotel" is "any public or private space or structure . . . offering the right to use such space for sleeping or overnight accommodations wherein the owner or operator . . . for compensation, furnishes such right

---

[1] The Defendants are Hotels.com, L.P.; Hotels.com GP, LLC; Trip Networks, Inc. (d/b/a Cheap Tickets, Inc.); Travelport, Inc. (f/k/a Cendant Travel Distribution Services Group Inc.); Expedia, Inc.; Internetwork Publishing Corp. (d/b/a Lodging.com); Lowestfare.com Inc.; Orbitz, Inc.; Orbitz, LLC; Priceline.com, Inc.; Sabre Holdings Corp.; Site 59.com, LLC; Travelocity.com, Inc.; Travelocity.com, LP; Travelweb LLC; Travelnow.com, Inc.; and unnamed does. The Defendants are moving to dismiss jointly.

to occupancy to any transient." *Id.* § 4.24.020. A hotel "operator" is defined as

> the person who is the proprietor of a hotel whether in the capacity of owner, lessee, sublessee, mortgagee in possession, licensee, or any other possessory agent of any type or character other than an employee, [and] the managing agent shall also be deemed an operator for the purposes of this chapter.

*Id.* § 4.24.020. "Person" is defined to include non-exempt partnerships, joint ventures, associations, and corporations. *Id.* "Room rental" means "the total charge made by a hotel . . . for sleeping or overnight accommodations space furnished to a transient." *Id.*

The Ordinance requires the "operator" to register the hotel with the Tax Administrator and obtain a "Transient Occupancy Registration Certificate" which signifies that the operator is in compliance with the Ordinance and which must be posted in a conspicuous place on the premises. Ordinance § 4.24.060. It further requires "operators" to collect the tax "to the same extent and at the same time as the rent is collected from every transient." *Id.* § 4.24.050. The "operator" must report the total amount of rents charged and remit to the city the "amount of tax collected for transient occupancies." *Id.* § 4.24.070. An "operator" who fails to remit taxes within the time specified by the Ordinance is liable to Oakland for penalties and interest. *Id.* § 4.24.080.

If an "operator" fails or refuses to collect or report and remit collected taxes, "the Tax Administrator shall proceed in such a manner as he or she may deem best to obtain facts and information on which to base his or her estimate of the tax due." *Id.* § 4.24.090. Then, the Tax Administrator "shall proceed to determine and assess against such operator the tax, interest and penalties." *Id.* If such a determination is made, the Tax Administrator is required to serve notice to the "operator" of the amount assessed. *Id.* The "operator" may request a hearing at which they may "appear and offer evidence why such specified tax, interest and penalties should not be so fixed." *Id.* After the hearing, the Tax Administrator must determine the amount due and notify the "operator" of the determined amount. *Id.* The "operator" may appeal the Tax Administrator's decision to the Oakland Taxation and Assessment Board of Review (Board of Review). Ordinance § 4.24.100. The Ordinance mandates that "[a]ny person whose case may be resolved by employing the administrative remedies provided by this section must exhaust those remedies before filing suit for refund, rebate, exemption, cancellation, amendment,

adjustment, or modification of tax, interest or penalty." *Id.*

"Any person owing money to the city under the [Ordinance] shall be liable to an action brought in the name of the city for the recovery of such amount." Ordinance § 4.24.130. In addition to liability for penalties and interest under section 4.24.080, "[a]ny owner, operator or other person who fails or refuses to register . . ., or furnish any return . . . or other data required by the Tax Administrator, . . . may be charged with a civil penalty or an infraction . . . ." Ordinance § 4.24.170. The Ordinance provides that an "[e]nforcement action specifically authorized by [the Ordinance] may be utilized in conjunction with, or in addition to, any other provision of this chapter, and any other statutory, code, administrative or regulatory procedure applicable to the regulation on buildings, structures, or property." *Id.* Finally, it provides that "nothing in [the Ordinance] shall be interpreted to preclude or limit the city from seeking injunctive or other judicial relief." *Id.*

### 2.    **Alleged Facts**

The following is a summary of the factual allegations in Oakland's complaint. Most of these allegations are disputed by the Defendants, but for present purposes will be assumed true.

