JAMES C. STURDEVANT, State Bar No. 94551
(jsturdevant@sturdevantlaw.com)
MONIQUE OLIVIER, State Bar No. 190385
(molivier@sturdevantlaw.com)
WHITNEY B. HUSTON, State Bar No. 234863
(whuston@sturdevantlaw.com)
THE STURDEVANT LAW FIRM
A Professional Corporation
475 Sansome Street, Suite 1750
San Francisco, California  94111
Telephone:   (415) 477-2410
Facsimile:    (415) 477-2420

ROBERT C. LAMAR (Admitted *Pro Hac Vice*)
DAVID W. DAVENPORT (Admitted *Pro Hac Vice*)
LAMAR ARCHER & COFRIN, LLP
50 Hurt Plaza, Suite 900
Atlanta, GA  30303
Telephone:   (404) 577-1777
Facsimile:    (404) 577-9490

JOHN W. CRONGEYER, M.D. (*Pro Hac Vice* application pending*)*
BRYAN A. VROON (*Pro Hac Vice* application pending*)*
VROON & CRONGEYER, LLP
1718 Peachtree Street, Suite 1088
Atlanta, GA  30309
Telephone:   (404) 607-6710
Facsimile:    (404) 607-6711

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CITY OF OAKLAND, CALIFORNIA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HOTELS.COM, L.P., et al.,<br><br>　　　　Defendants. | Case No.: C 07-03432 SBA<br><br>**PLAINTIFF'S *EX PARTE* REQUEST FOR CLARIFICATION OF COURT'S ORDER DATED NOVEMBER 6, 2007**<br><br>Complaint Filed:<br>Trial Date:    None<br>The Honorable Saundra B. Armstrong |

1    On November 6, 2007, this court issued an order granting Defendants' Motion to Dismiss Plaintiff's complaint for failure to exhaust administrative remedies. Plaintiff requests clarification of the Court's order. The order indicates that Plaintiff can recommence its suit once it completes the administrative process, but it dismisses Plaintiff's complaint with prejudice. Plaintiff respectfully requests, therefore, that the order be clarified to state that Plaintiff's complaint is dismissed *without* prejudice to filing a new action once plaintiff has exhausted its administrative remedies.

Dismissal without prejudice is in accord with Defendants' motion, which did not seek dismissal of Plaintiff's complaint with prejudice, but expressly sought dismissal "without prejudice to the City filing a new action if and when it can allege that it has exhausted its administrative remedies." (Defendants' Memorandum of Points and Authorities in Support of Motion to Dismiss at 30; Defendants' Reply in Support of Motion to Dismiss at 20.)

Moreover, where a Court finds that a plaintiff must exhaust administrative remedies before commencing suit, the proper disposition of the action is dismissal without prejudice. *See Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming Court of Appeals' dismissal of complaint without prejudice for failure to exhaust administrative remedies); *O'Guinn v. Lovelock Correctional Center*, No. 06-15972, 2007 WL 2482149, at *6 (9th Cir. Sept. 5, 2007) (affirming district court's dismissal of action without prejudice for failure to exhaust administrative remedies); *McKinney v. Carey*, 311 F.3d 1198, 1199-1200 (9th Cir. 2002) (per curiam) (holding that dismissal without prejudice is required where plaintiff has not exhausted administrative remedies in statute prior to filing civil rights suit).

A dismissal with prejudice typically constitutes an adjudication on the merits and bars a plaintiff from relitigating the same facts and claims. As the Ninth Circuit has explained, "dismissal of an action on the ground of failure to exhaust administrative remedies is not on the merits." *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) (citing *Heath v. Cleary*, 708 F.2d 1376, 1380 n.4 (9th Cir. 1983)). If a court concludes that a plaintiff has not exhausted administrative remedies, therefore, "the proper remedy is dismissal of the claim without prejudice." *Id.* at 1119-20; *see Robinson v. Daniels*, 139 Fed. Appx. 822, 823 (9th Cir. 2005)

1

1  (denying defendant's request that the dismissal for failure to exhaust administrative remedies be
2  with prejudice and holding that such dismissal is properly without prejudice).  That way, a
3  plaintiff may reassert his claims after exhaustion is complete.  Further, where no leave to amend
4  is granted, the effect of a dismissal without prejudice is "to end the litigation in the court
5  involved, but not to act as an adjudication on the merits . . . ."  *Montes v. United States*, 37 F.3d
6  1347, 1350 (9th Cir. 1994) (internal quotation marks omitted); *see Broam v. Bogan*, 320 F.3d
7  1023, 1025, n.1 (9th Cir. 2003) (dismissal of action without prejudice where leave to amend
8  denied is a final, appealable order indicating that the district court intended to dispose of the
9  action).

10      For the foregoing reasons, Plaintiff respectfully requests that the Court clarify its order to
11 state that Plaintiff's complaint is dismissed without prejudice to filing a new action once Plaintiff
12 has exhausted its administrative remedies.

14 Dated:  November 9, 2007                        Respectfully Submitted,

                                                  THE STURDEVANT LAW FIRM

                                             By:       /s/
                                                  Monique Oliver
                                                  Attorneys for Plaintiff