1  DARREL J. HIEBER (CA Bar No. 100857)
   DANIEL M. RYGORSKY (CA Bar No. 229988)
2  *dhieber@skadden.com*
   *drygorsk@skadden.com*
3  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   300 South Grand Avenue
4  Los Angeles, California 90071-3144
   Tel: (213) 687-5000
5  Fax: (213) 687-5600

6  Attorneys for Defendants
   PRICELINE.COM INC., TRAVELWEB LLC
7  and LOWESTFARE.COM INC.

8  (APPEARANCES OF ADDITIONAL COUNSEL LISTED ON NEXT PAGE)

9

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                         OAKLAND DIVISION

13

| | |
|---|---|
| CITY OF OAKLAND, CALIFORNIA, | Case No. C 07-03432 SBA |
| Plaintiff, | **DEFENDANTS' RESPONSE TO THE CITY OF OAKLAND'S *EX PARTE* REQUEST FOR CLARIFICATION OF COURT'S ORDER DATED NOVEMBER 6, 2007** |
| vs. | |
| HOTELS.COM, L.P.; HOTELS.COM GP, LLC; TRIP NETWORK, INC. (d/b/a CHEAP TICKETS, INC.); TRAVELPORT, INC. (f/k/a CENDANT TRAVEL DISTRIBUTION SERVICES GROUP INC.); EXPEDIA, INC.; INTERNETWORK PUBLISHING CORP. (d/b/a LODGING.COM); LOWEST FARE.COM INCORPORATED; MAUPINTOUR HOLDING, LLC; ORBITZ, INC.; ORBITZ, LLC; PRICELINE.COM, INCORPORATED; SABRE HOLDINGS CORPORATION; SITE 59.COM, LLC; TRAVELOCITY.COM, INC.; TRAVELOCITY.COM, LP; TRAVELWEB LLC; TRAVELNOW.COM, INC. and DOES 1 THROUGH 1000, INCLUSIVE, | Trial Date: None |
| Defendants. | |

| | |
|---|---|
| Craig E. Stewart (State Bar No. 129530) | James P. Karen (*pro hac vice* forthcoming) |
| Martha A. Boersch (State Bar No. 126569) | Deborah S. Sloan (*pro hac vice* forthcoming) |
| CEStewart@JonesDay.com | JKaren@JonesDay.com |
| MABoersch@JonesDay.com | DSloan@JonesDay.com |
| JONES DAY | JONES DAY |
| 555 California Street, 26th Floor | 2727 North Harwood Street |
| San Francisco, California 94104 | Dallas, Texas 75201 |
| Telephone: (415) 626-3939 | Telephone: (214) 220-3939 |
| Facsimile: (415) 875-5700 | Facsimile: (214) 969-5100 |

Attorneys for Defendants
EXPEDIA, INC. and HOTELS.COM, L.P.

Matthew Oster (State Bar No. 190541)
moster@mwe.com
McDERMOTT WILL & EMERY LLP
2049 Century Park East, 34th Floor
Los Angeles, CA 90067
Telephone: (310) 277-4110
Facsimile: (310) 277-4730

Paul E. Chronis (admitted *pro hac vice*)
Elizabeth B. Herrington (admitted *pro hac vice*)
Purvi G. Patel (admitted *pro hac vice*)
pchronis@mwe.com
eherrington@mwe.com
ppatel@mwe.com
McDERMOTT WILL & EMERY LLP
227 West Monroe, Suite 4400
Chicago, IL 60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700

Attorneys for Defendants
ORBITZ, LLC, TRIP NETWORK, INC. (D/B/A CHEAPTICKETS), and
INTERNETWORK PUBLISHING CORP. (D/B/A LODGING.COM)

Brian S. Stagner (*pro hac vice* application forthcoming)
J. Chad Arnette (*pro hac vice* application forthcoming)
Stacy S. Russell (admitted *pro hac vice*)
brian.stagner@khh.com
chad.arnette@khh.com
stacy.russell@khh.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102
Telephone: (817) 878-3561
Facsimile: (817) 878-9761

Attorneys for Defendants
TRAVELOCITY.COM, L.P. and SITE59.COM, LLC

-2-

Defendants' Response to the City's *Ex Parte*

The City of Oakland's *ex parte* effort to obtain purported "clarification" of the Court's November 6, 2007 Order dismissing the City's Complaint in its entirety with prejudice is improper. However, the Defendants do not oppose the modification of the Court's Order as sought by the City.

The Northern District of California has set forth a specific rule governing the propriety and appropriateness of *ex parte* applications, and the City's application in no way complies with that rule. Local Rule 7-10 provides that an *ex parte* motion is appropriate "only if a statute, Federal Rule, local rule or Standing Order authorizes the filing of an *ex parte* motion." Further, Local Rule 7-10 requires that an *ex parte* motion "include a citation to the statute, rule or order which permits the use of an *ex parte* motion to obtain the relief sought." The City's application fails these requirements, as it does not specify any statute, rule or order that permits the filing of an *ex parte* motion seeking clarification of a dispositive ruling by the Court. For this reason alone, the City's *ex parte* request is improper.

