**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

CITY OF OAKLAND,

        Plaintiff,

  v.

HOTELS.COM, L.P., *et al.*,

        Defendants.

No. C 07-3432 SBA

**ORDER**

[Docket No. 46]

Before the Court is plaintiff City of Oakland's *ex parte* request for clarification of this Court's November 6, 2007 order [Docket No. 46]. The City of Oakland asserted in its complaint that ten online travel companies failed to remit to the City tax revenue in violation of the City of Oakland's Transient Occupancy Tax Ordinance, OAKLAND, CAL., MUNICIPAL CODE ch. 4.24 *et seq.*

On November 6, 2007, the Court granted the defendants' motion to dismiss the complaint because the plaintiff failed to exhaust its administrative remedies. *See* Docket No. 45. Oakland did not allege that it actually assessed any tax against the defendants, that it made any attempt to determine what if any amount of taxes the defendants owe, or that it demanded the defendants pay any tax and that the defendants have failed to do so. The Court granted the motion to dismiss with prejudice because it was clear that, absent exhaustion, the complaint could not be saved by any amendment. *See Sparling v. Daou*, 411 F.3d 1006, 1013 (9th Cir. 2005), *cert. denied*, 126 S. Ct. 1335 (2006); *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

In its *ex parte* motion for clarification, the "Plaintiff respectfully requests that the Court clarify its order to state that Plaintiff's complaint is dismissed without prejudice to filing a new action once Plaintiff has exhausted its administrative remedies." Docket No. 46, at 2.

The defendants object to the *ex parte* motion. Under Civil Local Rule 7-10:

> Unless otherwise ordered by the assigned Judge, a party may file an *ex parte* motion, that is, a motion filed without notice to opposing party, only if a statute, Federal Rule, local rule or Standing Order authorizes the filing of an *ex parte* motion in the circumstances and the party has complied with the applicable provisions allowing the party to approach the Court on an *ex parte* basis. The motion must include a citation to the statute, rule or order which permits the use of an *ex parte* motion to obtain the relief sought.

1  The defendants point out that the plaintiff does not cite any "statute, Federal Rule, local rule or Standing
2  Order authoriz[ing] the filing of an *ex parte* motion [under] the circumstances." Thus, the *ex parte*
3  motion is improper. Because the *ex parte* motion was not authorized, the Local Rules required a duly
4  noticed motion. The plaintiff's request was not so noticed.

5  In addition, the plaintiff did not meet and confer with the defendants before filing this motion.
6  Under this Court's Standing Order Number 5, "All parties are expected to meet and confer before filing
7  any motion before this court." The importance of the meet and confer requirement is confirmed here.
8  In response to the plaintiff's *ex parte* motion, the defendants state that "[h]ad the City so contacted
9  Defendants, Defendants would have agreed to stipulate to such a modification (or clarification) of the
10  Order." Docket No. 47, at 2.

11  For these reasons, plaintiff City of Oakland's *ex parte* request for clarification of this Court's
12  November 6, 2007 order [Docket No. 46] is DENIED.

13  IT IS SO ORDERED.

14
15  January 25, 2008                              _____
                                                  Saundra Brown Armstrong
16                                                United States District Judge

17
18
19
20
21
22
23
24
25
26
27
28

2