The ten Defendants are online travel companies that collect and display comparative information about hotels in a selected locale and facilitate hotel room reservations for consumers. To provide this service, Defendants contract with hotels for rooms at negotiated discounted rates. Then, they sell the rooms to consumers at increased rates. Specifically, when consumers rent a hotel room from a Defendant, they pay (1) the wholesale charge that the Defendant paid to the hotel and (2) additional charges added by the Defendant. The additional charges include taxes based on the full amount paid by the consumer, as well as service charges. Defendants have remitted to Oakland occupancy taxes based only on the wholesale component. In other words, Defendants do not remit taxes based on what the consumer actually paid for the room, but for the wholesale price paid to the hotel by the Defendants. The Defendants keep the taxes collected for the amount over the wholesale rate. Defendants also failed to comply with the Ordinance by bundling the taxes and fees charged to consumers in a manner that

3

obscures the actual amount of occupancy tax collected by the Defendant.

**3.     Procedural History**

On June 29, 2007, Oakland initiated this action. Oakland's Complaint asserts claims for (1) violation of the Ordinance; (2) violation of California's Unfair Competition Law; (3) conversion; (4) unjust enrichment; and (5) imposition of a constructive trust. Oakland seeks to recover the collected, but unpaid, taxes. It seeks declaratory and injunctive relief, restitution, interest, and statutory penalties.

Nearly identical claims have been asserted by other cities and municipalities across the country against many of the same defendants in this action. In nearly every case, courts have dismissed the complaints for failure to exhaust administrative remedies. *See, e.g., County of Nassau v. Hotels.com, L.P.*, No. 2:06-cv-5724 ADS-WDW (E.D.N.Y. Aug. 17, 2007); *Pitt County v. Hotels.com L.P*, No. 4:06-cv-30 (E.D.N.C. Aug. 12, 2007); *City of Los Angeles v. Hotels.com, L.P.*, No. BC 326693 (Cal. Super. Ct. July 27, 2007); *City of San Diego v. Hotels.com, L.P.*, No. GIC 861117 (Cal. Super. Ct. July 27, 2007); *City of Atlanta v. Hotels.com, L.P.*, No. A07A1376 (Ga. Ct. of Appeals Oct. 26, 2007); *City of Philadelphia v. Hotels.com*, Nos. 0106023, 122014 (Pa. Ct. Common Pleas May 25, 2006); *see also City of Orange, Texas v. Hotels.com*, LP, 2007 WL 2787985 (E.D. Tex. 2007) (dismissing for failure to state a claim under Rule 12(b)(6)); *but see City of Rome v. Hotels.com, L.P.*, No. 4:05-cv-0249 HLM (N.D. Ga. May 8, 2007) (finding the plaintiffs stated a claim for relief that defendants failed to properly identify taxes charged and paid by hotel guests); *Louisville/Jefferson County Metro Gov't v. Hotels.com, LP*, 2007 WL 2323322, at *5 (W.D. Ky. Aug. 10, 2007) (finding that exhaustion of administrative remedies would be futile because the defendants claimed the local tax ordinance did not apply to them).

**LEGAL STANDARDS**

A complaint may be dismissed if there is a "lack of jurisdiction over the subject matter." FED. R. CIV. P. 12(b)(1). Federal courts are courts of limited jurisdiction and generally have jurisdiction over an action only when that action either arises under federal law, or when there is complete diversity of

4

citizenship between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a). When subject matter jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (per curiam). "'A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment.'" *Id.* (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)).

A motion to dismiss for lack of subject matter jurisdiction may be either a facial or a factual challenge. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000); *Thornhill Publ'g Co. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). A facial attack is where the challenger asserts the allegations in the complaint are insufficient on their face to invoke federal jurisdiction. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In evaluating a facial attack, the court accepts the factual allegations in the complaint as true. *See Miranda v. Reno*, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001).