The rules limiting *ex parte* motions are well-founded, as the judicial process is, by its very nature, adversarial, and an *ex parte* motion is an exceptional procedure defined by the Local Rule 1-5 as being one "without the advance knowledge or contemporaneous participation of all other parties." The participation of other parties is important and serves the interest of the Court by allowing the parties to serve as a check on each other while permitting a full briefing of the issues presented. For example, the knowledge that opposing papers will be submitted discourages sloppy, inaccurate citations to cases that may occur, as they did in the City's request, when a party goes outside the normal judicial process and rushes to get an issue before the Court. The City's hurried request includes citation to an unpublished opinion not be cited as authority, *Robinson v. Daniels*, 139 Fed. Appx. 822 (9th Cir. 2005) and misleading citation of dicta from other opinions.[1] Such hurried briefing does not serve the Court well, especially where, as here, the City has stated no basis for circumventing the normal briefing process.

---

[1] For example, the City cites *Broam v. Bogan*, 320 F.3d 1023, 1025 n.1 (9th Cir. 2003) for the proposition that "where not leave to amend is granted, the effect of a dismissal without prejudice is to end the litigation in the court involved, but not to act as an adjudication on the merits." However, such issue was not before the Court in *Broam*, and such proposition, to the extent stated, was mere prefatory dicta in a footnote.

Defendants' Response to the City's *Ex Parte*

Moreover, though cast as a "Request for Clarification" of the Court's Order, the City's filing is, in substance, a motion for modification or reconsideration of the Order. The Court's Order stated in clear terms that "[t]he complaint is dismissed with prejudice because it is clear that absent any actual assessment of tax liability against the Defendants, any amendment to the complaint would be futile." Order at 14. Thus, what the City really seeks is not clarification, but a modification of the Order from being a dismissal of the Complaint with prejudice to a dismissal without prejudice, but without leave to amend.

The City should have sought any such relief through a properly noticed motion and not through an *ex parte* "Request for Clarification." In either event, however, the City should have met and conferred with the Defendants regarding the relief it seeks from the Court. *See* the Court's Standing Order for Civil Cases Rule 5. But the City failed to contact the Defendants to inquire as to their willingness to agree to the modification (or clarification) of Court's Order to provide that Defendants' Motion to Dismiss the Complaint is granted without leave to amend, but without prejudice to the City filing a new complaint if, and when, the City can allege it has exhausted the administrative process mandated by the Ordinance. Had the City so contacted Defendants, Defendants would have agreed to stipulate to such a modification (or clarification) of the Order.

Dated: November 14, 2007        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

　　　　　　　　　　　　　　　　 /s/ Darrel J. Hieber
　　　　　　　　　　　　　　　　DARREL J. HIEBER
　　　　　　　　　　　　　　　　Attorneys for Defendants
　　　　　　　　　　　　　　　　priceline.com Incorporated, Travelweb LLC
　　　　　　　　　　　　　　　　and Lowestfare.com Incorporated

Dated: November 14, 2007        JONES DAY

　　　　　　　　　　　　　　　　 /s/ Craig E. Stewart
　　　　　　　　　　　　　　　　CRAIG E. STEWART
　　　　　　　　　　　　　　　　Attorneys for Hotels.com, L.P. and Expedia, Inc.

Dated: November 14, 2007        McDERMOTT WILL & EMERY LLP

　　　　　　　　　　　　　　　　 /s/ Matthew Oster
　　　　　　　　　　　　　　　　MATTHEW OSTER
　　　　　　　　　　　　　　　　Attorneys for Orbitz, LLC, Trip Network, Inc. (d/b/a
　　　　　　　　　　　　　　　　CheapTickets), and Internetwork Publishing Corp. (d/b/a
　　　　　　　　　　　　　　　　Lodging.com)

-2-
Defendants' Response to the City's *Ex Parte*

Dated: November 14, 2007                    KELLY HART & HALLMAN LLP

                                                             /s/ Stacy S. Russell
                                          STACY S. RUSSELL
                                          Attorneys for Travelocity.com, L.P. and Site59.com, LLC

### ATTESTATION UNDER GENERAL ORDER 45

I, DARREL J. HIEBER, hereby declare pursuant to General Order 45 that I have obtained the concurrence in the filing of this document from each of the other signatories listed above.

I hereby attest that the foregoing attestation is true and corrected.

Executed on November 14, 2007, in Los Angeles, California.

                                          /s/ Darrel J. Hieber
                                          Darrel J. Hieber

# CERTIFICATE OF SERVICE

*City of Oakland, California v. Hotels.com, L.P., et al.*
Case No. : 4:07-CV-03432-SBA

    I, the undersigned, state that I am employed in the City and County of Los Angeles, State of California; that I am over the age of eighteen (18) years and not a party to the within action; that I am employed at Skadden, Arps, Slate, Meagher & Flom LLP, 300 South Grand Avenue, 34th Floor, Los Angeles, California 90071; and that on **November 14, 2007**, I served a true copy of:

**DEFENDANTS' RESPONSE TO THE CITY OF OAKLAND'S
*EX PARTE* REQUEST FOR CLARIFICATION OF
COURT'S ORDER DATED NOVEMBER 6, 2007**

by the following means of service:

**BY E-FILE & SERVE**: I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have e-served the foregoing documents.

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    Executed on **November 14, 2007**, at Los Angeles, California.

                                          /s/ Dwight Hines
                                          DWIGHT HINES