With a facial attack, on the other hand, a court does not have to assume the truthfulness of the allegations and may consider extrinsic evidence in resolving any factual disputes. *See White*, 227 F.3d at 1242; *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Thus, if a motion to dismiss is challenged on the facts by affidavits or evidence properly before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction. *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

Subject matter jurisdiction must exist as of the time the action is commenced. *Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). If subject matter jurisdiction is lacking at the outset, the court has no power to do anything with the case except dismiss. *Id*. Thus, a 12(b)(1) motion should be decided before other motions, as they will become moot if dismissal is granted. *See* 5B C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND

PROCEDURE § 1350 (3d ed. 2007). An action should not be dismissed for lack of subject matter jurisdiction without giving the plaintiff an opportunity to amend unless it is clear that the jurisdictional deficiency cannot be cured by amendment. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); *May Dep't Store v. Graphic Process Co.*, 637 F.2d 1211, 1216 (9th Cir. 1980).

## ANALYSIS

Oakland is a municipal corporation located in California and premises the Court's jurisdiction on the complete diversity of citizenship between it and the Defendants. The Defendants are mostly Delaware corporations with their principal places of business in Texas, New Jersey, Washington, Connecticut, Illinois, and New York. The Defendants do not dispute there is complete diversity. Rather, they challenge jurisdiction based on the doctrine requiring a plaintiff to avail itself of administrative remedies before seeking judicial recourse.

Although framed somewhat formally as "a failure to exhaust administrative remedies," the Defendants' position is actually quite simple: Oakland does not allege that it has actually assessed any tax against the Defendants, that it has made any attempt to determine what if any amount of taxes the Defendants owe, or that it has demanded the Defendants pay any tax and that the Defendants have refused to do so. Without taking any of these actions, the Plaintiffs have filed suit asserting the "Defendants sold and/or provided hotel rooms to the public, but failed to pay taxes due and owing to the Plaintiff on these transactions." Compl. ¶ 24. In essence, the Plaintiff has not even found that the Defendants owe any taxes before it brought suit for the alleged failure to pay taxes.

In addition to contending that Oakland has failed to exhaust the administrative remedies in its own Ordinance, such as determining and assessing a tax and notifying the operator of the amount due, the Defendants also argue that (1) they are not "operators" of hotels and (2) the additional charges paid by consumers are paid in consideration for its services and, accordingly, do not constitute "rent charged by the operator" of a hotel. For the same reason, Defendants argue that Oakland's related tort claims also fail. Finally, Defendants assert that the allegation that Defendants collect and retain "tax" from the

consumer on the additional amount charged is conclusory and should be ignored on a motion to dismiss. As discussed below, the Court need only reach the exhaustion issue because it is a jurisdictional prerequisite which has not been satisfied.

### 1. Failure to Exhaust Administrative Remedies

Federal courts apply state administrative exhaustion requirements to state law claims. *See Sullivan v. Pacific & Arctic R. & Navigation Co.*, 439 F.2d 267, 274 (9th Cir. 1971); *see also Martin K. Eby Constr. Co. v. DART*, 369 F.3d 464, 467-68 (5th Cir. 2004) (concluding that the Texas Supreme Court would hold that a plaintiff must first exhaust administrative remedies before pursuing a breach of contract claim). Under California law, "where an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act." *Campbell v. Regents of Univ. of Cal.*, 35 Cal. 4th 311, 322 (2005) (citation omitted). Exhaustion "is a jurisdictional prerequisite to resort to the [California] courts." *Id.* (citation omitted). The exhaustion doctrine is applicable to tax matters and, where a requirement exists, applies to taxing authorities as well as taxpayers. *City of L.A. v. Centex Telemanagement*, 29 Cal. App. 4th 1384, 1388 (1994). The exhaustion requirement is beneficial because (1) it serves the salutary function of mitigating damages; (2) it recognizes the quasi-judicial tribunal's expertise; and (3) it promotes judicial economy by unearthing the relevant evidence and by providing a record should there be a review of the case. *Campbell*, 35 Cal. 4th at 322.

### 2. The Ordinance's Exhaustion Requirement

Defendants argue that the Ordinance details a "three-step administrative process the City must exhaust before initiating judicial action if it believes a hotel 'operator' owes it payment for hotel occupancy tax." MPA, 12. First, if any "operator" fails or refuses to collect or remit the occupancy tax, Ordinance section 4.24.090(A) "mandates that the Tax Administrator obtain facts permitting him to estimate the tax due and serve an assessment on the 'operator.'" MPA, 11. Second, if requested by the

1 'operator,' the Tax Administrator must participate in an administrative hearing and provide the 'operator' with notice of the determined assessment. MPA, 11-12. Finally, Ordinance section 4.24.100(A) provides the 'operator' with a "right to appeal that determination to the Board of Review." MPA, 12. In Defendant's view, the City may bring judicial action only after a person has been determined, through this process, to owe tax under the Ordinance. *Id.*

In support of their position, Defendants cite *City of Los Angeles v. Centex Telemanagement*, 29 Cal. App. 4th 1384 (1994). There, the Los Angeles Municipal Code provided that a taxpayer may file a waiver of hearing and that, if granted, the administrative proceedings "shall be deemed exhausted and the City shall have the right to bring an action in any court." *Id.* at 1388. The California Court of Appeal held that, by inference, an exhaustion requirement existed and applied to the taxing authority. Here, in contrast, the Ordinance nowhere explicitly states that the City is subject to an exhaustion requirement.[2] However, the *Centex* court also stated that under the L.A. Municipal Code, "one of the board of review's options is to decrease the assessment, [and] it would be pointless for the City to bring a collection action without knowing what amount, if any, it is entitled to collect." *Id.* This point is well taken. In this case, Oakland has not even attempted to conduct an assessment of the taxes owed by the Defendants and, in filing this action, asks the Court to enter the business of tax assessment. This function is within the expertise of the taxing authority, not the courts. And applying an exhaustion rule would both "recognize[ ] the quasi-judicial tribunal's expertise [and] promote[ ] judicial economy by unearthing the relevant evidence and by providing a record" for a court to review. *See Campbell*, 35 Cal. 4th at 322. Moreover, there simply is no dispute which is ripe for resolution if the City has not even taxed the Defendants and the Defendants have refused to pay.

Oakland asserts that the "three-step administrative process" applies only to an "operator" because only the "operator" can request a hearing and appeal a tax assessment to the Board of Review.

---

[2] Exhaustion is explicitly mentioned only in Ordinance section 4.24.100: "[a]ny person whose case may be resolved by employing the administrative remedies provided by this section must exhaust those remedies before filing suit for refund, rebate, exemption, cancellation, amendment, adjustment, or modification of tax, interest or penalty." Since the enumerated causes of action do not include suits to recover taxes owed to the City, it does not apply to the City in this case.

8

Opp., 10. It argues that it is not required to follow the administrative process of the Ordinance before seeking judicial action. However, the City also states that "Oakland's administrative process is limited to the right to undertake an assessment of the tax owed." *Id.* Oakland further states that "[the City's] right to obtain information regarding the tax due and to make a corresponding assessment of taxes owed are the *only* administrative steps that pertain to Oakland." *Id.* (emphasis in original). Accordingly, in attempting to limit the procedure mandated by the Ordinance to the taxpayer, Oakland concedes that the Ordinance sets forth some administrative processes that apply to the City. Moreover, though it attempts to cast these steps as optional, the plain language of the Ordinance indicates that these steps are indeed mandatory. The Ordinance clearly states that the Tax Administrator "*shall* . . . obtain facts and information on which to base his or her estimate of the tax due," "*shall* . . . assess . . . the tax, interest and penalties," and "*shall* give a notice of the amount to assessed." Ordinance § 4.24.090 (emphasis added). Accordingly, even though the onus is on the "operator" to request a hearing and/or appeal a determined assessment to the Board of Review, the Ordinance plainly requires the City to initiate the process of collecting taxes by conducting an assessment of the taxes owed. Thus, Oakland's position that "there is no administrative remedy or process applicable to Oakland" because the Ordinance "does not grant Oakland the right to a hearing and it does not provide Oakland with any appellate review process" is wrong. Opp., 11. The Ordinance does provide the City with an administrative process for collecting unpaid taxes: the right to collect information, conduct an assessment, and serve a notice of the debt to the "operator" in effort to collect the taxes due. And, in light of the mandatory language of the Ordinance, this administrative process is more than merely optional.

Oakland further argues that it is not required to conduct a tax assessment before filing suit to collect "unpaid taxes" because the Ordinance expressly permits the City to bring an enforcement action for the recovery of transient occupancy tax debt. Opp., 11 (citing Ordinance § 4.24.130). It relies primarily on section 4.24.130, which states that "any person owing money to the city under the provisions of [the Ordinance] shall be liable to an action . . . for the recovery of such amount," and section 4.24.170 which provides, "nothing in [the Ordinance] shall be interpreted to preclude or limit

9

the city from seeking injunctive or other judicial relief." Opp., 7. Oakland asserts that these provisions permit the City to seek judicial enforcement "at any time." *Id.* at 8.

A similar argument was advanced and rejected in *City of Los Angeles v. Hotels.com, L.P.*, No. BC 326693 (Cal. Super. Ct. July 27, 2007), where the court declared "flawed" "[t]he City's argument that an assessment is optional and that the City may bring an action for recovery of taxes without making an assessment . . . ." Docket No. 19, Ex. A, p. 8. The Court finds the same argument advanced here flawed. The City's position makes at least two assumptions that are not supported by the allegations in its complaint. First, an action seeking judicial enforcement assumes there is something to enforce. With no assessment, however, there is nothing that the City is seeking to "enforce." Second, the City's assumes there are "unpaid taxes." Again, however, there is no assessment or levy of taxes. Unpaid taxes are taxes which ostensibly have been identified, assessed as due, and which remain outstanding. There is no allegation that this is the case here.

The right to seek injunctive or other judicial relief as provided in section 4.24.170 is susceptible to a more plausible reading than that given by the City. Specifically, it can be construed as preserving the City's right to seek judicial relief to recover unpaid taxes after the administrative process is exhausted. This interpretation of the provision is also consistent with the California rule that "absent a clear indication of legislative intent, [a court] should refrain from inferring a statutory exemption from [the State's] settled rule requiring exhaustion of administrative remedies." *Campbell*, 35 Cal. 4th at 329.

Accordingly, the City not having made an assessment against the Defendants, indeed, not have even initiated any administrative process against the Defendants, this Court lacks jurisdiction to entertain the Plaintiff's claims.

**3.     Exceptions to the Exhaustion Requirement**

Under California law, the exhaustion rule is not inflexible and has several exceptions. *Ogo Assocs. v. City of Torrance*, 37 Cal. App. 3d 830, 834 (1974). The exceptions include: (1) when the subject of controversy lies outside the agency's jurisdiction; (2) when the administrative agency cannot

provide an adequate remedy; (3) when pursuit of an administrative remedy would result in irreparable harm; and (4) when the aggrieved party can positively state what the administrative agency's decision in his particular case would be (futility). *Id.*; *see also In re Joshua S.*, 41 Cal. 4th 261, 274 (2007). Oakland contends that, even if an exhaustion requirement exists, it is nonetheless excused from complying with the requirement under these exceptions.

### a. The Inadequate Remedy Exception

California "courts have found the [exhaustion] rule inapplicable . . . when the agency lacks authority to hear the complaint, not when the administrative procedures arguably limit the remedy the agency may award." *Campbell*, 35 Cal. 4th at 323. "Even where the administrative remedy may not resolve all issues or provide the precise relief requested by a plaintiff, the exhaustion doctrine is still viewed with favor 'because it facilitates the development of a complete record that draws on administrative expertise and promotes judicial efficiency.'" *McAllister v. County of Monterey*, 147 Cal. App. 4th 253, 275 (2007).

Oakland argues that remedies under the Ordinance are inadequate because "[t]here is no administrative process available . . . other than Oakland's right to undertake an administrative audit and assessment [which] cannot offer equitable relief, declaratory relief, injunctive relief or the remedy of a constructive trust . . . ." Opp., 10. It further asserts that "without a right to a hearing or an appellate remedy the 'administrative process' cannot provide a sufficient remedy." *Id.* at 11. Oakland's position is unconvincing. The City's remedy for collecting suspected unpaid taxes begins with an audit and assessment. This mandatory step results in a determination of the taxes owed, if any, by Defendants. Following the assessment, the City can serve notice of the debt on Defendants and follow the procedure detailed in the Ordinance to ensure that the assessment is accurate and collect any due and payable amounts. Only after a person is determined to owe taxes and refuses to remit the determined amount to the City is "equitable relief, declaratory relief, injunctive relief or the remedy of a constructive trust" even warranted.

Oakland also contends that the exhaustion requirement should not apply because the Ordinance

11

does not "constitute a comprehensive administrative regime" that would permit the City to obtain sufficient information from Defendants upon which to make an assessment. Oakland cites *Rojo v. Kliger*, 52 Cal. 3d 65 (1990), in support of this assertion. There, the court held that exhaustion was not required because the Fair Employment and Housing Act "does not have a 'pervasive and self-contained system of administrative procedure' for general regulation or monitoring of employer-employee relations so as to assess or prevent discrimination . . . , nor are the factual issues in an employment discrimination case of a complex or technical nature beyond the usual competence of the judicial system." *Rojo*, 52 Cal. 3d at 87-88 (internal citation omitted).

Here, in contrast, original tax assessments *are* beyond the usual competence of the judicial system and the Ordinance provides the Tax Administrator great discretion in obtaining the information necessary to estimate the amount of unpaid taxes. Oakland's contention that it cannot obtain necessary information from Defendants is equally unavailing. The City has not even attempted to obtain such information and, as Defendants point out, the Defendants are "fully participating and cooperating" with similar administrative proceedings in other cities. Reply, 13. Accordingly, the City should not be excused from complying with the exhaustion requirement on these grounds.

### b.     The Futility Exception

Oakland contends that exhaustion is not required because administrative action will leave standing the related common law claims, statutory interpretation, and constitutional questions in the case. Opp., 11. However, "exhaustion is not excused merely 'because the ultimate legal issues … are better suited for determination by the courts.'" *McAllister*, 147 Cal. App. 4th at 276 (citing *Department of Personnel Admin. v. Superior Ct.*, 5 Cal. App. 4th 155, 169 (1992)). "[I]n the effective performance of its designated functions under the terms of the [Ordinance], the [taxing authority] necessarily must pass upon matters of both law and fact," and though subject to *de novo* judicial review, the taxing authority "should be afforded the opportunity to rectify any determination it has made . . . ." *People v. West Publ'n Co.*, 35 Cal. 2d 80, 88 (1950). Thus, although the City may have to make a determination of whether the Ordinance applies to Defendants in conducting an assessment, which is not binding on

12

the courts, the City is not excused from complying with the administrative processes set out in the Ordinance.

Oakland also contends that the administrative process would be "time consuming and futile" because "there is serious doubt that Defendants would respect an adverse agency determination on a legal question without turning to this Court for a *de novo* interpretation." Opp., 13. If the futility exception operated to excuse a tax authority from conducting a tax assessment before seeking judicial enforcement of a suspected tax debt solely on the ground that it believes that the alleged delinquent taxpayer will challenge the applicability of the Ordinance, the exception could swallow the administrative processes. This, of course, would also circumvent the purposes of the exhaustion requirement to recognize the quasi-judicial tribunal's expertise and promote judicial economy by unearthing evidence and by providing a record should a review of the case become necessary. *See Campbell,* 35 Cal. 4th at 322. Thus, the futility exception does not excuse the City from its duty to conduct an audit and assessment prior to filing suit.

### c. **Irreparable Injury Exception**

Finally, Oakland argues that requiring the City to undertake an lengthy assessment would cause the City irreparable injury because its claims "could be potentially barred by the statute of limitations." Opp., 13. However, a case to which Oakland itself cites clearly held that the statute of limitations on a taxing authority's collection claims is tolled until administrative remedies have been exhausted. *City of Los Angeles v. Centex Telemanagement, Inc.*, 29 Cal. App. 4th 1384, 1389 (1994).

After examining the possible exceptions to the administrative exhaustion requirement, it is clear that Oakland has failed to demonstrate any are applicable. Like nearly every other court to consider this issue, the Court is persuaded that it lacks jurisdiction to hear a purported tax dispute before any tax is ever assessed. All of the Plaintiff's claim are premised on the Defendants' alleged failure to pay taxes in accordance with the Ordinance, and therefore all the claim of the complaint must be dismissed.

**CONCLUSION**

1    Accordingly, the Defendants' motion to dismiss [Docket No. 19] the complaint is GRANTED.
2 The complaint is dismissed with prejudice because it is clear that absent any actual assessment of tax
3 liability against the Defendants, any amendment to the complaint would be futile.
4    The Clerk of Court is directed to terminate any pending matters and close the case file.
5    IT IS SO ORDERED.
6    November 5, 2007                           _____
                                                Saundra Brown Armstrong
7                                               United States District Judge